JS 44 (Rev. 12/07) (cand rev 1-16-08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

## I. (a) PLAINTIFFS

Kansas International Ltd., a Hong Kong corporation

## DEFENDANTS

Brian Moore Custom Guitars, Inc., a corporation form unkown, and iGuitar, Inc., a Delaware corporation

**(b)** County of Residence of First Listed Plaintiff  Hong Kong
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  Putnam County, New York
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Otto O. Lee, John V. Mejia, and Margaux A. Aviguetero
INTELLECTUAL PROPERTY LAW GROUP LLP
12 S First St, 12th Floor
San Jose, CA 95113

Attorneys (If Known)

C08    03120    BZ

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government
Plaintiff

☒ 3  Federal Question
(U.S. Government Not a Party)

☐ 2  U.S. Government
Defendant

☐ 4  Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)   and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury — | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☒ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | | | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | **LABOR** | **SOCIAL SECURITY** | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | Act | ☐ 862 Black Lung (923) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| | | | ☐ 740 Railway Labor Act | | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | | Act |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff | ☐ 900 Appeal of Fee |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | or Defendant) | Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | **IMMIGRATION** | ☐ 871 IRS—Third Party | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | ☐ 462 Naturalization Application | 26 USC 7609 | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | ☐ 463 Habeas Corpus – | | ☐ 950 Constitutionality of |
| | Other | | Alien Detainee | | State Statutes |
| | ☐ 440 Other Civil Rights | | ☐ 465 Other Immigration | | |
| | | | Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original
Proceeding

☐ 2 Removed from
State Court

☐ 3 Remanded from
Appellate Court

☐ 4 Reinstated or
Reopened

☐ 5 Transferred from
another district
(specify)

☐ 6 Multidistrict
Litigation

☐ 7 Appeal to District
Judge from
Magistrate
Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 U.S.C. §§ 1051 et seq.

Brief description of cause:
Request for declaratory judgment of non-infringement of trademark and for an order cancelling a registered mark

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE
"NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)
(PLACE AND "X" IN ONE BOX ONLY)

☐ SAN FRANCISCO/OAKLAND    ☒ SAN JOSE

DATE
June 27, 2008

SIGNATURE OF ATTORNEY OF RECORD
*Margaux A. Aviguetero*

1   OTTO O. LEE, SBN 173987
    olee@iplg.com
2   JOHN V. MEJIA, SBN 167806
    jmejia@iplg.com
3   MARGAUX A. AVIGUETERO, SBN 244767 .
    maviguetero@iplg.com
4   INTELLECTUAL PROPERTY LAW GROUP LLP
    12 South First Street, Twelfth Floor 
5   San Jose, California 95113
    Telephone: (408) 286-8933
6   Facsimile: (408) 286-8932

7   Attorneys for Plaintiff
    KANSAS INTERNATIONAL LTD.

8

FILED

2008 JUN 27 P ~ 09

RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA. S J.

ADR



9               THE UNITED STATES DISTRICT COURT

10              FOR THE NORTHERN DISTRICT OF CALIFORNIA

11

12  KANSAS INTERNATIONAL LTD., a Hong Kong   Case No.:
    corporation,
                                            C 08    03120   BZ
13                                           COMPLAINT FOR:
        Plaintiff,
14                                           **(1) DECLARATORY JUDGMENT OF**
                                                 **NON-INFRINGEMENT;**
15      v.                                   **(2) DECLARATORY JUDGMENT OF**
                                                 **NON-FALSE DESIGNATION OF**
16                                               **ORIGIN;**
    BRIAN MOORE CUSTOM GUITARS, INC., a      **(3) DECLARATORY JUDGMENT OF**
17  corporation form unknown, and IGUITAR, INC., a   **INVALIDITY AND**
    Delaware corporation,                        **UNENFORCEABILITY OF**
18                                               **TRADEMARK;**
        Defendants.                          **(4) CANCELLATION OF FEDERAL**
19                                               **TRADEMARK REGISTRATION;**
                                                 **AND**
20                                           **(5) UNFAIR COMPETITION (California**
                                                 **Business and Professions Code § 17200**
21                                               *et seq.*)**

22                                           **JURY TRIAL DEMANDED**

23

24      Plaintiff Kansas International Ltd. ("Kansas"), for its Complaint against Defendants, Brian

25  Moore Custom Guitars, Inc. ("BMCG") and iGuitar, Inc. ("iGuitar"), alleges as follows:

26                          **NATURE OF THE ACTION**

27      1.      This action is based on the trademark laws of the United States, Title 15 of the United

28  States Code, sections 1051 *et seq.* BMCG has asserted that Kansas infringes BMCG's United States

INTELLECTUAL PROPERTY LAW GROUP LLP
12 South First Street, Twelfth Floor
San Jose, California 95113

- 1 -

1    Trademark Registration No. 2319117 for the stylized wording iGUITAR (the "IGUITAR Mark

2    Registration").    True and correct copies of the electronic records for the IGUITAR Mark

3    Registration are attached hereto as Exhibit 1.   The IGUITAR Mark is used on products sold by

4    iGuitar, who represents itself as BMCG.   Kansas now seeks judicial declaration that it does not

5    infringe the IGUITAR Mark and the IGUITAR Mark Registration and that BMCG's IGUITAR

6    Mark is invalid and unenforceable.  Kansas further requests the Court to cancel BMCG's IGUITAR

7    Mark Registration because the IGUITAR Mark is generic, abandoned, maintained at the United

8    States Patent and Trademark Office (the "USPTO") by fraud.

9        2.        Kansas also raises an unfair competition claim arising under the laws of the State of

10   California, Cal. Bus. & Prof. Code § 14330 et seq., and Cal. Bus. & Prof. Code §17200 *et seq.*

11                                    **THE PARTIES**

12       3.        Plaintiff Kansas is a foreign corporation based in Hong Kong.

13       4.        On information and belief, Defendant BMCG is a dissolved corporation now

14   operating as iGuitar, Inc.  On information and belief, BMCG existed under the laws of the State of

15   New York, with its principal place of business at South Patterson Business Park, Route 22, Brewster,

16   New York, 10509.

17       5.        On information and belief, iGuitar is a corporation existing under the laws of the

18   State of Delaware, with its principal place of business at 290 Main Street, Suite #3, Cold Spring,

19   New York, 10516.   iGuitar's registered agent as listed with the Delaware Secretary of State is

20   located at 615 South Dupont Highway, Dover, Delaware, 19901.

21                                    **JURISDICTION**

22       6.        This is a civil action regarding allegations of trademark infringement arising under

23   the trademark laws of the United States, Title 15 of the United States Code, sections 1051 *et seq.*, in

24   which Kansas seeks declaratory relief under the Declaratory Judgment Act.   Thus, the Court has

25   subject matter jurisdiction over this action pursuant to 15 U.S.C. §§ 1119, 1121 and 28 U.S.C. §§

26   1331, 1338, 2201, and 2202.  This Court also has subject matter jurisdiction over state and common

27   law claims pursuant to 28 U.S.C. § 1338(b), and the principles of supplemental jurisdiction pursuant

28   to 28 U.S.C. § 1367.

- 2 -

1    7.    The Court has personal jurisdiction over BMCG and iGuitar because BMCG and

2    iGuitar have established certain minimum contacts with California such that the exercise of personal

3    jurisdiction over BMCG and iGuitar would not offend traditional notions of fair play and substantial

4    justice.    BMCG and iGuitar have and continue to conduct business in the State of California and

5    within the Northern District of California.

6                                               **VENUE**

7    8.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because the Court has

8    personal jurisdiction over BMCG and iGuitar.

9                                  **INTRADISTRICT ASSIGNMENT**

10   9.    This is an Intellectual Property Action subject to district-wide assignment under Civil

11   Local Rule 3-2(c).

12                                    **FACTUAL BACKGROUND**

13   10.    Kansas specializes in the design and manufacture of musical instruments, including

14   guitars under the brand "Burswood."    Kansas has been using the "Burswood" mark for guitars in

15   interstate commerce since as early as 1995.    By virtue of Kansas' extensive use, advertising, and

16   promotion of the "Burswood" mark, the "Burswood" mark operates as an exclusive designation of

17   origin of goods, and as symbols of the goodwill and excellent reputation of Kansas' business.    By

18   reason of Kansas' continuous use of the "Burswood" mark and extensive advertising thereof, the

19   "Burswood" mark has acquired distinctiveness and a secondary meaning to purchasers.    Consumers

20   who purchase guitars under the "Burswood" mark understand that those guitars originate exclusively

21   from Kansas.

22   11.    During a brief period of time in 2007, Kansas sold and shipped in the U.S. a specific

23   line of guitars under the stylized mark "i-Guitar@burswood." See Exhibit 2.    Due to business and

24   marketing decisions, Kansas discontinued shipping guitars in the U.S. under the "i-

25   Guitar@burswood" mark in December 2007.

26   12.    On information and belief, BMCG was a manufacturer of guitars and, about 2006,

27   BMCG dissolved.

28

INTELLECTUAL PROPERTY LAW GROUP LLP
12 South First Street, Twelfth Floor
San Jose, California 95113

- 3 -

**Complaint for: (1) Declaratory Judgment of Non-Infringement of Trademark; (2) Declaratory Judgment of Non-False Designation of Origin; (3) Declaratory Judgment of Invalidity and Unenforceability of Trademark; (4) Cancellation of Federal Trademark Registration; and (5) Unfair Competition**

13.     On information and belief, iGuitar, a company related to BMCG, is a manufacturer of guitars, including a series of guitars under the brand "iGuitar," and is the only entity currently manufacturing and selling guitars using the IGUITAR Mark.

14.     BMCG claims to be the rightful owner of the IGUITAR Mark and the IGUITAR Mark Registration for stringed musical instruments, namely, acoustic and electric guitars and basses. BMCG's IGUITAR Mark Registration is in stylized form, in a specific and distinct font with all letters capitalized except for the letter "i." See Exhibit 1.

15.     BMCG's alleged IGUITAR Mark Registration was registered on February 15, 2000. BMCG filed a Combined Declaration of Use and Incontestability under Sections 8 and 15 of Lanham Act (15 U.S.C. §§ 1058 and 1065) on February 7, 2006.

16.     BMCG contends that it is the prior user of the IGUITAR Mark.

17.     BMCG contends that it has been using the IGUITAR Mark in commerce continuously since 1998 in connection with its acoustic and electric guitars and basses.

18.     On May 28, 2008, BMCG notified Kansas of the IGUITAR Mark Registration and demanded that Kansas cease and desist from the use of the IGUITAR Mark.

19.     BMCG contends that Kansas' use of the "i-Guitar@burswood" mark for its guitar products constitutes infringement of BMCG's IGUITAR Mark under 15 U.S.C. § 1114, unfair competition and false designation of origin under 15 U.S.C §1125(a).

20.     BMCG further contends that Kansas willfully and intentionally infringed the IGUITAR Mark and the IGUITAR Mark Registration.

21.     Kansas denies BMCG's allegations of trademark infringement, unfair competition, and false designation of origin.

22.     Kansas' contends that there is no likelihood of confusion between its "i-Guitar@burswood" mark and BMCG's alleged IGUITAR Mark and IGUITAR Mark Registration. Kansas' "i-Guitar@burswood" mark consists of an entirely different style and font, includes a hyphen between the letter "i" and the word "Guitar," and all letters are in lower case except for the letter "G." See Exhibit 2. In addition, Kansas' "i-Guitar@burswood" mark contains the source identifier "@burswood." The "Burswood" mark is a well-known brand of Kansas' musical

INTELLECTUAL PROPERTY LAW GROUP LLP
12 South First Street, Twelfth Floor
San Jose, California 95113

- 4 -

1    instruments, specifically guitars. Kansas' subsidiary company, Legendary Sound International Ltd.,

2    owns the BURSWOOD federal trademark registration (Registration No. 2624996) and federal

3    trademark application (Serial No. 77008183). Kansas has control over the use of the "Burswood"

4    mark and the sale of Burswood guitars by Legendary Sound International Ltd. Thus, consumers

5    who are familiar with Kansas' use of the "Burswood" mark would know that the guitars sold under

6    the "i-Guitar@burswood" mark originates from Kansas.

7         23.    Kansas is unclear as to who is the rightful owner of the IGUITAR Mark and the

8    IGUITAR Mark Registration. BMCG claims to have continuously used the IGUITAR Mark since

9    1998, however, on information and belief, BMCG ceased to exist sometime in 2006. Thus, BMCG,

10    a dissolved corporation, can no longer assert any intellectual property rights against Kansas.

11    Further, on information and belief, iGuitar is currently the only entity utilizing the IGUITAR Mark.

12    On information and belief, iGuitar's website, www.iguitar.com, reflects that iGuitar refers to itself as

13    "Brian Moore Guitars" and advertises guitars under the IGUITAR mark. See Exhibit 3.

14    Nonetheless, Kansas is unclear as to the relationship between BMCG and iGuitar.

15         24.    At the time Kansas received BMCG's letter dated May 28, 2008, Kansas had already

16    ceased marketing and selling guitars under the mark "i-Guitars@burswood."

17         25.    On information and belief, BMCG and iGuitar have failed to use the IGUITAR Mark

18    as depicted in the IGUITAR Mark Registration.

19         26.    On information and belief, BMCG abandoned the IGUITAR Mark and the IGUITAR

20    Mark Registration. BMCG and iGuitar have not used the IGUITAR Mark in the same way and style

21    as it has been depicted in the IGUITAR Mark Registration for more than three consecutive years,

22    since at least February 2006. The IGUITAR Mark displayed in connection with the guitars on

23    iGuitar's website is significantly different than the IGUITAR Mark Registration such that the overall

24    impression and the commercial impression of the IGUITAR Mark used in commerce is materially

25    different than the overall and commercial impression of the IGUITAR Mark Registration.

26    Furthermore, the IGUITAR Mark displayed on BMCG and iGuitar's guitars, including the guitar

27    packaging, is significantly different than the IGUITAR Mark Registration such that the overall

28    impression and the commercial impression of the IGUITAR Mark used in commerce is materially

**Complaint for: (1) Declaratory Judgment of Non-Infringement of Trademark; (2) Declaratory Judgment of Non-False Designation of Origin; (3) Declaratory Judgment of Invalidity and Unenforceability of Trademark; (4) Cancellation of Federal Trademark Registration; and (5) Unfair Competition**

1  different than the overall and commercial impression of the IGUITAR Mark Registration. See

2  Exhibit 4.

3      27.    The IGUITAR Mark used on BMCG and iGuitar's guitars, including the guitar

4  packaging and advertising material, is significantly different than Kansas' i-Guitars@burswood"

5  mark, and there is no likelihood of confusion between the marks.

6      28.    Kansas contends that BMCG fraudulently filed a Combined Declaration of Use and

7  Incontestability under Section 8 and 15 of Lanham Act on February 7, 2006 (the "Combined

8  Declaration") claiming that the IGUITAR Mark was in use in interstate commerce despite the fact

9  that BMCG had and has not used the IGUITAR Mark as it was depicted in the IGUITAR Mark

10 Registration. BMCG and iGuitar have been using the IGUITAR mark in a materially different font

11 and styling and creates significantly different overall and commercial impression comparing to the

12 IGUITAR Mark Registration.

13     29.    Furthermore, on information and belief, at the time BMCG filed the Combined

14 Declaration, BMCG was a dissolved company with no entity and did not have the capacity to file a

15 Combined Declaration.

16     30.    On information and belief, Kansas contends that the fraudulent filing of the

17 Combined Declaration was made knowingly and intentionally by BMCG to induce reliance of the

18 USPTO, and the USPTO was induced to by BMCG to maintain the IGUITAR Mark Registration.

19 Had the USPTO been aware of the false and fraudulent Combined Declaration it would have not

20 maintained the IGUITAR Mark Registration and the IGUITAR Mark Registration would have been

21 cancelled.

22     31.    On information and belief, Kansas contends that BMCG and iGuitar intentionally

23 used a federal trademark registration notice on advertising material, packaging, and guitar products

24 for the IGUITAR Mark which is, in fact, not a federally registered trademark and significantly

25 different in overall and commercial impression than the IGUITAR Mark registration.    Kansas

26 contends that this was done to deceive the public, leading them to believe that the IGUITAR Mark

27 used in connection with the guitars is a federally registered trademark.

28

- 6 -

**Complaint for: (1) Declaratory Judgment of Non-Infringement of Trademark; (2) Declaratory Judgment of Non-False Designation of Origin; (3) Declaratory Judgment of Invalidity and Unenforceability of Trademark; (4) Cancellation of Federal Trademark Registration; and (5) Unfair Competition**

1    32.    Kansas further contends that BMCG and iGuitar have no trademark rights in the

2    IGUITAR Mark because it is merely generic, descriptive, and non-distinctive. Therefore, the

3    IGUITAR Mark Registration is invalid and unenforceable.

4    33.    In further correspondences with Kansas' counsel on June 9, June 16, and June 24,

5    2008, BMCG expressly threatened Kansas with civil litigation for trademark infringement, unfair

6    competition, and false designation of origin for Kansas' alleged past use of the IGUITAR Mark.

7    34.    BMCG's conduct has placed Kansas under a reasonable apprehension that Kansas

8    will be sued for infringement of trademark rights allegedly owned by BMCG, as well as for unfair

9    competition and false designation of origin.

10    35.    BMCG's accusations of trademark infringement have caused, and will continue to

11    cause, damage to Kansas.

12    36.    Accordingly, an actual controversy exists between Kansas, BMCG, and iGuitar as to

13    whether Kansas' manufacture, use, or sale of its guitars sold under the "i-Guitar@burswood" mark

14    infringes BMCG's alleged IGUITAR Mark and IGUITAR Mark Registration. In addition, an actual

15    controversy exists as to whether the IGUITAR Mark Registration is valid. Absent a declaration of

16    non-infringement of trademark, a declaration of invalidity and unenforceability of trademark, and an

17    order canceling the IGUITAR Mark Registration, BMCG will continue to wrongly assert rights

18    under the IGUITAR Mark and the IGUITAR Mark Registration against Kansas, and thereby cause

19    Kansas irreparable harm.

20    37.    Further, Kansas seeks declaratory relief as to who is/was the rightful owner of the

21    IGUITAR Mark and the IGUITAR Mark Registration.

22

23                              **FIRST CAUSE OF ACTION**

24                **Declaratory Judgment of Non-Infringement of Trademark**

25                              **Against BMCG and iGuitar**

26    38.    Kansas realleges and incorporates by reference paragraphs 1 through 37 of this

27    Complaint as though fully set forth herein.

28

- 7 -

**Complaint for: (1) Declaratory Judgment of Non-Infringement of Trademark; (2) Declaratory Judgment of Non-False Designation of Origin; (3) Declaratory Judgment of Invalidity and Unenforceability of Trademark; (4) Cancellation of Federal Trademark Registration; and (5) Unfair Competition**

1    39.    BMCG contends that guitars imported, made, used, sold, or offered for sale by
2    Kansas under the "i-Guitar@burswood" mark infringe the IGUITAR Mark and the IGUITAR Mark
3    Registration.

4    40.    Kansas denies BMCG's contentions and alleges that Kansas' guitars sold under the
5    "i-Guitar@burswood" mark do not directly or indirectly infringe the IGUITAR Mark and the
6    IGUITAR Mark Registration.

7    41.    On information and belief, BMCG is likely to continue its accusations of trademark
8    infringement against Kansas for Kansas' use of the "i-Guitar@burswood" mark.

9    42.    On information and belief, iGuitar, who represents itself as BMCG and offers for sale
10   and sells BMCG's guitars, is the only current user of the IGUITAR Mark and will accuse trademark
11   infringement against Kansas for Kansas' use of the "i-Guitar@burswood" mark.

12   43.    BMCG's accusations of trademark infringement have caused, and will continue to
13   cause, damage to Kansas.

14   44.    An actual controversy thus exists between Kansas, BMCG, and iGuitar as to whether
15   Kansas use of the "i-Guitar@burswood" mark infringes upon the IGUITAR Mark and IGUITAR
16   Mark Registration.

17   45.    Accordingly, Kansas seeks and is entitled to a judgment against BMCG that it does
18   not infringe and has not infringed, directly or indirectly, contributorily or by inducement of
19   IGUITAR Mark and IGUITAR Mark Registration.

20

21                          **SECOND CAUSE OF ACTION**

22             **Declaratory Judgment of Non-False Designation of Origin**

23                          **Against BMCG and iGuitar**

24   46.    Kansas realleges and incorporates by reference paragraphs 1 through 45 of this
25   Complaint as though fully set forth herein.

26   47.    Kansas contends that its i-Guitar@burswood mark is significantly different than the
27   IGUITAR Mark and the IGUITAR Mark Registration as to appearance, sound, and commercial
28   impression.

- 8 -

**Complaint for: (1) Declaratory Judgment of Non-Infringement of Trademark; (2) Declaratory Judgment of Non-False Designation of Origin; (3) Declaratory Judgment of Invalidity and Unenforceability of Trademark; (4) Cancellation of Federal Trademark Registration; and (5) Unfair Competition**

INTELLECTUAL PROPERTY LAW GROUP LLP
12 South First Street, Twelfth Floor
San Jose, California 95113

48.    Kansas' use of the i-Guitar@burswood mark is not likely to cause confusion, cause mistake, or deceive as to affiliation or association with the origin, sponsorship, or approval of its guitars with BMCG or iGuitar's guitars.

49.    Kansas contends that it has not made any misrepresentation in advertising of its guitar as to nature, character, quality, or geographic origin of its guitars or BMCG's or iGuitar's products.

50.    BMCG's accusations of unfair competition and false designation under 15 U.S.C §1125(a) have caused, and will continue to cause, damage to Kansas.

51.    An actual controversy thus exists between Kansas, BMCG, and iGuitar as to whether Kansas use of the "i-Guitar@burswood" mark constitutes unfair competition and false designation of origin upon the IGUITAR Mark and IGUITAR Mark Registration.

52.    Accordingly, Kansas seeks and is entitled to a judgment against BMCG that it does not infringe and has not infringed, directly or indirectly, contributorily or by inducement of IGUITAR Mark and IGUITAR Mark Registration.

### THIRD CAUSE OF ACTION

**Declaratory Judgment of Invalidity and Unenforceability of Trademark**

**Against BMCG and iGuitar**

53.    Kansas realleges and incorporates by reference paragraphs 1 through 52 of this Complaint as though fully set forth herein.

54.    Kansas contends that the IGUITAR Mark does not function as a trademark because the IGUITAR Mark is generic and, to the very least, merely descriptive. Generic marks are not registrable on either the Principle or Supplemental Registers and merely descriptive marks are not registrable on the Principle Register pursuant to 15 U.S.C. § 1052(e). Accordingly, the IGUITAR Mark, for use with acoustic and electric guitars and basses, is incapable of exclusive appropriation as a trademark and should not be afforded with trademark protection.

55.    On information and belief, BMCG is a dissolved company and has abandoned the IGUITAR Mark due to non-use of the mark upon dissolution and, therefore, has no rights in the IGUITAR Mark and IGUITAR Mark Registration.

**Complaint for: (1) Declaratory Judgment of Non-Infringement of Trademark; (2) Declaratory Judgment of Non-False Designation of Origin; (3) Declaratory Judgment of Invalidity and Unenforceability of Trademark; (4) Cancellation of Federal Trademark Registration; and (5) Unfair Competition**

INTELLECTUAL PROPERTY LAW GROUP LLP
12 South First Street, Twelfth Floor
San Jose, California 95113

1  56. On information and belief, BMCG and iGuitar have abandoned the IGUITAR Mark
2  and IGUITAR Mark Registration because they have not used the IGUITAR Mark in interstate
3  commerce as depicted in the IGUITAR Mark Registration for at least three consecutive years. Thus,
4  BMCG and iGuitar have no trademark rights in the IGUITAR Mark and the IGUITAR Mark
5  Registration is invalid and unenforceable.

6  57. On information and belief, BMCG fraudulently filed the Combined Declaration.
7  Thus, the Combined Declaration is invalid and the IGUITAR Mark Registration did not become
8  incontestable.

9  58. On information and belief, BMCG's trademark rights in and to the IGUITAR Mark
10  are unenforceable due to its unclean hands and misuse in asserting infringement of trademark rights
11  beyond that which it knows are valid and enforceable.

12  59. On information and belief, BMCG is likely to continue its accusations of trademark
13  infringement against Kansas for Kansas' use of the "i-Guitar@burswood" mark.

14  60. BMCG and iGuitar should not be allowed to prevent Kansas from advertising and
15  describing its products with the mark "i-Guitar@burswood."

16  61. On information and belief, iGuitar, who represents itself as BMCG and sells BMCG
17  guitars, is the only current user of the IGUITAR Mark and will accuse Kansas for trademark
18  infringement for Kansas' use of the "i-Guitar@burswood" mark.

19  62. BMCG's accusations of infringement and threat of litigation regarding the IGUITAR
20  Mark Registration have created a reasonable apprehension that Kansas will be subject to liability if it
21  continues to use the "i-Guitar@burswood" mark.

22  63. BMCG's accusations of trademark infringement have caused, and will continue to
23  cause, damage to Kansas.

24  64. Accordingly, Kansas seeks and is entitled to a judgment against BMCG and iGuitar
25  that the IGUITAR Mark and the IGUITAR Mark Registration is invalid and unenforceable.
26  //
27  //
28  //

- 10 -

**Complaint for: (1) Declaratory Judgment of Non-Infringement of Trademark; (2) Declaratory Judgment of Non-False Designation of Origin; (3) Declaratory Judgment of Invalidity and Unenforceability of Trademark; (4) Cancellation of Federal Trademark Registration; and (5) Unfair Competition**

INTELLECTUAL PROPERTY LAW GROUP LLP
12 South First Street, Twelfth Floor
San Jose, California 95113

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## FOURTH CAUSE OF ACTION

### Cancellation of United States Trademark Registration No. 2319117

### Due to Genericness Against BMCG

65. Kansas realleges and incorporates by reference paragraphs 1 through 64 of this Complaint as though fully set forth herein.

66. An actual controversy exists between Kansas and BMCG as to whether the IGUITAR Mark Registration is valid and enforceable.

67. Kansas contends that the IGUITAR Mark does not function as a trademark because the IGUITAR Mark is generic, and, at the very least, merely descriptive. Generic marks are not registrable on either the Principle or Supplemental Registers and the merely descriptive marks are not registrable on the Principle Register pursuant to 15 U.S.C. § 1052(e). Accordingly, the IGUITAR Mark, for use with acoustic and electric guitars and basses, is incapable of exclusive appropriation as a trademark, and therefore should not be afforded with trademark protection. Thus, BMCG does not own any trademark rights in the IGUITAR Mark and the IGUITAR Mark Registration is invalid and unenforceable.

68. The continued existence of the IGUITAR Mark registration casts a cloud upon Kansas' right to use the "i-Guitar@burswood" mark in commerce. Such registration is a source of damage and injury to Kansas.

69. On information and belief, BMCG is likely to continue its accusations of trademark infringement against Kansas for Kansas' use of the "i-Guitar@burswood" mark.

70. On information and belief, iGuitar, who represents itself as BMCG and sells BMCG guitars, is the only current user of the IGUITAR Mark and will accuse Kansas for trademark infringement for Kansas' use of the "i-Guitar@burswood" mark.

71. BMCG's accusations of infringement and threat of litigation regarding the IGUITAR Mark Registration have created a reasonable apprehension that Kansas will be subject to liability if it continues to using the "i-Guitar@burswood" mark.

72. BMCG's accusations of trademark infringement have caused, and will continue to cause, damage to Kansas.

Complaint for: (1) Declaratory Judgment of Non-Infringement of Trademark; (2) Declaratory Judgment of Non-False Designation of Origin; (3) Declaratory Judgment of Invalidity and Unenforceability of Trademark; (4) Cancellation of Federal Trademark Registration; and (5) Unfair Competition

73. Accordingly, Kansas seeks and is entitled to an Order against BMCG canceling the IGUITAR Mark Registration under 15 U.S.C. §§ 1052(e), and 1119, and 1064(3) based on the merely descriptive, generic, and non-distinctive nature of the IGUITAR Mark.

## FIFTH CAUSE OF ACTION

### Cancellation of United States Trademark Registration No. 2319117

### Due to Abandonment Against BMCG

74. Kansas realleges and incorporates by reference paragraphs 1 through 73 of this Complaint as though fully set forth herein.

75. An actual controversy exists between Kansas and BMCG as to whether the IGUITAR Mark Registration is valid and enforceable.

76. BMCG is a dissolved company and has abandoned the IGUITAR Mark due to non-use of the mark upon dissolution.

77. BMCG and iGuitar has abandoned the IGUITAR Mark due to non-use with the intent to not use the IGUITAR mark.

78. BMCG and iGuitar have abandoned the IGUITAR Mark and IGUITAR Mark Registration because they have not used the IGUITAR Mark in interstate commerce as depicted in the IGUITAR Mark Registration for at least three consecutive years. BMCG and iGuitar has been using a materially different IGUITAR mark in interstate commerce than the mark depicted in the IGUITAR Mark Registration. Further, BMCG and iGuitar had and has no intention to use the IGUITAR mark as depicted in the IGUITAR Mark Registration. Therefore, they have no trademark rights in the IGUITAR Mark and the IGUITAR Mark Registration is invalid and unenforceable.

79. On information and belief, BMCG is likely to continue its accusations against Kansas for trademark infringement for Kansas' use of the "i-Guitar@burswood" mark.

80. On information and belief, iGuitar, who represents itself as BMCG and sells BMCG guitars, is the only current user of the IGUITAR Mark and will accuse trademark infringement against Kansas for Kansas' use of the "i-Guitar@burswood" mark.

Complaint for: (1) Declaratory Judgment of Non-Infringement of Trademark; (2) Declaratory Judgment of Non-False Designation of Origin; (3) Declaratory Judgment of Invalidity and Unenforceability of Trademark; (4) Cancellation of Federal Trademark Registration; and (5) Unfair Competition

INTELLECTUAL PROPERTY LAW GROUP LLP
12 South First Street, Twelfth Floor
San Jose, California 95113

1    81.    BMCG's accusations of infringement and threat of litigation regarding the IGUITAR

2  Mark Registration have created a reasonable apprehension that Kansas will be subject to liability if it

3  continues to use the "i-Guitar@burswood" mark.

4    82.    BMCG's accusations of trademark infringement have caused, and will continue to

5  cause, damage to Kansas.

6    83.    Accordingly, Kansas seeks and is entitled to an Order against BMCG canceling the

7  IGUITAR Mark Registration under 15 U.S.C. §§ 1119, and 1064(3) based on abandonment of the

8  IGUITAR Mark.

9

10    ## SIXTH CAUSE OF ACTION

11    **Cancellation of United States Trademark Registration No. 2319117**

12    **Due to Fraud Against BMCG**

13    84.    Kansas realleges and incorporates by reference paragraphs 1 through 83 of this

14  Complaint as though fully set forth herein.

15    85.    An actual controversy exists between Kansas and BMCG as to whether the IGUITAR

16  Mark Registration is valid and enforceable.

17    86.    On information and belief, BMCG filed a false and fraudulent Combined Declaration

18  on February 7, 2006.

19    87.    On information and belief, BMCG claimed that it was the true owner of the

20  IGUITAR Mark and IGUITAR Mark Registration.  BMCG claimed that it was using, or using

21  through a related company or licensee, the IGUITAR Mark in connection with all goods listed in the

22  IGUITAR Mark Registration.

23    88.    On information and belief, BMCG also falsely and fraudulently claimed in the

24  Combined Declaration that the IGUITAR Mark has been continuously in use "in commerce for five

25  consecutive years after the date registration."

26    89.    On information and belief, BMCG, or its related companies or licensees, were not

27  using the IGUITAR Mark in commerce at the time of the filing of the Combined Declaration.

28

- 13 -

INTELLECTUAL PROPERTY LAW GROUP LLP
12 South First Street, Twelfth Floor
San Jose, California 95113

1    90.    On information and belief, BMCG and iGuitar were not using the IGUITAR Mark as

2    it was depicted in the IGUITAR Mark Registration in interstate commerce at the time of the filing of

3    the Combined Declaration. On information and belief, BMCG and iGuitar still do not use the

4    IGUITAR Mark as depicted in the IGUITAR Mark Registration in interstate commerce. Further,

5    BMCG and iGuitar had and have no intention to use the IGUITAR Mark as depicted in the

6    IGUITAR Mark Registration.

7    91.    On information and belief, at the time of the filing of the Combined Declaration,

8    BMCG was dissolved and did not have capacity to file the Combined Declaration.

9    92.    On information and belief, at the time of the filing of the Combined Declaration,

10   BMCG was not the owner of the IGUITAR Mark and the IGUITAR Mark Registration and did not

11   have any trademark rights in the IGUITAR Mark and the IGUITAR Mark Registration.

12   93.    On information and belief, BMCG knowingly made the false and fraudulent

13   Combined Declaration with the intention that the USPTO would rely upon the same.

14   94.    On information and belief, had the USPTO been aware of the false and fraudulent

15   Combined Declaration it would have not maintained the IGUITAR Mark Registration and the

16   IGUITAR Mark Registration would have been cancelled.

17   95.    On information and belief, BMCG is likely to continue its accusations against Kansas

18   for trademark infringement for Kansas' use of the "i-Guitar@burswood" mark.

19   96.    On information and belief, iGuitar, who represents itself as BMCG and sells BMCG

20   guitars, is the only current user of the IGUITAR Mark and will accuse Kansas for trademark

21   infringement for Kansas' use of the "i-Guitar@burswood" mark.

22   97.    BMCG's accusations of infringement and threat of litigation regarding the IGUITAR

23   Mark Registration have created a reasonable apprehension that Kansas will be subject to liability if it

24   continues to use the "IGUITAR" wording.

25   98.    BMCG's accusations of trademark infringement have caused, and will continue to

26   cause, damage to Kansas.

27

28

INTELLECTUAL PROPERTY LAW GROUP LLP
12 South First Street, Twelfth Floor
San Jose, California 95113

- 14 -

**Complaint for: (1) Declaratory Judgment of Non-Infringement of Trademark; (2) Declaratory Judgment of Non-False Designation of Origin; (3) Declaratory Judgment of Invalidity and Unenforceability of Trademark; (4) Cancellation of Federal Trademark Registration; and (5) Unfair Competition**

1    99.    Accordingly, Kansas seeks and is entitled to an Order against BMCG canceling the

2    IGUITAR Mark Registration under 15 U.S.C. §§ 1119, and 1064(3) based on the fraudulent filing of

3    the Combined Declaration.

4

5    ## SEVENTH CAUSE OF ACTION

6    ### Unfair Competition

7    ### (California Business and Professions Code §17200 *et seq.*) against BMCG

8    100.    Kansas realleges and incorporates by reference paragraphs 1 through 99 of this

9    Complaint as though fully set forth herein.

10    101.    On information and belief, BMCG asserts trademark rights in IGUITAR Mark and

11    IGUITAR Mark registration in bad faith to drive Kansas out of the guitar industry in the U.S.

12    102.    On information and belief, BMCG asserts trademark rights in the IGUITAR Mark

13    and the IGUITAR Mark Registration even though it does not have any trademark rights in IGUITAR

14    Mark and IGUITAR Mark Registration.

15    103.    On information and belief, BMCG's threats of litigation against Kansas was made by

16    the intention to intimidate Kansas and cause apprehension not to compete in commerce with BMCG

17    or iGuitar, who represents itself as BMCG and sells BMCG guitars.

18    104.    As set forth above, BMCG's acts constitute unfair competition in violation of Cal.

19    Bus. & Prof. Code § 17200 *et seq.*  These wrongful acts have proximately caused and will continue

20    to cause Kansas substantial injury, including but not limited to loss of profits, customer confusion,

21    injury to its goodwill and reputation, and diminution in value of its protected works and marks, all in

22    violation of federal and state law as identified in this Complaint.

23    105.    As set forth above, BMCG's acts of unfair competition have caused Kansas to sustain

24    monetary damage, loss and injury, in an amount to be determined according to proof at trial.

25    106.    BMCG's acts of unfair competition, unless enjoined by this Court, will continue to

26    cause Kansas to sustain irreparable damage, loss and injury, for which Kansas has no adequate

27    remedy at law.

28    //

INTELLECTUAL PROPERTY LAW GROUP LLP
12 South First Street, Twelfth Floor
San Jose, California 95113

**Complaint for: (1) Declaratory Judgment of Non-Infringement of Trademark; (2) Declaratory Judgment of Non-False Designation of Origin; (3) Declaratory Judgment of Invalidity and Unenforceability of Trademark; (4) Cancellation of Federal Trademark Registration; and (5) Unfair Competition**

INTELLECTUAL PROPERTY LAW GROUP LLP
12 South First Street, Twelfth Floor
San Jose, California 95113

## EIGHTH CAUSE OF ACTION

### Declaratory Relief

### Against BMCG and iGuitar

107.    Kansas realleges and incorporates by reference paragraphs 1 through 106 of this Complaint as though fully set forth herein.

108.    Defendant is unclear as to who the rightful owner is of the IGUITAR Mark and the IGUITAR Mark Registration.

109.    BMCG claims to have continuously used the IGUITAR Mark since 1998, however, on information and belief, BMCG ceased to exist sometime in 2006. Thus, BMCG, a dissolved corporation, can no longer assert any intellectual property rights against Kansas.

110.    On information and belief, iGuitar is currently the only entity utilizing the IGUITAR Mark and its IGUITAR Mark is significantly different as to overall and commercial impression than the IGUITAR Mark Registration.

111.    On information and belief, Kansas believes that iGuitar, who represents itself as BMCG and sells BMCG guitars, is related to BMCG. iGuitar's website reflects that iGuitar also refers to itself as "Brian Moore Guitars." On information and belief, BMCG dissolved and re-structured as iGuitar. Nonetheless, Kansas is unclear as to the relationship between BMCG and iGuitar.

112.    As such, there is a genuine dispute as to whether BMCG can rightfully assert trademark rights in the IGUITAR Mark and the IGUITAR Mark Registration against Kansas or any other third party.

113.    On information and belief, BMCG is likely to continue its accusations against Kansas for trademark infringement for Kansas' use of the "i-Guitar@burswood" mark.

114.    On information and belief, iGuitar, who represents itself as BMCG and sells BMCG guitars, is the only current user of the IGUITAR Mark and will accuse Kansas for trademark infringement for Kansas' use of the "i-Guitar@burswood" mark.

Complaint for: (1) Declaratory Judgment of Non-Infringement of Trademark; (2) Declaratory Judgment of Non-False Designation of Origin; (3) Declaratory Judgment of Invalidity and Unenforceability of Trademark; (4) Cancellation of Federal Trademark Registration; and (5) Unfair Competition

1    115.   BMCG's accusations of infringement and threat of litigation regarding the IGUITAR

2  Mark Registration have created a reasonable apprehension that Kansas will be subject to liability if it

3  continues to use the "IGUITAR" wording.

4    116.   BMCG's accusations of trademark infringement have caused, and will continue to

5  cause, damage to Kansas.

6    117.   Accordingly, Kansas seeks declaratory relief and is entitled to a judgment declaring

7  whether BMCG is the rightful owner in the IGUITAR Mark and the IGUITAR Trademark

8  Registration.

9

10              **DEMAND FOR JURY TRIAL**

11    Plaintiff hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil

12  Procedure.

13              **PRAYER FOR RELIEF**

14    WHEREFORE, Kansas prays for relief against BMCG as follows:

15    A.   A declaration that Kansas does not infringe the IGUITAR Mark and the IGUITAR

16  Mark Registration;

17    B.   A declaration that BMCG' alleged IGUITAR Mark and IGUITAR Mark Registration

18  is invalid and unenforceable;

19    C.   An Order canceling registration of BMCG IGUITAR Mark Registration under 15

20  U.S.C. § 1119;

21    D.   A declaration of whether BMCG is the rightful owner of the IGUITAR Mark and the

22  IGUITAR Mark Registration;

23    E.   An Order permanently enjoining BMCG and iGuitar from asserting or threatening to

24  assert infringement of the IGUITAR Mark and the IGUITAR Mark Registration against Kansas,

25  from engaging in acts or conduct which suggests in any way that BMCG or iGuitar has the right to

26  curtail any activity of Kansas, and from prosecuting any action in any other Court to prevent Kansas

27  from using the IGUITAR wording;

28    F.   An award of costs and attorneys' fees to Kansas; and

- 17 -

**Complaint for: (1) Declaratory Judgment of Non-Infringement of Trademark; (2) Declaratory Judgment of Non-False Designation of Origin; (3) Declaratory Judgment of Invalidity and Unenforceability of Trademark; (4) Cancellation of Federal Trademark Registration; and (5) Unfair Competition**

INTELLECTUAL PROPERTY LAW GROUP LLP<br>12 South First Street, Twelfth Floor<br>San Jose, California 95113

1     G.     Such other and further relief as the Court deems just and reasonable.

2
Dated: June 27, 2008                                    INTELLECTUAL PROPERTY LAW
3                                                       GROUP LLP

4

5                                                       By: _____
6                                                           Otto O. Lee
                                                            John V. Mejia
7                                                           Margaux A. Aviguetero
                                                            Intellectual Property Law Group LLP
8                                                           12 S. First St., 12th Floor
                                                            San Jose, California 95113
9                                                           Tel: (408) 286-8933
                                                            Fax: (408) 286-8932
10                                                          olee@iplg.com
                                                            jmejia@iplg.com
11                                                          maviguetero@iplg.com

12                                                          Attorneys for Plaintiff
                                                            KANSAS INTERNATIONAL LTD.
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 18 -

**Complaint for: (1) Declaratory Judgment of Non-Infringement of Trademark; (2) Declaratory Judgment of Non-False Designation of Origin; (3) Declaratory Judgment of Invalidity and Unenforceability of Trademark; (4) Cancellation of Federal Trademark Registration; and (5) Unfair Competition**

INTELLECTUAL PROPERTY LAW GROUP LLP
12 South First Street, Twelfth Floor
San Jose, California 95113

# EXHIBIT 1

Int. Cl.: 15

Prior U.S. Cls.: 2, 21 and 36

Reg. No. 2,319,117

## United States Patent and Trademark Office

Registered Feb. 15, 2000

### TRADEMARK
### PRINCIPAL REGISTER

# iGUITAR

BRIAN MOORE CUSTOM GUITARS, INC.
(NEW YORK CORPORATION)
SOUTH PATTERSON BUSINESS PARK
ROUTE 22
BREWSTER, NY 10509

FOR: STRINGED MUSICAL INSTRUMENTS, NAMELY, ACOUSTIC AND ELECTRIC GUI-TARS AND ACOUSTIC AND ELECTRIC BASSES, IN CLASS 15 (U.S. CLS. 2, 21 AND 36). FIRST USE 8-11-1998; IN COMMERCE 8-11-1998.

SER. NO. 75-632,901, FILED 2-1-1999.

BARBARA GAYNOR, EXAMINING ATTOR-NEY

# EXHIBIT 2



# EXHIBIT 3

http://www.iguitar.com/aboutus.asp

Brian Moore Guitars - About Us





**Brian Moore Guitars**

Custom Shop
Limited Edition
Recently Shipped
Audio Samples
iGuitar
iGuitar Video and Info
i2000 Series
i2000 Basses
i1000 Series
Discontinued Models

What's Happening
Test Drive Events
Instrument Registration
Owner Manuals
Order Catalog/CD
Accessories
Dealer Finder
Artists
Compatible Products
Support/FAQ
Contact Us
Home

## About Us

## A Brief History of Brian Moore Guitars

1. Start up period
2. Custom Shop expansion period
3. iGuitar and i2000 expansion period
4. About the iGuitar

### Start up period

Brian Moore Guitars was founded in June of 1992 by Patrick Cummings, President, Brian Moore and Kevin Kalagher.

The first part of Brian Moore Guitars history begins in 1991, when Brian Moore, who was working as an assistant to Ned Steinberger, at Steinberger Sound, met Patrick Cummings, who was hired by Gibson Guitars, as General Manager of several Gibson divisions including Steinberger.

Brian Moore, a non-guitarist, had began at Steinberger several years earlier after completing his education Furniture Design. He began doing basic production work at Steinberger and gradually moved towards the 'manufacturing engineering' area of Steinberger, assisting Ned Steinberger in design and tooling projects.

Patrick Cummings was hired by Gibson Guitars in 1991 as General Manager of 'Gibson Labs' which included the Tobias, Oberheim and Impulse divisions as well as Steinberger. He is a skilled and versatile guitarist with a background in Electrical Engineering and Business Management.

The second part of Brian Moore Guitars history also occurs in 1991 when Patrick Cummings met Kevin Kalagher, who owned a successful commercial business in Connecticut who was doing printing work for Steinberger. In addition to being a successful businessman, Kevin Kalagher is also a serious musical instrument collector.After doing several printing projects for Steinberger, Kevin Kalagher approached Patrick Cummings and wanted to 'buy' the Steinberger division from Gibson. Gibson was not interested. Later, when Gibson moved Steinberger from New York to Nashville, Brian Moore did not want to make the move, he spoke with Patrick about a "design concept" for a guitar.

Brian Moore Guitars - About Us

http://www.iguitar.com/aboutus.acp

Patrick called Kevin Kalagher about a start up opportunity. The next day, Patrick, Kevin and Brian met and discussed the idea. Patrick wrote a business plan. Kevin agreed to provide the start up capital. In addition to funding the company, Kevin Kalagher is a creative driving force behind the many innovations at Brian Moore Guitars. He inspired Brian and Patrick to 'create something new' in the guitar industry while pushing the company towards the 'high end custom market'. He is constantly asking the question "Why not?" and always said "There are no rules."

The first year and half of the companies existence was spent in the R&D and experimental phase, testing different composite materials and wood combinations. The goal was to find the perfect balance between wood and composites for a completely new instrument. Much time was spent to develop the specialized tools, jigs, fixtures and production methods for manufacturing.

**Custom Shop expansion period**

The Company was originally conceived as a manufacturer of high end custom made electric guitars that blended the "strength and sustain" of advanced composite materials with "tone and beauty" of wood, specifically, highly figured wood tops.

The first instrument design was the MC/1, a joint design effort between Moore and Cummings, (hence the "MC" model name). Brian created an ergonomic neck thru 'form' made of advanced composite materials with a simple curved top. Kevin Kalagher continued to push the company towards the 'high end' guitar business. He encouraged to Patrick refine the design of the guitar for the most discriminating players. Only the highest figured tops were used and only using the finest components such as Seymour Duncan pickups, Sperzel tuners and Wilkinson vibratos. Other design refinements include the "innovative rear output jack" and "sculpted headstock".

After looking at a variety of guitars in the market, the original Brian Moore headstock design was lacking. After much discussion and experimentation, Patrick suggested to keep the original shape but 'create the illusion' of a different headstock by leaving a sculpted area of the natural wood showing on the face of the heartsick (just as it is done to create 'natural wood binding"). This resulted in the current trademark "sculpted" headstock design.

In September of 1993 the company tested their idea at a small guitar show in NYC. The original marketing plan was to sell direct to the consumer. The response from the players was great.

In October of 1993 the company attended a second guitar show in NYC. The

response from the Dealers and International Distributors convinced them that they should change the business plan from selling direct to the customer and attend the NAMM show in California, setting up a USA Dealer and International Distributor Network.

The company was officially launched at the 1994 NAMM show and began to build their Dealer and Distributor network. In mid 1994 the company hired production manager and inlay specialist Ray Memmel. Ray has created many 'original' inlay designs that are available in the "Custom Shop".

By mid 1995, dealers, who liked the MC/1 design, began asking for an "all wood version" at lower prices points. Most guitarists are still very traditional and prefer the tone of an all wood instrument.

The company introduced the "all wood bolt-on" C-Series guitars at the 1996 NAMM show. The C-Series echo many of the innovative designs including the "comfort contoured top", "sculpted headstock" and innovative output jack location. The C-Series guitars quickly became over 80% of the companies sales.

Late in 1996 the company introduced the RMC Piezo and Polydrive system. This 13pin system uses the piezo pickups as the MIDI or hex pickup for use with the Roland type 13 pin guitar synths. This was the beginning of the 'technology direction' for Brian Moore Guitars.The customer response to the models with Piezo and 13 pin technology was fantastic.

In January of 1997 Patrick Cummings teamed up with luthier and musician Tom Doyle, (longtime associate, luthier and sound engineer for the legendary Les Paul) to create the DC/1 model, an elegant single cutaway design that blended some of Toms' design ideas with the comfort contoured top and sculpted headstock.

Also in January 1997, Patrick Cummings teamed up with world famous bass designer Michael Tobias to create the TC/4 and TC/5 bass models. In addition, in 1997 Left handed models were introduced on the C-Series guitars at no extra cost.

The Custom Shop bodies and necks are cut out on CNC machines with very exacting tolerances. Each guitar hand is made from that point on "the old fashioned way", each wood top is hand picked and only the highest figured tops are used. They each receive a hand rubbed stain to enhance the wood grain and make it'pop'. Many hours are spent as the instruments are sprayed and sanded and buffed. There is a detailed checklist for each area of the production cycle specifically the final assembly and QC. areas. Each guitar receives a final setup including hand cutting the nut within 1/1000th of an inch for flawless intonation.

http://www.iguitar.com/aboutus.asp

Brian Moore Guitars - About Us

Brian Moore has spent many years building their reputation for guitars that are set up and play incredibly well out of the box.

The "Custom Shop" continues to offer a wide variety of inlay guitars, "Fine Art" hand painted guitars, "Corporate Marketing" guitars and even "Special Graphic" designs.

As the company grew in 1998 and 1999, many retailers and customers who could not afford the custom shop guitar began to ask for a "more affordable or import" version of the Custom Shop designs.

## The iGuitar and i2000 expansion period

The company continued to receive requests for a more affordable or import version of the Custom Shop designs.After evaluating samples from several Korean factories the company learned that there had been a lot of progress in the area of "precision manufacturing" and "quality control" on products manufactured in certain factories in Korea.

The company began to develop a vision of a truly versatile and affordable version of its' Custom Shop models with Piezo and 13pin capabilities.

The goal was to create a guitar with highly figured tops, excellent finishing and fret work, use 'real' Seymour Duncans, Sperzel tuners and target a price point at about 1/3 the price of Custom Shop guitars.

Patrick Cummings had a vision for the ultimate affordable 'technology based guitar' and thought "iGuitar" would be a great name. The company immediately filed for "iGuitar" trademark. (Many guitarists are still very traditional and shy away from guitars with technology. The iGuitar name seemed less threatening to the traditional guitarist, so they would be more likely to try one since it wasn't called the "MIDI-XYZ Guitar controller.) The company received the "iGuitar" trademark in USA, Japan and other countries. The affordable import guitars with piezo and 13pin capability would be called "iGuitar" or iGuitar.13. The standard models without piezo and 13pin would make up the rest of the i2000 Series.

Every i2000 and iGuitar include many of the features of the more expensive Custom Shop guitars including the "comfort contoured top", "sculpted headstock" and innovative rear output jack.The Seymour Duncan pickups are the pickups of choice and are the same as the Custom Shop models, neck: Alnico II humbucker, middle, Alnico II single, bridge, JB.

One of the major advantages of the i2000 series is very i2000 and iGuitar is inspected, set-up and shipped from the Brewster, NY, Custom Shop facility.

## The i2000 Series begins with model i1.

The i1 is based on the original MC/1 design but is an all wood, neck thru design, 22 fret, HSH, with tremelo, ivoroid binding and gold hardware ($1495 list).

The i1f is the same as i1 but with Floyd rose trem and 24 frets.

The i2 is a single cutaway, set neck design, 22frets, tunomatic bridge, ivoroid binding and gold hardware ($1395 list).

The i2p is the as i2 but features the RMC piezo for true acoustic tone. ($1695 list)

Thr i2000 series features a four string bass model i4 ($1395 list) and five string bass model i5 ($1395 list). Both feature a 3 piece neck thru design, lightweight Ash body, 34" scale 24 fret neck and active electronics.

The i8 ($995 list) is the most affordable bolt-on in the i2000 series and include a 22 fret maple neck, HH. fixed bridge and chrome hardware.

The i8p is the same as i8 but features the RMC piezo for true acoustic tone. ($1295 list)

The i9 ($1195 list) is the top of the line bolt-on in the i2000 series and isbased on the Custom Shop model C-90, it includes a 22 fret maple neck, HSH, standard trem and gold hardware.

The i9f is the same as i9 but with Floyd rose trem and 24 frets.

The i9p is the same as i9 but features the RMC piezo for true acoustic tone. ($1495 list)

The i9.7 is a 7 string version of the i9 ($1195 list) but with HH configuration and black hardware.

The iGuitar.5 models originally featured true 5 pin midi system manufacture by Midiaxe but they were discontinued due to supply problems from Virtual DSP the manufacturers of the Midiaxe system.

The iGuitar.13 models are by far the most popular and are available in the style of i2 as model iGuitar2.13 ($1695 list) and in the style of i8 as iGuitar8.13 ($1395 list).

Based on requests from many guitarists that were seeking an even more

affordable 13pin type guitar, the company introduced model iGuitar88.13 ($1095 list) at the 2000 Nashville NAMM show. This model is the based on the 8.13 but has a plain mahogany or solid black top, standard tuning machines and import magnetic pickups. It is designed for the player who wants all three systems of magnetic, piezo and 13 pin but is on a limited budget and can do without the fancy figured wood top, Duncans and Sperzels.

On the business side of things, in December of 1999, the company hired music industry veteran Larry G. Volland as executive VP of worldwide sales and marketing, to launch the i2000 guitars at the 2000 LA NAMM show. Susi Cummings took over the operations and telemarketing effort. Several independent rep firms were appointed and the dealer base began to grow.

## About the iGuitar

When asked what is the iGuitar all about, Patrick Cummings, Brian Moore president says, "We are putting guitar players back to work!" What is meant by this is, that with the iGuitar.13 models and latest Roland synths, guitarists now have all the tools they need to compete for the higher paying work in the music industry that was once only available to keyboard players. They can record keyboard sounds, strings, horns, flutes and a variety of other synth sounds and even blend them with the magnetic output and piezo acoustic outputs. It is an extremely versatile guitar and an extraordinary value.

These 'blended' sounds allow the guitarist to create new and interesting colors and even a unique voice to stand out in a world where many guitarists have the exact same tone.

We are bringing the guitarist into the modern digital recording studio. This includes writing and recording jingles, music for radio TV, cable and movie soundtracks. With the "iGuitar", one of the latest Roland synths (GR-33 etc), guitarists can control any MIDI studio. The only limits are your musical creativity and 'business persistence". Good luck!

Copyright 2000-2003 Brian Moore Guitars, Inc. All Right Reserved.

**Phone** ✆ ▾ **800-795-PLAY**    *    ✉ ▾ **845-809-5347**    *    **Fax 845-808-5348**

Welcome to Brian Moore Guitars



Brian Moore Guitars®

$\mathcal{M}$

Custom Shop

Guitar

2000

2000 Basses

1000

What's Happening | Order Catalog/CD | Accessories | Dealer Finder | Artists | Contact Us
Custom Shop - Recently Shipped | Limited Edition | Audio Samples | FAQ
Test Drive Events | iGuitar Video and Info

Privacy Notice

Copyright 2007 iGuitar, Inc. All Rights Reserved.
**Phone 845-809-5347 * Fax 845-808-5348**

Brian Moore Guitars - Contact Us



# Contact Us

**Brian Moore Guitars**

Custom Shop
Limited Edition
Recently Shipped
Audio Samples
iGuitar
iGuitar Video and Info
i2000 Series
i2000 Basses
i1000 Series
Discontinued Models

What's Happening
Test Drive Events
Instrument Registration
Owner Manuals
Order Catalog/CD
Accessories
Dealer Finder
Artists
Compatible Products
Support/FAQ
Contact Us
Home

About Brian Moore Guitars

iGuitar, Inc.
290 Main Street - Suite #3
Cold Spring, NY 10516

Shipping:
iGuitar, Inc.
290 Main Street - Suite #3
Cold Spring, NY 10516

Phone: 845-809-5347
Fax: 845-808-5348

General Email: info@iguitar.com

If you know what department you would like to contact, you may contact them directly by emailing the appropriate address below!

i2000 Tech support - i2000techsupport@iguitar.com
iGuitar Tech support - iGuitartechsupport@iguitar.com
Custom Shop Tech support - customshoptechsupport@iguitar.com
Customer Service - customerservice@iguitar.com
Sales - sales@iguitar.com
Info on becoming a dealer - dealerinfo@iguitar.com
Info on becoming an international distributor - intsales@iguitar.com
Artist Relations - artistrelations@iguitar.com
President - president@iguitar.com

Problems with this website? Please email our webmaster!

Employment Opportunities

Brian Moore Guitars - Contact Us

Employment Opportunities are available at Brian Moore Guitars. Please send your resume, salary history and a few reference letters to:

jobs@iguitar.com

Copyright 2000-2003 Brian Moore Guitars, Inc. All Right Reserved.
Phone 800-795-PLAY * 845-809-5347 * Fax 845-808-5348

# EXHIBIT 4





