John Karl Buche (SBN 239477)
BUCHE & ASSOCIATES, P.C.
875 Prospect Street, Suite 305
La Jolla, California 92037
Phone: (858) 812-2840
Facsimile: (858) 392-9262
Email: jbuche@westerniplaw.com

Attorneys for Defendant,
IGUITAR, INC.

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA

KANSAS INTERNATIONAL LTD,
a Hong Kong Corporation,

      Plaintiff,

      v.

BRIAN MOORSE CUSTOM GUITARS, INC.,
a corporation form unknown, and

IGUITAR, INC.,
a Delaware Corporation,

      Defendants.

Case No. C 08-03120-BZ

**DEFENDANT IGUITAR, INC.'S FIRST AMENDED NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO F.R.C.P. 12(B) AND 28 U.S.C. §1404(a)**

Judge: Hon. Bernard Zimmerman
Date: Wednesday, September 3, 2008
Time: 10:00 a.m.
Place: 15th Floor, Courtroom G, Federal Building
     450 Golden Gate Avenue
     San Francisco, CA 94102.

## NOTICE OF MOTION

Please take notice that Defendant IGUITAR, Inc. will bring this motion for hearing before this court on Wednesday, September 3, 2008, at 10:00 a.m., at Courtroom G., 15th Floor, Federal Building, 450 Golden Gate Avenue, San Francisco, CA 94102

/ / / / /

/ / / / /

/ / / / /

1

## TABLE OF CONTENTS

**TABLE OF AUTHORITIES** ............................................................................................ **3**

**I.      INTRODUCTION** ............................................................................................ **4**

**II.     STATEMENT OF FACTS** ............................................................................. **4**

The Parties ........................................................................................................ 4

IGI's Intellectual Property ............................................................................... 5

Kansas's Intentional and Unlawful Conduct ................................................. 6

IGI Sends Cease and Desist Correspondence ............................................... 7

**III.    ARGUMENT & AUTHORITIES** ................................................................ **8**

A.   Kansas's Declaratory Judgment Action Is Not Entitled to First-to-File Status over the
Natural Action in New York ........................................................................ 8

B.   The Southern District of New York Is a More Convenient Venue ................................. 10

**IV.    CONCLUSION** ............................................................................................ **11**

**CERTIFICATE OF SERVICE** ............................................................................... **12**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1

## <u>TABLE OF AUTHORITIES</u>

2

**Cases**

3
4
*Alltrade, Inc. v. Uniweld Products, Inc.,*
    946 F.2d 622, 623 (9th Cir.1991) ............................................................ 8, 9

5
*Charles Schwab & Co. v. Duffy,*
    49 U.S.P.Q.2d 1862, 1864 (N.D.Cal.1998) ............................................ 9, 10

6
7
*DeFeo v. Procter & Gamble Co.,*
    831 F.Supp. 776, 778 (N.D.Cal.1993) ..................................................... 9, 10

8
*Gribin v. Hammer Galleries,*
    793 F.Supp. 233, 234-35 (C.D.Cal.1992) ...................................................... 10

9
10
*Guthy-Renker Fitness, L.L.C. v. Icon Health & Fitness, Inc.,*
    179 F.R.D. 264, 271 (C.D.Cal.1998) ...................................................... 9, 10

11
*Norwood v. Kirkpatrick,*
    349 U.S. 29, 32 (1955) .................................................................................. 11

12
13
*Pacesetter Systems, Inc. v. Medtronic, Inc.,*
    678 F.2d 93, 95 (9th Cir. 1982) ........................................................................ 8

14
15
*Riviera Trading Corp. v. Oakley, Inc.,*
    944 F.Supp. 1150, 1158 (S.D.N.Y.1996) ................................................. 9, 10

16
*Ward v. Follett Corp.,*
    158 F.R.D. 645, 648 (N.D.Cal.1994) ..................................................... 8, 9, 10

17
18
*Z-Line Designs, Inc. v. Bell'O International LLC,*
    218 F.R.D. 663, 665 (N.D.Cal. 2003) ..................................................... 8, 9, 10

19

**Statutes**

20
21
15 U.S.C. §1051(a) .......................................................................................... 6

22
15 U.S.C. §1065 ............................................................................................... 5

23
15 U.S.C. §1115 ............................................................................................... 5

24
28 U.S.C. §1404(a) ............................................................................... 4, 10, 11

25
28 U.S.C. §2201 ............................................................................................. 10

26

**Rules**

27
Fed. R. Civ. P. 12(b) ................................................................................ 4, 11

28

---

3

1

2                                   I.     INTRODUCTION

3          Defendant IGUITAR, Inc. ("IGI")[1] hereby moves pursuant to Fed. R. Civ. P. 12(b) and

4   28 U.S.C. § 1404(a), for an order staying or dismissing the present action so that the natural

5   action pending in the United States District Court for the Southern District of New York (Civil

6   Action No. 08-CV-6365) (the "Natural Action") between the same parties and regarding the

7   same facts and issues can proceed.

8          As a direct response to IGI's cease and desist letter which expressly put Kansas

9   International Ltd. ("Kansas") on notice that a lawsuit for trademark infringement was imminent,

10  Kansas improperly raced to the courthouse and it filed this declaratory judgment action for the

11  sole, and improper, purpose of forum shopping.

12         The Natural Action based on Kansas's alleged infringement of the true plaintiff's

13  (IGuitar's) trademark rights in now pending in the Southern District of New York.  The Natural

14  Action was being filed by IGuitar nineteen (19) days after Kansas filed its improper anticipatory

15  filing.

16         Kansas' strategy of delaying IGI by engaging in substantive discussions with IGI while at

17  the same time concealing its race to the California courthouse for the sole purpose of forum

18  shopping should not be rewarded by permitting this declaratory action to proceed.  Accordingly,

19  the natural action in New York should have priority and the present declaratory judgment action

20  should be dismissed.

21                                  II.     STATEMENT OF FACTS

22                                        **The Parties**

23         IGI is a corporation organized and existing under the laws of Delaware, having its

24  principal place of business at 290 Main Street, Bldg. 3, Cold Spring, New York 10516.  IGI is

25  engaged, *inter alia*, in the business of manufacturing, distributing, and selling guitars and bass

26  ───────────────────

27  [1] On or about May 9, 2006, Brian Moore Guitars, Inc. merged into IGuitar, Inc., with IGuitar,
    Inc. as the sole surviving corporation.  Copies of the merger agreement, Delaware certificate of
    merger and New York certificate of merger are attached as Exhibit A to the Declaration of
28  Ronald S. Bienstock, submitted herewith (the "Bienstock Decl.").

                                              4

guitars.

Upon information and belief, Kansas is a Hong Kong Corporation, having an official address of L1 Unit 2, Mirror Tower, 61 Mody Road, TST, Kowloon, Hong Kong. [2]

## IGI's Intellectual Property

IGI is an industry leading manufacturer, distributor and seller of guitars and bass guitars that are specifically designed to directly interface via MIDI (Musical Instrument Digital Interface) under, *inter alia*, the federally registered and incontestable "IGUITAR (stylized)" trademark (Reg. No.: 2,319,117) (hereinafter, "IGUITAR ®") in Class 15. A copy of this trademark registration is attached as Exhibit B to the Bienstock Decl. IGI also manufactures, distributes and sells traditional guitars and bass guitars without MIDI capability, under different trademarks.

IGI's IGUITAR ® guitars and bass guitars utilize a combination of magnetic and piezo pickups to transmit the vibration of the strings. Unlike conventional guitars and bass guitars, IGI's IGUITAR ® guitars and bass guitars employ a 13-pin polydrive system to facilitate digital MIDI connectivity with a variety of synthesizers and MIDI capable devices. Thus, IGI's IGUITAR ® guitars and bass guitars are designed to function as MIDI controllers, which can be used to perform music in real time and transmit a MIDI data stream of the performance.

IGI's IGUITAR ® guitars and bass guitars also possess a traditional ¼ inch output signal jack which can be independently connected to: (i) a traditional magnetic amplifier for electric tonality; or (ii) a piezo acoustic amplifier for acoustic tonality. The foregoing signal output options can be used independently or simultaneously, allowing for limitless sound combinations.

IGI began selling its IGUITAR ® guitars and bass guitars in the United States in approximately August, 1998. IGI was granted a trademark registration by the United States Patent and Trademark Office ("USPTO") for IGUITAR ® on February 15, 2000, for stringed musical instruments, namely acoustic and electric guitars and acoustic and electric basses.

Pursuant to Sections 15 and 33 of the Lanham Act, 15 U.S.C. §§ 1065 and 1115, said

---

[2] Kansas does not supply this information in its complaint. IGI challenges the standing of Plaintiff to file suit in the California forum.

1    trademark registration constitutes prima facie evidence of (i) the validity of IGUITAR ®, (ii)

2    IGI's ownership of IGUITAR ®, and (iii) IGI's exclusive right to use IGUITAR ®.

3         Over the course of the past decade, IGI has continuously sold IGUITAR ® guitars and

4    bass guitars throughout the United States, including within the State of New York, at a variety of

5    retail locations and through direct sales to consumers.  IGI has invested substantial time, effort

6    and money to create a strong market and consumer recognition of IGUITAR ® guitars and bass

7    guitars.  IGI has widely promoted and advertised its IGUITAR ® guitars and bass guitars via a

8    variety of consumer and trade publications, online marketing at IGI's website, www.iguitar.com,

9    and as an exhibiter at industry trade shows (*i.e.*, the NAMM Show[3]).  IGI's IGUITAR ® guitars

10   and bass guitars are industry-renowned for their excellence and unique features.

11        As a result of the foregoing extensive and continuous usage of IGUITAR ® in United

12   States commerce, IGI has also acquired common-law rights to the term "IGUITAR" in a non-

13   stylized format (the "IGUITAR TM") (hereinafter, IGUITAR ® and IGUITAR TM are

14   collectively referred to as "IGUITAR Trademarks").  IGI's IGUITAR Trademarks enjoy an

15   extremely high degree of consumer recognition.

16                        **Kansas's Intentional and Unlawful Conduct**

17        Kansas is a foreign manufacturer of musical instruments, including guitars, under the

18   brand "Burswood," which it exports worldwide.

19        On December 12, 2006, Kansas's subsidiary company, Legendary Sound International,

20   Ltd., a British Virgin Island corporation (hereinafter, "Legendary Sound"), filed an application

21   with the USPTO for registration of the mark "I-GUITAR@BURSWOOD" on the Principal

22   Register, pursuant to Section 1(a) of the Lanham Act, 15 U.S.C. § 1051(a), a copy of which is

23   attached as Exhibit C to the Bienstock Decl.

24        According to USPTO records, on February 15, 2007, an "office action" was issued by the

25   trademark examiner which *rejected* Kansas's trademark application, *citing IGUITAR ® as a*

26   *blocking mark*, due to a likelihood of consumer confusion, a copy of which is attached as Exhibit

---

27
28

[3] The Winter NAMM show is considered the largest music product trade show in the world, held annually every January in Anaheim, CA.  Summer NAMM, a smaller trade show, is held in varying locations annually in June.

*CASE NO. C 08-03120 BZ*
**DEFENDANT'S FIRST AMENDED NOTICE OF MOTION**
**AND MOTION TO DISMISS**

D to the Bienstock Decl.

On September 14, 2007, the USPTO issued a Notice of Abandonment, indicating that Legendary Sound had failed to timely respond to the office action, a copy of which is attached as Exhibit E to the Bienstock Decl.

Despite the foregoing USPTO office action, specifically notifying Kansas of IGI's ownership of IGUITAR ®, in or about 2007, Kansas willfully and knowingly, manufactured, shipped and sold guitars in the United States under the mark "I-GUITAR@BURSWOOD (stylized)" (hereinafter, the "Defendant's Infringing Mark").

In approximately May, 2008, IGI became aware of Kansas's manufacture, distribution and sale of at least two guitar models, the JE-3SD and 42-239, which prominently display Kansas's Infringing Mark on the product packaging.

**IGI Sends Cease and Desist Correspondence**

On May 28, 2008, IGI, through counsel, sent "cease and desist" correspondence to Kansas, notifying Kansas of IGI's superior rights to the mark "IGUITAR," and asserting that Kansas's I-Guitar Mark constituted infringement of IGI's well-established trademark rights.  A copy of this letter is attached as Exhibit F to the Bienstock Decl.

On June 4, 2008, Aylin Demirci, Esq., responded on behalf of Kansas, indicating that her firm, Intellectual Property Law Group, LLC., represented the Defendant in this matter, and requested additional time to respond to Plaintiff's allegations, a copy of which is attached as Exhibit G to the Bienstock Decl.

On June 9, 2008, IGI replied to Ms. Demirci, reiterating the foregoing demand and requesting disclosure of the number units of Defendant's Infringing Goods shipped and sold in the United States, a copy of which is attached as Exhibit H to the Bienstock Decl.

On June 13, 2008, Kansas responded alleging that Kansas *had stopped* exporting Kansas's Infringing Goods at the end of December 2007 (implicitly admitting that it had done so until that date, at least), and generally denying IGI's allegations of infringement.  A copy of this letter is attached as Exhibit I to the Bienstock Decl.

In a letter dated June 16, 2008, IGI rejected Kansas position of non-infringement, a copy

of which is attached as Exhibit J to the Bienstock Decl.  On June 23, 2008, Kansas responded, stating that Kansas "considered this matter closed and all allegations in [IGI's] letters retracted" unless IGI responded by June 30, 2008.  A copy of this letter is attached as Exhibit K to the Bienstock Decl.

In a letter dated June 24, 2008 (the "June 24 Letter"), IGI again demanded that Kansas disclose the number of units Kansas shipped to the United States bearing the "IGuitar" mark, the dates on which Kansas started and stopped shipment of these units and proof of actual cessation of shipment by Friday June 27, 2008.  If Kansas failed to respond by the deadline, IGI's counsel expressly threatened litigation, stating that it had "been instructed by [IGI] to proceed with filing an action against [Kansas]."  A copy of the June 24 letter is attached as Exhibit L to the Bienstock Decl.

Three days later, without any response to IGI, Kansas filed this anticipatory action against IGI in the Northern District of California seeking a declaratory judgment for non-infringement of the IGUITAR Trademarks (the California Action).

On July 16, 2008, IGI filed suit against Kansas for trademark infringement in the United States District Court for the Southern District of New York.  A copy of the complaint is attached as Exhibit M to the Bienstock Decl.

### III.    ARGUMENT & AUTHORITIES

#### A.    Kansas's Declaratory Judgment Action Is Not Entitled to First-to-File Status over the Natural Action in New York

The general rule is that a district court, under the "first to file rule," may "transfer, stay or dismiss an action when a similar complaint has been filed in another federal court." *Z-Line Designs, Inc. v. Bell'O International LLC*, 218 F.R.D. 663, 665 (N.D.Cal. 2003), *citing Ward v. Follett Corp.*, 158 F.R.D. 645, 648 (N.D.Cal.1994); *Alltrade, Inc. v. Uniweld Products, Inc.*, 946 F.2d 622, 623 (9th Cir.1991).  There are three factors a court must consider: "(1) the chronology of the actions; (2) the similarity of the parties; and (3) the similarity of the issues." *Z-Line*, 218 F.R.D. at 665.  *See also Ward*, 158 F.R.D. at 648; *Alltrade*, 946 F.2d at 625-26; *Pacesetter Systems, Inc. v. Medtronic, Inc.*, 678 F.2d 93, 95 (9th Cir. 1982).

In the instant case, the "first to file" factors are all met:  (1) The California Action was filed nineteen (19) days before the Natural Action; (2) Kansas and IGI are the only actual parties in both actions[4]; and (3) both actions involve the same specific trademark infringement by Kansas.

However, and significantly, even if all three factors of the "first to file" rule are met, the Ninth Circuit recognizes an exception to the rule which provides that "[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation, does not counsel rigid mechanical solution of such problems.  The circumstances under which an exception to the first-to-file rule typically will be made include bad faith, anticipatory suit, and forum shopping." *Alltrade*, 946 F.2d at 627-28.

"A suit is anticipatory when the plaintiff filed upon receipt of specific, concrete indications that a suit by defendant was imminent." *Z-Line*, 218 F.R.D. at 665; *Ward*, 158 F.R.D. at 648; *Guthy-Renker Fitness, L.L.C. v. Icon Health & Fitness, Inc.*, 179 F.R.D. 264, 271 (C.D.Cal.1998).  Courts disfavor these anticipatory suits because they are merely forum shopping.  *See Z-Line*, 218 F.R.D. at 665.  Further, it is well-settled that "'[t]he Declaratory Judgment Act is not to be invoked to deprive a plaintiff of his conventional choice of forum and timing, precipitating a disorderly race to the courthouse.'"  *Id*., *quoting DeFeo v. Procter & Gamble Co.*, 831 F.Supp. 776, 778 (N.D.Cal.1993).  If the "first to file" rule were to be applied as a bright-line rule, pre-litigation settlement negotiations would be stifled and intellectual property holders would "file suit rather than communicate with an alleged infringer." *Z-Line*, 218 F.R.D. at 665; *See also Charles Schwab & Co. v. Duffy,* 49 U.S.P.Q.2d 1862, 1864 (N.D.Cal.1998); *Riviera Trading Corp. v. Oakley, Inc.*, 944 F.Supp. 1150, 1158 (S.D.N.Y.1996) (potential plaintiffs should be encouraged to attempt settlement discussions prior to filing lawsuits without fear of preemptive suit by defendant).

Further, where, as here, "a declaratory judgment action has been triggered by a cease and desist letter, equity militates in favor of allowing the second-filed action to proceed to judgment rather than the first." *Z-Line*, 218 F.R.D. at 665; *See also Riviera Trading Corp.*, 944 F.Supp. at

---

[4] Brian Moore Guitar, Inc. no longer exists as a corporation.  *See* Footnote 1.

1    1159; *Charles Schwab & Co.*, 49 U.S.P.Q.2d at 1864.

2         In its letter dated June 24, 2008 (the "June 24 Letter"), IGI's counsel expressly stated that

3    it had "been instructed by [IGI] to *proceed with filing an action* against [Kansas]" if Kansas

4    failed to provide certain information by July 27, 2008. *Three days later*, on the deadline date, in

5    obvious anticipation of IGI's filing the threatened action, without any response to IGI Kansas

6    filed the anticipatory California Action.

7         The June 24 Letter contains a specific, concrete statement that litigation was imminent.

8    Kansas filed its complaint *just three days* after receipt of the June 24 Letter. Accordingly, the

9    California Action is obviously nothing more that an improper anticipatory filing with the only

10   purpose of Kansas selecting the forum for this dispute, apparently because Kansas's counsel

11   practices within the state. *See Z-Line*, 218 F.R.D. at 665; *Ward*, 158 F.R.D. at 648; *Guthy-*

12   *Renker Fitness*, 179 F.R.D. at 271 (C.D.Cal.1998). Kansas's California Action is a blatant

13   misuse of 28 U.S.C. §2201. Kansas's race to the courthouse should not be rewarded by allowing

14   Kansas to deprive IGI, the natural plaintiff, its conventional choice of forum and timing. *See Z-*

15   *Line*, 218 F.R.D. at 218; *DeFeo*, 831 F.Supp. at 778; *Gribin v. Hammer Galleries*, 793 F.Supp.

16   233, 234-35 (C.D.Cal.1992).

17        As Kansas's filing of the California Action for *declaratory judgment* was a direct

18   response to IGI's *cease and desist letter*, as this Court has stated in *Z-Line*, equity demands that,

19   as the natural plaintiff, IGI's Natural Action should be allowed to proceed and the instant action

20   dismissed. *See Z-Line*, 218 F.R.D. at 665; *Riviera Trading Corp.*, 944 F.Supp. at 1159; *Charles*

21   *Schwab & Co.*, 49 U.S.P.Q.2d at 1864.

22        **B.    The Southern District of New York Is a More Convenient Venue**

23        Additionally, "[a] court may also relax the "first to file" rule if the balance of

24   convenience weighs in favor of the later-filed action." *Ward*, 158 F.R.D. at 648. 28 U.S.C.

25   §1404(a) states that "[f]or the convenience of parties and witnesses, in the interest of justice, a

26   district court may transfer any civil action to any other district or division where it might have

27   been brought." Further, the Supreme Court has noted that a 1404(a) transfer is available "upon a

28   lesser showing of inconvenience" than that required for a Forum non conveniens dismissal.

1    *Norwood v. Kirkpatrick*, 349 U.S. 29, 32 (1955).

2        IGI's principle place of business is located in the State of New York.  All of its

3    foreseeable potential witnesses reside in the State of New York and the documents and things

4    related to IGI's trademarks are located in the State of New York.  As a matter of convenience,

5    New York is the superior forum for this action.

6        Kansas is a Hong Kong corporation with no office or location within the United States.

7    As a result, Kansas cannot claim any convenience to itself outside of forum shopping.  Further,

8    the State of California does not have any interest at all in this matter and its courts should not be

9    so abused at the whim of a foreign corporation in these circumstances.

10        Accordingly, in the interest of justice and because Kansas cannot demonstrate that New

11    York is any less convenient a venue than is California, the instant case should be so that the

12    natural action pending in the Southern District of New York can proceed.

13                        **IV.        CONCLUSION**

14        For the reasons stated above, IGI's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)

15    and 28 U.S.C. §1404(a) should be granted.

16

17                                    Respectfully submitted,

18                                    **/s/ John Karl Buche**

19                                    John Karl Buche (SBN 239477)
                                     BUCHE & ASSOCIATES, P.C.

20                                    875 Prospect Street, Suite 305
                                     La Jolla, CA 92037

21                                    Tel 858.812.2840
                                     Fax 858.430.2426

22                                    jbuche@westernIPlaw.com

23                        and

24                                    Ronald S. Bienstock (*Pro Hac Vice Applicant*)
                                     BIENSTOCK & MICHAEL, P.C.

25                                    250 West 57th Street
                                     Suite 808

26                                    New York, New York 10107
                                     Tel 212.247.0848

27                                    Fax 212.247.0910
                                     Email: Ronald.Bienstock@musicesq.com

28

                                    11

## CERTIFICATE OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF SAN DIEGO**

     I am employed in the County of San Diego, State of California. I am over the age of 18 and not a party to the within action; my business address is 875 Prospect Street, Suite 305, La Jolla, CA 92037.

On July 23, 2008, I served the foregoing document described as: **DEFENDANT IGUITAR, INC.'S FIRST AMENDED NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO F.R.C.P. 12(B) AND 28 U.S.C. §1404(a)** on the parties in this action by serving:

**Margaux Azurin Aviguetero**
Intellectual Property Law Group LLP
12 South First Street, 12th Floor
San Jose, CA 95113
408-286-8933
Fax: 408-286-8932
Email: maviguetero@iplg.com

**Otto Oswald Lee**
**John Villagran Mejia**
Intellectual Property Law Group
Old Bank of America Building
12 South First Street, 12th Floor
San Jose, CA 95113
408-286-8933
Fax: 408-286-8932
Email: jmejia@iplg.com

**(X) By Envelope** - by placing ( ) the original (X) a true copy thereof enclosed in sealed envelopes addressed as above and delivering such envelopes:

**(X) By Mail**:  As follows: I am "readily familiar" with this firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at La Jolla, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

**( ) By Electronic Mail**: I sent a true copy of the above-entitled document in PDF format to the following email addresses:

**(X) VIA ECF FILING**: I sent a true copy of the above-entitled document uploaded to the Court's ECF website.

Executed on July 23, 2008, at La Jolla, California.

**(X) FEDERAL** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

*/s/ John Karl Buche*
JOHN K. BUCHE

12

1  John Karl Buche (SBN 239477)
   BUCHE & ASSOCIATES, P.C.
2  875 Prospect Street, Suite 305
   San Diego, California 92037
3  Phone: (858) 812-2840
   Facsimile: (858) 392-9262
4  Email: jbuche@westerniplaw.com

5

6  Attorneys for Defendant
   IGUITAR, INC.

7

8              UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF CALIFORNIA
9

10
   KANSAS INTERNATIONAL LTD,         ) Case No. C 08-03120-BZ
11 a Hong Kong Corporation,          )
                                     )
12        Plaintiff,                 )
                                     )
13     v.                            ) **DECLARATION OF RONALD S.**
                                     ) **BIENSTOCK, ESQ., IN SUPPORT OF**
14 BRIAN MOORSE CUSTOM GUITARS, INC., ) **DEFENDANT IGUITAR, INC.'S**
   a Corporation of Unknown Origin, and ) **MOTION TO DISMISS**
15                                   )
16 IGUITAR, INC.,                    )
   a Delaware Corporation,           )
17                                   )
          Defendants.                )
18 _____ )

19

20        I, Ronald S. Bienstock, Esq, declare that the facts stated in this declaration are based on

21 my personal knowledge, and are true and correct, unless otherwise stated to be upon information

22 and belief.

23        1.     I am an attorney licensed to practice in the States of New York, New Jersey and

24 Washington, am in good standing with each State Bar and have practiced law in New York and

25 New Jersey for over twenty years.

26        2.     I am Senior Partner of the law firm of Bienstock & Michael, P.C. which

27 represents the defendant IGuitar, Inc. ("IGI") with respect to various trademark matters.

28

                                   1

3.     According to documents provided to me, IGI is a corporation organized and existing under the laws of Delaware, having its principal place of business at 290 Main Street, Bldg. 3, Cold Spring, New York 10516.  IGI is engaged in the business of manufacturing, distributing, and selling guitars and basses.

4.     Brian Moore Guitars, Inc. was fully merged with IGuitar, Inc. and no longer is a legal entity as of May 9, 2006.  Copies of the merger agreement, Delaware certificate of merger and New York certificate of merger are attached hereto as Exhibit A.

5.     Exhibit B is a copy of IGI's United States Trademark Reg. No.: 2,319,117 which was registered on February 15, 2000.

6.     Upon information and belief, on December 12, 2006, six years after IGI received its registration, Kansas International Ltd.'s ("Kansas") subsidiary company, Legendary Sound International, Ltd., a British Virgin Island corporation (hereinafter, "Legendary Sound"), filed an application with the United States Patent and Trademark Office (the "USPTO") for registration of the mark "I-GUITAR@BURSWOOD" on the Principal Register, pursuant to Section 1(a) of the Lanham Act, 15 U.S.C. § 1051(a), a copy of which is hereto attached as Exhibit C.

7.     Exhibit D is a copy of an "office action" issued on February 15, 2007, by a USPTO trademark examiner USPTO records, citing IGUITAR ® as a blocking mark to Legendary Sound's application, due to a likelihood of consumer confusion.

8.     Exhibit E is a copy of a Notice of Abandonment issued by the USPTO on September 14, 2007.

9.     Exhibit F is a copy of a letter from my firm to Kansas dated May 28, 2008.

CASE NO. C 08-03120 BZ
DECLARATION OF RONALD S. BIENSTOCK, ESQ.,
IN SUPPORT OF DEFENDANT IGUITAR, INC.'S MOTION TO DISMISS

10.     Exhibit G is a copy of an email from Aylin Demirci, Esq. ("Demirci"), counsel for Kansas dated June 4, 2008.

11.     Exhibit H is a copy of a letter from my firm to Demirci dated June 9, 2008.

12.     Exhibit I is a copy of a letter from Demirci dated June 13, 2008.

13.     Exhibit J is a copy of a letter from my firm to Demirci dated June 16, 2008.

14.     Exhibit K is a copy of a letter from Demirci dated June 23, 2008.

15.     Exhibit L is a copy of a letter from my firm to Demirci dated June 24, 2008.

16.     Exhibit M is a copy of the Complaint filed by IGI against Kansas in the United States District Court for the Southern District of New York dated July16, 2008.


EXECUTED on July 18, 2008 at Hackensack, NJ.


Ronald S. Bienstock

CASE NO. C 08-03120 BZ
DECLARATION OF RONALD S. BIENSTOCK, ESQ.
IN SUPPORT OF DEFENDANT IGUITAR, INC.'S MOTION TO DISMISS

**EXHIBIT A**

# STATE OF DELAWARE
# CERTIFICATE OF MERGER OF
# FOREIGN CORPORATION INTO
# A DOMESTIC CORPORATION

Pursuant to Title 8, Section 252 of the Delaware General Corporation Law, the undersigned corporation executed the following Certificate of Merger:

**FIRST:** The name of the surviving corporation is

iGuitar, Inc.

a Delaware corporation, and the name of the corporation being merged into this surviving corporation is

Brian Moore Guitars, Inc.

a ____New York____ corporation.

**SECOND:** The Agreement of Merger has been approved, adopted, certified, executed and acknowledged by each of the constituent corporations pursuant to Title 8 Section 252 of the General Corporation Law of the State of Delaware.

**THIRD:** The name of the surviving corporation is

iGuitar, Inc.

a Delaware corporation.

**FOURTH:** The Certificate of Incorporation of the surviving corporation shall be its Certificate of Incorporation. (If amendments are affected please set forth)

**FIFTH:** The authorized stock and par value of the non-Delaware corporation is

200 shares of common stock, without par value

**SIXTH:** The merger is to become effective on ____May 9, 2006____.

**SEVENTH:** The Agreement of Merger is on file at

60 Firemans Way          Poughkeepsie          NY          12603

an office of the surviving corporation.

**EIGHTH:** A copy of the Agreement of Merger will be furnished by the surviving corporation on request, without cost, to any stockholder of the constituent corporations.

**IN WITNESS WHEREOF,** said surviving corporation has caused this certificate to be signed by an authorized officer, the ____9____ day of ____May____,A.D., ____2006____.

By: _____
Authorized Officer

Name: ____Patrick Cummings____
Print or Type

Title: ____President____

1

# STATE OF DELAWARE
# AGREEMENT OF MERGER

## BETWEEN

## BRIAN MOORE GUITARS, INC.,
### A Foreign Corporation

## AND

## IGUITAR, INC.,
### A Delaware Domestic Corporation

This Plan and Agreement of Merger made and entered into on the 9th day of May, 2006, by and between **iGuitar, Inc.**, a Delaware Corporation, and **Brian Moore Guitars, Inc.**, a New York Corporation.

## WITNESSETH:

**WHEREAS,** iGuitar, Inc. is a Corporation organized and existing under the laws of the State of Delaware, its Certificate of Incorporation having been filed in the Office of the Secretary of State of the State of Delaware on the 1st day of December, 2005; and

**WHEREAS,** Brian Moore Guitars, Inc. is a corporation organized and existing under the laws of the State of New York, its Certificate of Incorporation having been filed in the Office of the Secretary of State of the State of New York on the 20th day of August, 1992; and

**WHEREAS,** the Board of Directors of each of the constituent corporations deems it advisable that Brian Moore Guitars, Inc. be merged with and into iGuitar, Inc. on the terms and conditions hereinafter set forth, in accordance with the applicable provisions of the statutes of the State of Delaware and the State of New York respectively, which permit such merger (the "Merger");

**NOW, THEREFORE,** in consideration of the premises and of the agreements, covenants and provisions hereinafter contained, iGuitar, Inc. and Brian Moore Guitars, Inc., by their respective Boards of Directors, have agreed and do hereby agree, each with the other as follows:

## ARTICLE I

Upon the terms and subject to the conditions of this Agreement and in accordance with the New York Business Corporation Law and the General Corporations Law of Delaware (collectively, the "Corporate Laws"), Brian Moore Guitars, Inc. shall be merged with and into iGuitar, Inc., and iGuitar, Inc. shall (i) be the surviving corporation in the Merger, (ii) succeed to and assume all the rights and obligations of Brian Moore

Guitars, Inc. in accordance with the Corporate Laws, and (iii) continue its corporate existence under the laws of the State of Delaware.

## ARTICLE II

The Merger shall be effected by the filing of a properly executed Agreement of Merger or other appropriate documents (in the form attached as Exhibit 1 hereto) with the Secretaries of State of the States of New York and Delaware in accordance with the provisions of the Corporate Laws. The Merger shall become effective at the time of such filing of the Agreement of Merger with the Secretaries of State of the States of New York and Delaware or at such later date or time as Brian Moore Guitars, Inc. and iGuitar, Inc. shall agree and as specified in the Agreement of Merger. Following execution of this Agreement, iGuitar, Inc. and Brian Moore Guitars, Inc. shall cause a properly executed Agreement of Merger to be filed with the Secretaries of State of the States of New York and Delaware as provided in the Corporate Laws, and shall take any and all other lawful actions and do any and all other lawful things to cause the Merger to become effective.

## ARTICLE III

Upon the Merger becoming effective as provided in the applicable laws of the State of New York and of the State of Delaware, Brian Moore Guitars, Inc. and iGuitar, Inc. shall be a single corporation, which shall be iGuitar, Inc. as the Surviving Corporation, and the separate existence of Brian Moore Guitars, Inc. shall cease except to the extent provided by the laws of the State of New York in the case of a corporation after its merger into another corporation. In accordance with the Corporate Laws, all of the rights, privileges, powers and franchises of Brian Moore Guitars, Inc. shall vest in iGuitar, Inc. and all of the debts, liabilities and duties of Brian Moore Guitars, Inc. shall become the debts, liabilities and duties of iGuitar, Inc. The Merger shall have the effect set forth in the Corporate Laws.

## ARTICLE IV

The Certificate of Incorporation of iGuitar, Inc. shall not be amended in any respect by reason of this Agreement of Merger.

## ARTICLE V

At the time of the Merger, Brian Moore Guitars, Inc. had outstanding 200 shares of voting common stock with no par value and iGuitar had authorized 160,000 shares of common stock with a par value of $.01 per share and 105,000 shares of preferred stock with a part value of $.01. Of the 200 shares of stock in Brian Moore Guitars, Inc., 163 were held by Kevin Kalagher, 30 were held by Jay Weiss and 7 were held by Patrick Cummings. To effect the Merger, iGuitar, Inc. will:

(1)    exchange Kevin Kalagher's 163 shares of Brian Moore, Inc. common stock into 10,000 shares of common stock in iGuitar and 40,000 shares of preferred stock in iGuitar;

(2)    exchange Jay Weiss's 30 shares of Brian Moore, Inc. common stock into 4,597 shares of iGuitar preferred stock; and

(3)    exchange Patrick Cummings 7 shares of Brian Moore, Inc. common stock into 40,000 shares of iGuitar common stock and 10,000 shares of iGuitar preferred stock.

Those exchanges shall take place by virtue of the Merger and without any action on the part of Brian Moore Guitars, Inc., iGuitar, Inc. or the holder of the shares and the holder of Brian Moore Guitars shares shall have no further rights related to those shares.

### ARTICLE VI

The Certificate of Incorporation and By-Laws of iGuitar, Inc. as in effect immediately prior to the Merger shall remain the Certificate of Incorporation and By-Laws of iGuitar, Inc. until thereafter amended in accordance with their terms and the Delaware Corporations Laws.

### ARTICLE VII

If, at any time after the Merger, iGuitar, Inc. shall consider or be advised that consistent with the terms of this Agreement any further assignments or assurances in law or any other acts are necessary or desirable (i) to vest, perfect or confirm, of record or otherwise, in iGuitar, Inc., title to and possession of any property or right acquired or to be acquired by reason of, or as a result of, the Merger, or (ii) otherwise to carry out the purposes of this Agreement, then, subject to the terms and conditions of this Agreement, each Party and its officers and directors shall be deemed to have granted to iGuitar, Inc. an irrevocable power of attorney to execute and deliver all such deeds, assignments and assurances in law and to do all acts necessary or proper to vest, perfect or confirm title to and possession of such property or rights in iGuitar, Inc. and otherwise carry out the purposes of this Agreement; and the officers and directors of iGuitar, Inc. are fully authorized in the name of each Party to take any and all such action.

### ARTICLE VIII

iGuitar, Inc., as the Surviving Corporation, agrees that it may be served with process in the State of Delaware in any proceeding for enforcement of any obligation of Brian Moore Guitars, Inc., as well as for enforcement of any obligation of iGuitar, Inc., arising from this Merger, including any suit or other proceeding to enforce the rights of any stockholders as determined in appraisal proceedings pursuant to the provisions of Section 262 of the Delaware General Corporation laws, and irrevocably appoints the Secretary of State of Delaware as its agent to accept service of process in any such suit or

4

proceeding. The Secretary of State shall mail any such process to iGuitar, Inc. at Post Office Box 540, LaGrangeville, New York, 12540-0540.

## ARTICLE IX

This Agreement embodies the entire agreement between the parties with respect to its subject matter and supersedes all prior agreements and understandings, oral or written, with respect thereto. This Agreement may not be changed orally, but only by an agreement in writing signed by the party or parties against whom any waiver, change, amendment, modification or discharge may be sought. This Agreement may be executed in any number of counterparts, each of which, when executed, shall be deemed to be an original and all of which together shall be deemed to be one and the same instrument. The validity, interpretation, performance and enforcement of this Agreement shall be governed by the Laws of the State of New York, without giving effect to the principles of conflicts of law of New York.

**IN WITNESS WHEREOF**, Brian Moore Guitars, Inc. and iGuitar, Inc., pursuant to the approval and authority duly given by resolutions adopted by their respective Boards of Directors have caused this Plan and Agreement of Merger to be executed by an authorized officer of each party thereto.

IGUITAR, INC.

By: PATRICK G. CUMMINGS
Title: PRESIDENT

BRIAN MOORE GUITARS, INC.

By: PATRICK G. CUMMINGS
Title: PRESIDENT

## SECRETARY'S CERTIFICATE

I, Kevin Kalagher, Secretary of iGuitar, Inc., a corporation organized and existing under the laws of the State of Delaware, hereby certify, as such Secretary of said corporation, that the Agreement of Merger to which this certificate is attached, after having been first duly signed on behalf of said corporation by an authorized officer of iGuitar, Inc., a corporation of the State of Delaware, was duly submitted to the stockholders of said iGuitar, Inc., at a special meeting of said stockholders called and held separately from the meeting of stockholders of any other corporation, upon waiver of notice, signed by all the stockholders, for the purpose of considering and taking action upon said Agreement of Merger, that 10 shares of stock of said corporation were on said date issued and outstanding and that the holders of 10 shares voted by ballot in favor of said Agreement of Merger and the holders of no shares voted by ballot against same, the said affirmative vote representing at least a majority of the total number of shares of the outstanding capital stock of said corporation, and that thereby the Agreement of Merger was at said meeting duly adopted as the act of the stockholders of said iGuitar, Inc, and the duly adopted agreement of said corporation.

**WITNESS** my hand on behalf of said iGuitar, Inc. on this 9th day of May, 2006.

By: _____

Secretary

Name: _____ Kevin D. Kalagher _____

STATE OF NEW YORK

CERTIFICATE OF MERGER

OF

BRIAN MOORE GUITARS, INC.,
a New York corporation

AND

IGUITAR, INC.,
a Delaware corporation

INTO

IGUITAR, INC.,
a Delaware corporation

UNDER SECTION 907 OF THE BUSINESS CORPORATION LAW

We, the undersigned, Patrick Cummings and Kevin Kalagher, being respectively the President and the Secretary of Brian Moore Guitars, Inc., a New York corporation, and Patrick Cummings and Kevin Kalagher, being respectively the President and the Secretary of iGuitar, Inc., a Delaware corporation, hereby certify:

1.  (a) The name of each constituent corporation is as follows:

        Brian Moore Guitars, Inc.
        iGuitar, Inc.

    (b) The name of the surviving corporation is iGuitar, Inc.

2.  As to each constituent corporation, the designation and number of outstanding shares of each class and series of and the voting rights thereof are as follows:

207117_1/02308-001

| Name of Corporation | Designation & Number of Shares Outstanding | Class or Series of Shares Entitled to Vote | Shares entitled to Vote as a Class or Series |
|---|---|---|---|
| Brian Moore Guitars, Inc. | 200 shares of common stock without par value | All common stock is entitled to vote | Not applicable. |
| iGuitar, Inc. | 160,000 shares of common stock, $.01 par value per share; 105,000 shares of preferred stock, $.01 par value per share | All common stock and preferred stock is entitled to vote. | No shares are entitled to vote as a class or series. |

3.      The Certificate of Incorporation of iGuitars, Inc. is not effected by the merger.

4.      The merger was adopted by each constituent corporation in the following manner:

    (a)     As to Brian Moore Guitars, Inc., by the unanimous written consent of its shareholders.

    (b)     As to iGuitar, Inc., by the unanimous written consent of its shareholders.

5.      An Agreement of Merger between Brian Moore Guitars, Inc. and iGuitar, Inc. has been approved and executed by each of Brian Moore Guitars, Inc. and iGuitar, Inc. A copy of the Agreement of Merger is on file at the offices of iGuitar, Inc. at 60 Fireman's Way, Poughkeepsie, New York, 12603.

6.      The merger is permitted by the laws of the States of Delaware and New York and is in compliance therewith. Each constituent corporation has complied as follows:

    (a)     Brian Moore Guitars, Inc. has complied with the applicable provisions of the laws of the State of New York under which it is incorporated, and this merger is permitted by such laws.

    (b)     iGuitar, Inc. has complied with the applicable provisions of the laws of the State of Delaware under which it is incorporated, and this merger is permitted by such laws.

7.      The surviving corporation is iGuitar, Inc., a corporation of the State of Delaware, incorporated on the 1st day of December, 2005, the date on which its Certificate of Incorporation was filed with the Secretary of State of the State of Delaware.

8.      The date when the certificate of incorporation of Brian Moore Guitars, Inc. was filed by the Department of State of New York was the 20th day of August, 1992.

207117_1/02308-001

9.  An application of iGuitars, Inc. for authority to do business in the State of New York was filed by the Department of State of the State of New York on March 30, 2006.

10. iGuitar, Inc. agrees that it may be served with process in the State of New York in any action or special proceeding for the enforcement of any liability or obligation of iGuitar, Inc. or Brian Moore Guitars, Inc. and for the enforcement, as provided in the Business Corporation Law, of the right of shareholders or members of any constituent domestic entity to receive payment for their interests against iGuitar, Inc.

11. iGuitar, Inc. hereby designates the Secretary of State of the State of New York as its agent upon whom process against it may be served in the manner set forth in section 306 of the Business Corporation Law, in any action or special proceeding, and establishes Post Office Box 540, LaGrangeville, New York, 12540-0540, as the post office address to which to which the Secretary of State of the State of New York shall mail a copy of any process against it served upon him. That post office address shall supersede any prior address designated as the address to which process shall be mailed.

12. iGuitar, Inc. agrees that, subject to the provision of Section 623 of the Business Corporation Law and any applicable statute, it will promptly pay to the shareholders of Brian Moore Guitars, Inc. the amount, if any, to which they shall be entitled under the provisions of the Business Corporation Law and any applicable statute, relating to the right of shareholders to receive payment for their shares.

13. Brian Moore Guitars, Inc. hereby certifies that all fees and taxes (including penalties and interest) administered by the Department of Taxation and Finance of the State of New York which are now due and payable by Brian Moore Guitars, Inc. have been paid and a cessation franchise tax report (estimated or final) through the anticipated date of merger has been filed by the New York constituent corporation. The said report, if estimated, is subject to amendment. The surviving corporation, iGuitar, agrees that it will within 30 days after the filing of the Certificate of Merger file the cessation tax report, if any estimated report was previously filed, and promptly pay to the Department of Taxation and Finance of the State of New York all fees and taxes (including penalties and interest), if any, due to the Department of Taxation and Finance by the New York constituent corporation.

14. The effective date of the merger shall be the date of filing of this Certificate of Merger.

207117_1/02308-001

4

IN WITNESS WHEREOF, we have signed this certificate on the 9th day of May, 2006.

BRIAN MOORE GUITARS, INC.

By: Patrick Cummings
Title: President

By: Kevin Kalagher
Title: Secretary

IGUITAR, INC.

By: Patrick Cummings
Title: President

By: Kevin Kalagher
Title: Secretary

**EXHIBIT B**

Int. Cl.: 15

Prior U.S. Cls.: 2, 21 and 36

**United States Patent and Trademark Office**

Reg. No. 2,319,117

Registered Feb. 15, 2000

## TRADEMARK
### PRINCIPAL REGISTER

# iGUITAR

BRIAN MOORE CUSTOM GUITARS, INC. (NEW YORK CORPORATION)
SOUTH PATTERSON BUSINESS PARK
ROUTE 22
BREWSTER, NY 10509

FOR: STRINGED MUSICAL INSTRUMENTS, NAMELY, ACOUSTIC AND ELECTRIC GUI-TARS AND ACOUSTIC AND ELECTRIC BASSES, IN CLASS 15 (U.S. CLS. 2, 21 AND 36).
FIRST USE 8-11-1998; IN COMMERCE 8-11-1998.

SER. NO. 75-632,901, FILED 2-1-1999.

BARBARA GAYNOR, EXAMINING ATTOR-NEY

**EXHIBIT C**

# Trademark/Service Mark Application, Principal Register

**Serial Number: 77062127**
**Filing Date: 12/12/2006**

## The table below presents the data as entered.

| Input Field | Entered |
|---|---|
| **SERIAL NUMBER** | 77062127 |
| **MARK INFORMATION** | |
| MARK | \\TICRS\EXPORT\IMAGEOUT\7 70\621\77062127\xml1\APP0 002.JPG |
| SPECIAL FORM | YES |
| USPTO-GENERATED IMAGE | NO |
| LITERAL ELEMENT | i-Guitar@burswood |
| COLOR MARK | NO |
| PIXEL COUNT ACCEPTABLE | NO |
| PIXEL COUNT | 2561 x 3296 |
| **APPLICANT INFORMATION** | |
| OWNER OF MARK | Legendary Sound International Ltd. |
| STREET | P.O. Box 3321 |
| INTERNAL ADDRESS | Road Town |
| CITY | Tortola |
| COUNTRY | British Virgin Island |
| **LEGAL ENTITY INFORMATION** | |
| TYPE | CORPORATION |
| STATE/COUNTRY OF INCORPORATION | British Virgin Island |
| **GOODS AND/OR SERVICES SECTION** | |
| INTERNATIONAL CLASS | 015 |
| DESCRIPTION | Musical instruments; drums; guitars; bongos; rhythm sets; accordions; recorders; drum pedals; electric musical instruments; electronic musical instruments; drumheads; drumsticks; music stands; harmonicas; pianos; saxophones; flutes; clarinets |
| FILING BASIS | SECTION 1(a) |
| FIRST USE ANYWHERE DATE | At least as early as 10/01/2003 |
| FIRST USE IN COMMERCE DATE | At least as early as 10/01/2003 |
| SPECIMEN FILE NAME(S) | \\TICRS\EXPORT\IMAGEOUT\7 70\621\77062127\xml1\APP0 003.JPG |
| SPECIMEN DESCRIPTION | Picture of drum set |

| ADDITIONAL STATEMENTS SECTION | |
|---|---|
| PRIOR REGISTRATION(S) | The applicant claims ownership of U.S. Registration Number(s) 2624996. |
| **ATTORNEY INFORMATION** | |
| NAME | Virginia R. Richard |
| ATTORNEY DOCKET NUMBER | 85172 |
| FIRM NAME | Winston & Strawn LLP |
| STREET | 200 Park Avenue |
| CITY | New York |
| STATE | New York |
| COUNTRY | United States |
| ZIP/POSTAL CODE | 10166 |
| PHONE | 212 294 6700 |
| FAX | 212 294 4700 |
| EMAIL ADDRESS | vrichard@winston.com |
| AUTHORIZED TO COMMUNICATE VIA EMAIL | Yes |
| **CORRESPONDENCE INFORMATION** | |
| NAME | Virginia R. Richard |
| FIRM NAME | Winston & Strawn LLP |
| STREET | 200 Park Avenue |
| CITY | New York |
| STATE | New York |
| COUNTRY | United States |
| ZIP/POSTAL CODE | 10166 |
| PHONE | 212 294 6700 |
| FAX | 212 294 4700 |
| EMAIL ADDRESS | vrichard@winston.com |
| AUTHORIZED TO COMMUNICATE VIA EMAIL | Yes |
| **FEE INFORMATION** | |
| NUMBER OF CLASSES | 1 |
| FEE PER CLASS | 325 |
| TOTAL FEE DUE | 325 |
| **SIGNATURE INFORMATION** | |
| SIGNATURE | /W&S/ |
| SIGNATORY'S NAME | Virginia R. Richard |
| SIGNATORY'S POSITION | Attorney of Record |

| DATE SIGNED | 12/12/2006 |
|---|---|
| **FILING INFORMATION SECTION** | |
| SUBMIT DATE | Tue Dec 12 11:35:32 EST 2006 |
| TEAS STAMP | USPTO/BAS-38.117.178.5-20 061212113532930440-770621 27-3603c736a267d323b91c02 4946daf3af63a-DA-1576-200 61212111717846854 |

PTO Form 1478 (Rev 5/2006)
OMB No. 0651-0009 (Exp 06/30/2008)

## Trademark/Service Mark Application, Principal Register

**Serial Number:** 77062127
**Filing Date:** 12/12/2006

## To the Commissioner for Trademarks:

**MARK:** i-Guitar@burswood (stylized and/or with design, see mark)
The literal element of the mark consists of i-Guitar@burswood.
The applicant, Legendary Sound International Ltd., a corporation of British Virgin Island, having an address of Road Town, P.O. Box 3321, Tortola, British Virgin Island, requests registration of the trademark/service mark identified above in the United States Patent and Trademark Office on the Principal Register established by the Act of July 5, 1946 (15 U.S.C. Section 1051 et seq.), as amended.
    International Class 015: Musical instruments; drums; guitars; bongos; rhythm sets; accordions; recorders; drum pedals; electric musical instruments; electronic musical instruments; drumheads; drumsticks; music stands; harmonicas; pianos; saxophones; flutes; clarinets
Use in Commerce: The applicant is using the mark in commerce, or the applicant's related company or licensee is using the mark in commerce, or the applicant's predecessor in interest used the mark in commerce, on or in connection with the identified goods and/or services. 15 U.S.C. Section 1051(a), as amended.
In International Class 015, the mark was first used at least as early as 10/01/2003, and first used in commerce at least as early as 10/01/2003, and is now in use in such commerce. The applicant is submitting or will submit one specimen for *each class* showing the mark as used in commerce on or in connection with any item in the class of listed goods and/or services, consisting of a(n) Picture of drum set.
Specimen File1
The applicant claims ownership of U.S. Registration Number(s) 2624996.
The applicant hereby appoints Virginia R. Richard of Winston & Strawn LLP, 200 Park Avenue, New York, New York, United States, 10166 to submit this application on behalf of the applicant. The attorney docket/reference number is 85172.
Correspondence Information:          Virginia R. Richard
                                     200 Park Avenue
                                     New York, New York 10166
                                     212 294 6700(phone)
                                     212 294 4700(fax)
                                     vrichard@winston.com (authorized)
A fee payment in the amount of $325 will be submitted with the application, representing payment for 1 class(es).
### Declaration
The undersigned, being hereby warned that willful false statements and the like so made are punishable by fine or imprisonment, or both, under 18 U.S.C. Section 1001, and that such willful false statements, and the like, may jeopardize the validity of the application or any resulting registration, declares that he/she is properly authorized to execute this application on behalf of the applicant; he/she believes the applicant to be the owner of the trademark/service mark sought to be registered, or, if the application is being filed under 15 U.S.C. Section 1051(b), he/she believes applicant to be entitled to use such mark in commerce; to the best of his/her knowledge and belief no other person, firm, corporation, or association has the right to use the mark in commerce, either in the identical form thereof or in such near resemblance thereto as to be likely, when used on or in connection with the goods/services of such other person, to cause confusion, or to cause mistake, or to deceive; and that all statements made of his/her own knowledge are true; and that all statements made on information and belief are believed to be true.
Signature: /W&S/  Date Signed: 12/12/2006

Signatory's Name: Virginia R. Richard
Signatory's Position: Attorney of Record
RAM Sale Number: 1576
RAM Accounting Date: 12/12/2006
Serial Number: 77062127
Internet Transmission Date: Tue Dec 12 11:35:32 EST 2006
TEAS Stamp: USPTO/BAS-38.117.178.5-20061212113532930
440-77062127-3603c736a267d323b91c024946d
af3af63a-DA-1576-20061212111717846854

i-Guitar@burswood



**EXHIBIT D**

| To: | Legendary Sound International Ltd. (vrichard@winston.com) |
| Subject: | TRADEMARK APPLICATION NO. 77062127 - I-GUITAR@BURSWOOD - 85172 |
| Sent: | 2/15/2007 9:27:13 AM |
| Sent As: | ECOM101@USPTO.GOV |
| Attachments: | Attachment - 1 |
| | Attachment - 2 |
| | Attachment - 3 |
| | Attachment - 4 |
| | Attachment - 5 |

## UNITED STATES PATENT AND TRADEMARK OFFICE

**SERIAL NO**:   77/062127

**APPLICANT**:   Legendary Sound International Ltd.

**\*77062127\***

**CORRESPONDENT ADDRESS**:
VIRGINIA R. RICHARD
WINSTON & STRAWN LLP
200 PARK AVE
NEW YORK, NY 10166-0005

RETURN ADDRESS:
Commissioner for Trademarks
P.O. Box 1451
Alexandria, VA 22313-1451

**MARK**:   I-GUITAR@BURSWOOD

**CORRESPONDENT'S REFERENCE/DOCKET NO**:   85172

**CORRESPONDENT EMAIL ADDRESS**:
vrichard@winston.com

Please provide in all correspondence:

1. Filing date, serial number, mark and
   applicant's name.
2. Date of this Office Action.
3. Examining Attorney's name and
   Law Office number.
4. Your telephone number and e-mail address.

## OFFICE ACTION

**RESPONSE TIME LIMIT**:   TO AVOID ABANDONMENT, THE OFFICE MUST RECEIVE A PROPER RESPONSE TO THIS OFFICE ACTION WITHIN 6 MONTHS OF THE MAILING OR E-MAILING DATE.

**MAILING/E-MAILING DATE INFORMATION**:   If the mailing or e-mailing date of this Office action does not appear above, this information can be obtained by visiting the USPTO website at http://tarr.uspto.gov/, inserting the application

serial number, and viewing the prosecution history for the mailing date of the most recently issued Office communication.

Serial Number  77/062127

<u>The assigned trademark examining attorney has reviewed the referenced application and has determined the following:</u>

## SEARCH RESULTS – LIKELIHOOD OF CONFUSION

The examining attorney refuses registration under Trademark Act Section 2(d), 15 U.S.C. §1052(d), because the applicant's mark, when used on or in connection with the identified goods, so resembles the mark in U.S. Registration No. 2,319,117 as to be likely to cause confusion, to cause mistake, or to deceive.  TMEP §§1207.01 *et seq.*  See the enclosed registration.

Regarding the issue of likelihood of confusion, all circumstances surrounding the sale of the goods and/or services are considered.  *Industrial Nucleonics Corp. v. Hinde,* 475 F.2d 1197, 177 USPQ 386 (C.C.P.A. 1973).  These circumstances include the marketing channels, the identity of the prospective purchasers, and the degree of similarity between the marks and between the goods and/or services.  In comparing the marks, similarity in any one of the elements of sound, appearance or meaning is sufficient to find a likelihood of confusion.  In comparing the goods and/or services, it is necessary to show that they are related in some manner.  *In re White Swan Ltd.,* 8 USPQ2d 1534, 1536 (TTAB 1988); *In re Lamson Oil Co.,* 6 USPQ2d 1041, 1043 (TTAB 1987); *In re Mack,* 197 USPQ 755, 757 (TTAB 1977); TMEP §§1207.01 *et seq.*

Applicant is seeking to register I-GUITAR@BURSWOOD for:

> musical instruments; drums; guitars; bongos; rhythm sets; accordions; recorders; drum pedals; electric musical instruments; electronic musical instruments; drumheads; drumsticks; music stands; harmonicas; pianos; saxophones; flutes; clarinets.

The mark in the cited registration is IGUITAR for "stringed musical instruments, namely, acoustic and electric guitars and acoustic and electric basses."

The goods must be considered to be, in part, identical because applicant's acoustic and electric guitars and basses are included within applicant's broader terminology "musical instruments," "guitars," "electric musical instruments," and "electronic musical instruments."

The marks are similar because both include IGUITAR (or I-GUITAR).  IGUITAR is clearly the predominant portion of applicant's mark, in that appears first in the mark.  Thus, prospective customers would be likely to assume that applicant's goods emanate from the same source as the registrant's goods and therefore confusion is likely.

Although the trademark examining attorney has refused registration, applicant may respond to the refusal to register by submitting evidence and arguments in support of registration.

## SEARCH RESULTS – PRIOR PENDING APPLICATION

Please be advised that a potentially conflicting mark in a prior-filed pending application may present a bar to registration.  The examining attorney encloses information regarding pending Application Serial No.78-528,259 (IGUITAR USB).  The

filing date of the referenced application precedes the applicant's filing date. There may be a likelihood of confusion between the two marks under Trademark Act Section 2(d), 15 U.S.C. §1052(d). If the referenced application matures into a registration, the examining attorney may refuse registration in this case under Section 2(d). 37 C.F.R. §2.83; TMEP §1208.01.

If applicant believes there is no potential conflict between this application and the earlier-filed application, then applicant may present arguments relevant to the issue in a response to this Office action. The election not to submit arguments at this time in no way limits applicant's right to address this issue at a later point.

**RESPONSE GUIDELINES**

Please note that there is no required format or form for responding to this Office action. However, applicant should include the following information on all correspondence with the Office: (1) the name and law office number of the examining attorney; (2) the serial number of this application; (3) the mailing date of this Office action; and, (4) applicant's telephone number.

When responding to this Office action, applicant must make sure to respond in writing to each refusal and requirement raised. If there is a refusal to register the proposed mark, then applicant may wish to argue against the refusal, i.e., explain why it should be withdrawn and why the mark should register. If there are other requirements, then applicant should simply set forth in writing the required changes or statements and request that the Office enter them into the application record. Applicant must also sign and date its response.

If applicant has questions about its application or needs assistance in responding to this Office action, please telephone the assigned trademark examining attorney directly at the number below.

/paul e. fahrenkopf/

Paul E. Fahrenkopf

Trademark Examining Attorney

Law Office 101

571-272-8264

**HOW TO RESPOND TO THIS OFFICE ACTION:**
- ONLINE RESPONSE: You may respond using the Office's Trademark Electronic Application System (TEAS) Response to Office action form available on our website at http://www.uspto.gov/teas/index.html. If the Office action issued via e-mail, you must wait 72 hours after receipt of the Office action to respond via

TEAS.  **NOTE:  Do not respond by e-mail.  THE USPTO WILL NOT ACCEPT AN E-MAILED RESPONSE**.

- REGULAR MAIL RESPONSE:  To respond by regular mail, your response should be sent to the mailing return address above, and include the serial number, law office number, and examining attorney's name. **NOTE:  The filing date of the response will be the *date of receipt in the Office*,** not the postmarked date. To ensure your response is timely, use a certificate of mailing.  37 C.F.R. §2.197.

**STATUS OF APPLICATION:** To check the status of your application, visit the Office's Trademark Applications and Registrations Retrieval (TARR) system at http://tarr.uspto.gov.

**VIEW APPLICATION DOCUMENTS ONLINE:** Documents in the electronic file for pending applications can be viewed and downloaded online at http://portal.uspto.gov/external/portal/tow.

**GENERAL TRADEMARK INFORMATION:** For general information about trademarks, please visit the Office's website at http://www.uspto.gov/main/trademarks.htm

**FOR INQUIRIES OR QUESTIONS ABOUT THIS OFFICE ACTION, PLEASE CONTACT THE ASSIGNED EXAMINING ATTORNEY SPECIFIED ABOVE.**

**Print: Feb 15, 2007**                    **75632901**

**DESIGN MARK**

**Serial Number**
75632901

**Status**
SECTION 8 & 15-ACCEPTED AND ACKNOWLEDGED

**Word Mark**
IGUITAR

**Standard Character Mark**
No

**Registration Number**
2319117

**Date Registered**
2000/02/15

**Type of Mark**
TRADEMARK

**Register**
PRINCIPAL

**Mark Drawing Code**
(5) WORDS, LETTERS, AND/OR NUMBERS IN STYLIZED FORM

**Owner**
Brian Moore Custom Guitars, Inc. CORPORATION NEW YORK P. O. Box 540
LaGrangeville NEW YORK 125400540

**Goods/Services**
Class Status -- ACTIVE.  IC 015.  US  002 021 036.  G & S: Stringed
musical instruments, namely, acoustic and electric guitars and
acoustic and electric basses.  First Use: 1998/08/11.  First Use In
Commerce: 1998/08/11.

**Filing Date**
1999/02/01

**Examining Attorney**
GAYNOR, BARBARA

**Attorney of Record**
Ronald S. Bienstock

-1-

# iGUITAR

**Print: Feb 15, 2007**                    **78528259**

**DESIGN MARK**

**Serial Number**
78528259

**Status**
NOTICE OF ALLOWANCE - ISSUED

**Word Mark**
IGUITAR USB

**Standard Character Mark**
No

**Type of Mark**
TRADEMARK

**Register**
PRINCIPAL

**Mark Drawing Code**
(5) WORDS, LETTERS, AND/OR NUMBERS IN STYLIZED FORM

**Owner**
Brian Moore Guitars, Inc. CORPORATION NEW YORK 60 Firemens Way
Poughkeepsie NEW YORK 12603

**Goods/Services**
Class Status -- ACTIVE.  IC 015.  US  002 021 036.  G & S: Guitars and
bass guitars.

**Prior Registration(s)**
2319117

**Disclaimer Statement**
NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "USB" APART FROM THE
MARK AS SHOWN.

**Colors Claimed**
The color(s) red and black are claimed as a feature of the mark.

**Part of Mark in Color**
The first letter "i" is red and the term "Guitar USB" is black.

**Filing Date**
2004/12/07

**Examining Attorney**
DWYER, JOHN

**Attorney of Record**

-1-

**Print: Feb 15, 2007**                    **78528259**

Ronald S.  Bienstock

-2-

# iGuitar USB

*** User:pfahrenkop ***

| # | Total Marks | Dead Marks | Live Viewed Docs | Live Viewed Images | Status/ Search Duration | Search |
|---|---|---|---|---|---|---|
| 01 | 88495 | N/A | 0 | 0 | 0:03 | *b{v}r*[bi,ti] |
| 02 | 12177 | N/A | 0 | 0 | 0:01 | *wood*[bi,ti] |
| 03 | 342 | N/A | 0 | 0 | 0:01 | 1 and 2 |
| 04 | 152 | 0 | 23 | 17 | 0:03 | 3 not dead[ld] |
| 05 | 3 | 0 | 3 | 3 | 0:02 | *iguitar*[bi,ti] or "i guitar"[bi,ti] or "i guitars"[bi,ti] |

Session started 2/15/2007 9:06:50 AM
Session finished 2/15/2007 9:25:13 AM
Total search duration 0 minutes 10 seconds
Session duration 18 minutes 23 seconds
Defaut NEAR limit=1 ADJ limit=1
Sent to TICRS as Serial Number: 77062127

**EXHIBIT E**



UNITED STATES PATENT AND TRADEMARK OFFICE

Commissioner for Trademarks
P.O. Box 1451
Alexandria, VA  22313-1451
www.uspto.gov

Sep 14, 2007

## NOTICE OF ABANDONMENT

TM101

VIRGINIA R. RICHARD
WINSTON & STRAWN LLP
200 PARK AVE
NEW YORK, NY 10166-0005

ATTORNEY
REFERENCE
NUMBER:
85172

| SERIAL NUMBER: | 77/062127 |
|---|---|
| MARK: | I-GUITAR@BURSWOOD |
| APPLICANT: | Legendary Sound International Ltd. |

THE ABOVE IDENTIFIED TRADEMARK APPLICATION WAS ABANDONED IN FULL ON 08/16/2007 FOR THE FOLLOWING REASON:

NO RESPONSE TO THE OFFICE ACTION MAILED ON 02/15/2007 WAS RECEIVED IN THE UNITED STATES PATENT AND TRADEMARK OFFICE (USPTO) WITHIN THE SIX-MONTH RESPONSE PERIOD.   (15 U.S.C. 1062(b); TRADEMARK RULE 2.65(a)).

### YOU CAN REQUEST REINSTATEMENT OF THE APPLICATION FOR NO FEE IF:

* YOU HAVE PROOF THAT YOUR RESPONSE WAS RECEIVED IN THE USPTO ON OR BEFORE THE DUE DATE - SUCH AS A POSTCARD WITH A USPTO MAILROOM DATE STAMP; OR,
* YOU MAILED OR FAXED THE RESPONSE ON OR BEFORE THE DUE DATE WITH A CERTIFICATE OF MAILING OR FACSIMILE TRANSMISSION, IN ACCORDANCE WITH USPTO RULE 2.197, 37 CFR SEC. 2.197.

**YOU MUST SUBMIT A COPY OF THE PREVIOUSLY SUBMITTED TIMELY RESPONSE WITHIN 2 MONTHS OF THE DATE PRINTED AT THE TOP OF THIS NOTICE ALONG WITH ONE OF THE TYPES OF PROOF SET OUT ABOVE.   YOU MAY FAX THIS INFORMATION TO 571-273-8950.**

### IF YOU DO NOT HAVE THE PROOF NECESSARY FOR REINSTATEMENT, YOU CAN REQUEST REVIVAL OF THE APPLICATION, UNDER USPTO RULE 2.66, 37 CFR SEC. 2.66, BY:

* FILING A "PETITION TO REVIVE" **WITHIN 2 MONTHS** OF THE DATE PRINTED AT THE TOP OF THIS NOTICE, INDICATING THAT THE REASON FOR THE DELAY IN RESPONDING BY THE DUE DATE WAS "UNINTENTIONAL";
* PAYING THE PETITION FEE OF $100, MADE PAYABLE TO THE COMMISSIONER OF TRADEMARKS; AND
* INCLUDING A COPY OF THE RESPONSE TO THE OFFICE ACTION (IF YOU DID RECEIVE THE OFFICE ACTION - OTHERWISE, INCLUDE A STATEMENT THAT YOU DID NOT RECEIVE THE OFFICE ACTION.)

**FOR FURTHER INFORMATION CALL 1-800-786-9199**

EXHIBIT E, PAGE 1 OF 1

**EXHIBIT F**

# BIENSTOCK & MICHAEL, P.C.

### - COUNSELORS AT LAW -

RONALD S. BIENSTOCK*°°
JILL A. MICHAEL*
——
BRENT M. DAVIS**
ROBERT J. ENGLISH•
JEREMY B. KAPLAN**
LINDSAY D. MOLNAR*
DANIEL A. WEISS*
——
OF COUNSEL:
RANDALL S. D. JACOBS*
TODD B. RUBENSTEIN•
——
PARALEGALS:
JAMES E. MOELLER
——
*ADMITTED IN NY
*ADMITTED IN NJ
*ADMITTED IN WA
*ADMITTED IN CA

CONTINENTAL PLAZA
411 HACKENSACK AVENUE, 7th FLOOR
HACKENSACK, NEW JERSEY 07601-6329
TELEPHONE: (201) 525-0300
FACSIMILE: (201) 525-0133

WWW.MUSICESQ.COM

NEW YORK OFFICE:
250 WEST 57th STREET
SUITE 808
NEW YORK, NEW YORK 10107
TELEPHONE: (212) 247-0848
FACSIMILE: (212) 247-0910

REPLY TO NEW JERSEY

WRITER'S DIRECT EMAIL:
RONALD.BIENSTOCK@MUSICESQ.COM

May 28, 2008

***BY AIR MAIL***
***AND EMAIL (wilburyh@pacific.net.hk;  wilburyh@kansas.com.hk)***

Mr. Wilbur Chan
Burswood Guitars
c/o Kansas International, Ltd.
L1 Unit 2, Mirror Tower
61 Mody Road. TST., Kowloon
Hong Kong

> RE:   **BRIAN MOORE CUSTOM GUITARS, INC. re: iGUITAR TM Infringement**
>        **OUR FILE NO:  0698 – iGUITAR**

Dear Mr. Chan:

Please be advised that we represent Brian Moore Custom Guitars, Inc.  Our client owns intellectual property rights in the well established trademark "iGUITAR" (the "Mark") for stringed musical instruments, namely, acoustic and electric guitars and acoustic and electric basses, as embodied in U.S. Trademark Registration No. 2,319,117.  Our client has used the Mark continuously in commerce since 1998.  A copy of the federal trademark Certificate of Registration is attached for your reference as Exhibit A.

It has come to our attention that Burswood manufactures, markets, and distributes a line of electric guitars that use the Mark. Specifically, the outer packaging of Burswood electric guitar models JE-3SD and 42-239 prominently displays the words "i-Guitar" in three separate locations (See attached Exhibit B).  Such actions constitute an infringement of our client's intellectual property rights.  See 15 U.S.C. § 1114(1).

## BIENSTOCK & MICHAEL, P.C.

Mr. Wilbur Chan
Burswood Guitars
May 28, 2008
Page 2

Furthermore, by using the words "i-Guitar" in connection with its line of guitars, Burswood is causing consumer confusion as to the true origin of the Burswood guitars and intentionally trading on the good will of our client. This activity clearly constitutes unlawful false designation of origin and unfair competition in violation of our client's intellectual property rights. See 15 U.S.C. § 1125(a).

In light of our client's superior trademark rights in the Mark, we respectfully request that you cease and desist the use of the Mark in connection with your Burswood line of guitars.

We also respectfully request that you respond in writing to confirm such action has been taken within five (5) days of the receipt of this letter.

We look forward to your cooperation regarding these issues. Our contact information is:

| | |
|---|---|
| By email: | Ronald.Bienstock@MusicEsq.com |
| Telephone: | 201 525-0300 |
| Facsimile: | 201 525-0133 |
| Address: | Ronald S. Bienstock |
| | Bienstock & Michael, P.C. |
| | Continental Plaza |
| | 411 Hackensack Ave., 7th Floor |
| | Hackensack, NJ 07601-6329 |

This letter is not an exhaustive recitation of the facts, law or circumstances and we expressly reserve all of our client's rights under all applicable law.

Very truly yours,

Ronald S. Bienstock

RSB/rje
Encl.
cc:  Brian Moore Custom Guitars, Inc.

# EXHIBIT A



## CERTIFICATE OF REGISTRATION
### PRINCIPAL REGISTER

*The Mark shown in this certificate has been registered in the United States Patent and Trademark Office to the named registrant.*

*The records of the United States Patent and Trademark Office show that an application for registration of the Mark shown in this Certificate was filed in the Office; that the application was examined and determined to be in compliance with the requirements of the law and with the regulations prescribed by the Commissioner of Patents and Trademarks; and that the Applicant is entitled to registration of the Mark under the Trademark Act of 1946, as Amended.*

*A copy of the Mark and pertinent data from the application are part of this certificate.*

*This registration shall remain in force for TEN (10) years, unless terminated earlier as provided by law, and subject to compliance with the provisions of Section 8 of the Trademark Act of 1946, as Amended.*



*Acting Commissioner of Patents and Trademarks*

Int. Cl.: 15

Prior U.S. Cls.: 2, 21 and 36

Reg. No. 2,319,117

## United States Patent and Trademark Office

Registered Feb. 15, 2000

### TRADEMARK
### PRINCIPAL REGISTER

# iGUITAR

BRIAN MOORE CUSTOM GUITARS, INC.
  (NEW YORK CORPORATION)
SOUTH PATTERSON BUSINESS PARK
ROUTE 22
BREWSTER, NY 10509

  FOR: STRINGED MUSICAL INSTRUMENTS,
NAMELY, ACOUSTIC AND ELECTRIC GUI-
TARS AND ACOUSTIC AND ELECTRIC
BASSES, IN CLASS 15 (U.S. CLS. 2, 21 AND 36).
  FIRST USE 8-11-1998; IN COMMERCE
8-11-1998.

  SER. NO. 75-632,901, FILED 2-1-1999.

BARBARA GAYNOR, EXAMINING ATTOR-
NEY

# EXHIBIT B



Case 1:18-cv-02120-PJM   Document 19-9   Filed 09/05/2008   Page 1 of 10

i-Guitar@hwismood
FULL SIZE ELECTRIC GUITAR
with SD-Recording & Playback



**EXHIBIT G**

**Robert English**

| | |
|---|---|
| From: | Aylin Demirci [ademirci@iplg.com] |
| Sent: | Wednesday, June 04, 2008 11:10 PM |
| To: | Ronald Bienstock; Robert English |
| Cc: | olee@iplg.com |
| Subject: | RE: Burswood Guitars - iGUITAR |

Dear Mr. English and Mr. Bienstock,

We are writing with regard to your email to Mr. Chan below and your letter dated May 28, 2008 addressed to Kansas International Ltd. ("Kansas"). Our law firm represents Kansas with regard to its intellectual property rights.  Please kindly contact our office from now on concerning the iGuitar trademark matter referred in your letter.

We just received your letter dated May 28, 2008 and did not get a chance to study the matter. We will get back to you concerning the issues raised in your letter after consulting with our client.

Best regards,

Aylin Demirci
*INTELLECTUAL PROPERTY LAW GROUP LLP*
San Jose Office (Silicon Valley)
12 South First Street, 12th Floor
San Jose, California 95113
Tel: 408-286-8933
Fax: 408-286-8932

<><><><><><><><><><><><><><><><><><><><><><><><><><><><><><><><><>
CONFIDENTIAL PRIVILEGED

This e-mail message is intended for the sole use of the named
recipient(s) and may contain confidential and privileged information.
Any unauthorized review, use, disclosure or distribution is prohibited.
If you are not the intended recipient, please immediately destroy all
copies of the original message and contact the sender by reply e-mail.
Thank You.
<><><><><><><><><><><><><><><><><><><><><><><><><><><><><><><><><>


----- Original Message -----
From: Robert
English <mailto:REnglish@musicesq.com>
To: burswood@kansas.com.hk <mailto:burswood@kansas.com.hk>
Cc: wilburh@kansas.com.hk <mailto:wilburh@kansas.com.hk> ; wilburyh@pacific.net.hk
<mailto:wilburyh@pacific.net.hk> ; Ronald
Bienstock <mailto:RBienstock@musicesq.com>
Sent: Wednesday, June 04, 2008 1:12 AM
Subject: Burswood Guitars - iGUITAR


Dear Mr. Chan,

Please refer to the attached letter regarding Burswood Guitars.

Best Regards,

1

Robert English
<mailto:renglish@musicesq.com> renglish@musicesq.com
<http://www.musicesq.com> http://www.musicesq.com

NEW JERSEY OFFICE:
Bienstock & Michael, P.C.
Continental Plaza
411 Hackensack Avenue, 7th Floor
Hackensack, NJ 07601
Telephone:   (201) 525-0300
Facsimile:    (201) 525-0133

NEW YORK OFFICE:
250 West 57th Street, Suite 808
New York, NY 10107
Telephone:   (212) 247-0848
Facsimile:    (212) 247-0910

This message, including any attached files, is intended only for the individual(s) to whom it is addressed or agent(s) responsible for its delivery to the intended recipient(s). The information contained herein may be confidential and/or protected by privilege from disclosure. If you are not the intended recipient, please notify the sender immediately. Thank you.

2

**EXHIBIT H**

# BIENSTOCK & MICHAEL, P.C.
## - COUNSELORS AT LAW -

RONALD S. BIENSTOCK***
JILL A. MICHAEL*
———
BRENT M. DAVIS**
ROBERT J. ENGLISH*
JEREMY B. KAPLAN**
LINDSAY D. MOLNAR*
DANIEL A. WEISS*
———
OF COUNSEL:
RANDALL S. D. JACOBS*
TODD B. RUBENSTEIN*
———
PARALEGALS:
JAMES E. MOELLER
———
*ADMITTED IN NY
*ADMITTED IN NJ
*ADMITTED IN WA
*ADMITTED IN CA

CONTINENTAL PLAZA
411 HACKENSACK AVENUE, 7th FLOOR
HACKENSACK, NEW JERSEY 07601-6329
TELEPHONE: (201) 525-0300
FACSIMILE: (201) 525-0133

WWW.MUSICESQ.COM

NEW YORK OFFICE:
250 WEST 57th STREET
SUITE 608
NEW YORK, NEW YORK 10107
TELEPHONE: (212) 247-0848
FACSIMILE: (212) 247-0910

REPLY TO NEW JERSEY

WRITER'S DIRECT EMAIL:
RONALD.BIENSTOCK@MUSICESQ.COM

June 9, 2008

*BY REGULAR MAIL*
*AND EMAIL (ademirci@iplg.com)*

Aylin Demirci, Esq.
Intellectual Property Law Group, LLP
12 South First Street, 12th Floor
San Jose, California 95113

> RE:    **BRIAN MOORE CUSTOM GUITARS, INC. re: iGUITAR TM Infringement**
>        **OUR FILE NO: 0698 – iGUITAR**

Dear Ms. Demirci,

Thank you for your response. While we appreciate the fact that you may need a short amount of time to review our letter, we must call your attention to the urgency of the matter at hand. Your client has manufactured and sold guitars and falsely represented them as "i-Guitars." This constitutes a clear violation of our client's intellectual property rights.

Our client owns a fully registered incontestable trademark for "iGUITAR" in International Class 015, which is well known by consumers and throughout the international musical instrument manufacturing industry. Your client was put on notice of our client's superior rights in the "iGUITAR" mark when the United States Patent and Trademark Office cited our client's registered trademark to block your client's attempted trademark application over one year ago. Despite being fully aware of our client's trademark rights, your client proceeded to manufacture and sell guitars using our client's "iGUITAR" mark. Such conduct is a clear instance of willful trademark infringement.

Additionally, your client's effort to trade upon our client's goodwill clearly amounts to unfair competition under Section 43(a) of the Lanham Act. Your client intended to deliberately confuse consumers into associating your client's goods with our client's famous guitar brand. As a result, your client has committed additional violations of our client's intellectual property rights.

# BIENSTOCK & MICHAEL, P.C.

Ms. Aylin Demirci, Esq.
June 9, 2008
Page 2

Unless we receive correspondence from you or your client by Friday June 13, 2008, confirming that your client has ceased its sales, public display, advertising, and distribution of guitars containing the "iGUITAR" mark, our client will have no choice but to take appropriate action to protect its valuable trademark rights. Additionally, in your response, our client demands that you disclose the number of units shipped to and sold in the United States bearing the "iGUITAR" mark. As you are undoubtedly aware, if such action is necessary, our client will be entitled to actual damages, costs, and your client's profits, or statutory damages up to $1,000,000 per infringement. See 15 U.S.C. §1117.

We look forward to your response and confirmation that your client has complied with the demands set forth in our letters.

This letter is not an exhaustive recitation of the facts, law or circumstances and we expressly reserve all of our client's rights under all applicable law.

Very truly yours,

Ronald S. Bienstock

RSB/rje
Encl.
cc: Brian Moore Custom Guitars, Inc.

**EXHIBIT 1**



MAIN OFFICE
Old Bank of America Building
12 South First Street, 12th Floor
San Jose, California 95113

SAN DIEGO
Emerald Plaza Center
402 West Broadway, Suite 400
San Diego, California 92101

**INTELLECTUAL
PROPERTY
LAW GROUP**
• Patent • Trademark • Copyright •
TEL: 408.286.8933
FAX: 408.286.8932
URL: www.iplg.com

LOS ANGELES
2600 Mission Street
Suite 100
San Marino, California 91108

WASHINGTON D.C.
601 Pennsylvania Avenue Center
South Building Suite 900
Washington, D.C. 20004

June 13, 2008

**Via U.S. First Class Mail
And Fax: (201) 525 – 0133**

Bienstock & Michael, P.C.
Attn: Ronald S. Bienstock, Esq.
Continental Plaza
411 Hackensack Ave., 7th Floor
Hackensack, NJ 07601-6329

Re:  IGUITAR
     IPLG File No.: KANSAS.CD1

Dear Mr. Bienstock:

We have reviewed your letters dated May 28, 2008 and June 9, 2008.

Our client, Kansas International Ltd. ("Kansas"), due to business and marketing
decisions, stopped exporting the products displaying the *i-Guitar@burswood*
mark in the U.S. at the end of December 2007. Kansas currently has no intention to
resume exporting products under the *i-Guitar@burswood* mark.

Nevertheless, we would like to address your claims stated in your letters. We disagree
with your assertions that our client's use of the *i-Guitar@burswood* mark constitutes
trademark infringement, unfair competition, false designation of origin or any unlawful
action. We do not believe that there is any likelihood of confusion between your client's
IGUITAR  mark and our client's *i-Guitar@burswood* mark. Our client's mark consists
of an entirely different style and font, includes a hyphen between the "i" letter and
"Guitar" word, and except for the "G" all letters are in lower case. In addition, and more
importantly, our client's mark contains the source identifier "@burswood". The
BURSWOOD mark is a well-known brand of our client's musical instruments, specifically
guitars and it has been in use in interstate commerce for more than ten years. Our

Page 2 of 6
KANSAS.CD1
June 13, 2008

client's subsidiary company, Legendary Sound International Ltd., owns the BURSWOOD federal trademark registration (Registration No. 2624996) and federal trademark application (Serial No. 77008183). Thus, the consumers who are famili *Guitar@burswood* client's BURSWOOD mark would know that the guitars sold under the mark originates from the same source who supplies the BURSWOOD guitars.

Another factor that needs to be considered in determining likelihood of confusion is the strength of the iGUITAR mark. The word "GUITAR" is a generic term for guitars, thus it does not function as a trademark to identify a source. The word "iGUITAR" is also generic, to the very least, merely descriptive of guitars. Furthermore, the use of a lower case letter "i" followed by a generic or merely descriptive term of which the first letter is capitalized is not an original and distinctive style. There are numerous third parties using this style in the market and several trademarks in that style can be found in the Principle Register of U.S. Patent and Trademark Office ("USPTO) registered by different parties. Due to the excessive usage of this styling by different parties in commerce, it would not be perceived by the consumers as a distinctive mark referring to one single source. Please see some of the federal trademark registrations as follows:

| Mark | Registration No. | Owner | Summary of Goods/ Services |
|---|---|---|---|
| ACTIVANT iNET | 3054017 | Activant Solutions Inc. | Information networking services etc. |
| iAIR | 3419152 | Burrows, Bruce | Air conditioning units |
| iBall | 3231243 | Winning Moves Inc. | Puzzles and games |
| iBall Instruments | 3284368 | Telecomm Consultants, Inc. | gas detecting for the presence of gas, thermometers for ambient temperature, voltage tester and resistance measuring instruments |
| iband | 2908707 | PENGUIN BRANDS, INC | MP3 carrying cases |

| | | | |
|---|---|---|---|
| **iBank** | 3235438 | IGG Software, LLC | financial management software for personal computers |
| **iPort** | 3424063 | Dana Innovations CORPORATION | Modules and connectors for interfacing home audio systems to portable audio players and recorders. |
| **iBike** | 3096850 | VelocompLLP | bicycle computer |
| **iCABLE** | 2738143 | Monster Cable Products, Inc. | Electrical and audio signal transmitting cables in class 009 |
| **iCAFE** | 3320627 | REMINGTON, INC. | Electric coffee makers |
| **iBags** | 2585945 | Hi-Performance Co. Ltd | Carrying cases |
| **iCOFFEE** | 3349724 | REMINGTON, INC. | Electric coffee makers |
| **iFAN** | 3206940 | GLJ, LLC LIMITED LIABILITY CORPORATION | Portable fans in |
| **ihome** | 3100044 | SDI TECHNOLOGIES, INC. | Retail store services featuring audio/visual home entertainment packages; Installation of audio/visual home entertainment packages |
| **ilearn** | 2744149 | Halliburton Energy Services, Inc. | Educational and training services |
| **imedia** | 3365500 | INI-GraphicsNet Stiftung | Technology consultation and research in the field of interactive digital media |
| **iMedia** | 3118051 | iMedia International, Inc. | Pre-recorded CD-ROMs and DVDs featuring movies, television and musical entertainment etc.; |

|  |  |  | Compiling statistical data about the preferences of consumers for competing entertainment products in the areas of movies, television and music and providing reports useful to estimate a consumer interest in a particular product |
|---|---|---|---|
| iNet Factory | 3028646 | JSCape LLC | Downloadable computer software for use in developing network capable applications for use in emailing, file transfers and web browsing |
| iNews | 3281129 | The Steller Company | Advertising services, namely, development and dissemination of personalized HTML e-mails on behalf of gift planning professionals to existing and potential donors |
| iNEWS | 2942338 | AVID TECHNOLOGY, INC. | electronic broadcast automation software |
| iPiano | 2984405 | Brighton Music, Inc. | Computerized player piano system comprising of an electronic controller, power supply, solenoid rail, solenoids, and printed circuit boards |
| iPlan | 3059918 | BrainLAB AG | planning software and programs for neurosurgical, orthopedic, radio therapeutic or radio surgical purposes |
| iPouch | 3041522 | Lim, Jonathan | Over-the shoulder pouch for carrying small portable electronic devices |
| iRIDE | 3132614 | Boreal Ridge Corporation | Ski resort services |
| iSchool | 3395983 | University of North Carolina at Greensboro, The | Education services in the nature of courses at the university level for high school |

FAX NO.    P. 06

| | | | | students |
|---|---|---|---|---|
| iSkin | 2970692 | ISKIN INC. CORPORATION | silicone cases for personal hand-held music players | |
| **iTub** | 3294499 | AMERICH CORPORATION | Bathtub with an arrangement for attaching a portable media player to the bathtub in a waterproof arrangement. | |
| iSTAR Online | 3106104 | Resolve Corporation | Computerized online ordering services in the field of instructional materials in the field of education. | |
| iTEXT | 3110717 | Concourse, Inc. | Consulting services in the field of telecommunication; mobile messaging services | |
| iTOOLS | 3091629 | EURASIA CONCEPTS, INC. | Electric rotary hair brush; Hand held electric hair dryers; Hair brushes, combs for back-combing hair | |
| iTube | 3249572 | Telusys Incorporated | Communications services, namely, transmitting streamed sound and audio-visual recordings via the Internet | |
| iTV | 2788108 | MONSTER CABLE PRODUCTS, INC. | Electrical, audio, and video signal transmitting cables and connectors for connecting a computer to a television to watch movies, not including use for interactive televisions | |

In conclusion, because the fonts of the marks are different, the common wording "GUITAR" is generic, our client's mark has an additional wording "@burswood" which signifies our client's well known brand, and that the particular styling of lower case "i" letter followed by a term of which the first letter is capitalized is diluted and not distinctive, supports our finding that there is no likelihood of confusion between your client's mark and our client's mark.

Page 6 of 6
KANSAS.CD1
June 13, 2008

For all the reasons articulated above, it is clear that our client's use of the
i-Guitar@burinwood mark does not constitute trademark infringement, unfair
competition or false designation of origin under the Lanham Act and our client has not
committed any wrongdoing or unlawful action.

We hope that our letter helps resolve this matter in an amicable way without both parties
incurring unnecessary legal costs. We will consider this matter resolved unless we hear
from you otherwise by June 23, 2008.

Sincerely,
INTELLECTUAL PROPERTY LAW GROUP LLP

Aylin Demirci
ademirci@iplg.com

AD/ra



**United States Patent and Trademark Office**

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz alerts | News | Help

## Trademarks > Trademark Electronic Search System (TESS)

*TESS was last updated on Fri Jun 13 04:08:44 EDT 2008*

`TESS HOME` `NEW USER` `STRUCTURED` `FREE FORM` `BROWSE DICT` `SEARCH OG` `BOTTOM` `HELP`

Logout Please logout when you are done to release system resources allocated for you.

## Record 1 out of 1

`TARR Status` `ASSIGN Status` `TDR` `TTAB Status` *( Use the "Back" button of the Internet Browser to return to TESS)*

# BURSWOOD

| | |
|---|---|
| **Word Mark** | BURSWOOD |
| **Goods and Services** | IC 015. US 002 021 036. G & S: Musical Instruments. FIRST USE: 19951231. FIRST USE IN COMMERCE: 19951231 |
| **Standard Characters Claimed** | |
| **Mark Drawing Code** | (4) STANDARD CHARACTER MARK |
| **Serial Number** | 77008183 |
| **Filing Date** | September 26, 2006 |
| **Current Filing Basis** | 1B |
| **Original Filing Basis** | 1B |
| **Published for Opposition** | May 8, 2007 |
| **Owner** | (APPLICANT) LEGENDARY SOUND INTERNATIONAL LTD. CORPORATION BR.VIRGIN ISLANDS P.O. BOX 3321, ROAD TOWN TORTOLA BR.VIRGIN ISLANDS |
| **Assignment Recorded** | ASSIGNMENT RECORDED |
| **Attorney of Record** | Otto O. Lee/ Ayfin Demirri |
| **Prior Registrations** | 2624966 |
| **Type of Mark** | TRADEMARK |
| **Register** | PRINCIPAL |
| **Live/Dead Indicator** | LIVE |

`TESS HOME` `NEW USER` `STRUCTURED` `FREE FORM` `BROWSE DICT` `SEARCH OG` `TOP` `HELP`

| HOME | SITE INDEX | SEARCH | eBUSINESS | HELP | PRIVACY POLICY

**EXHIBIT J**

# BIENSTOCK & MICHAEL, P.C.
### - COUNSELORS AT LAW -

RONALD S. BIENSTOCK***
JILL A. MICHAEL*
------
BRENT M. DAVIS**
.ROBERT J. ENGLISH·
JEREMY B. KAPLAN**
LINDSAY D. MOLNAR*
DANIEL A. WEISS*
------
OF COUNSEL:
RANDALL S. D. JACOBS*
TODD B. RUBENSTEIN·
------
PARALEGALS:
JAMES E. MOELLER
------
*ADMITTED IN NY
*ADMITTED IN NJ
*ADMITTED IN WA
*ADMITTED IN CA

CONTINENTAL PLAZA
411 HACKENSACK AVENUE, 7th FLOOR
HACKENSACK, NEW JERSEY 07601-6329
TELEPHONE: (201) 525-0300
FACSIMILE: (201) 525-0133

WWW.MUSICESQ.COM

NEW YORK OFFICE:
250 WEST 57th STREET
SUITE 808
NEW YORK, NEW YORK 10107
TELEPHONE: (212) 247-0848
FACSIMILE: (212) 247-0910

REPLY TO NEW JERSEY

WRITER'S DIRECT EMAIL:
RONALD.BIENSTOCK@MUSICESQ.COM

June 16, 2008

*BY REGULAR MAIL
AND EMAIL (ademirci@iplg.com)*

Aylin Demirci, Esq.
Intellectual Property Law Group, LLP
12 South First Street, 12th Floor
San Jose, California 95113

RE:    **BRIAN MOORE CUSTOM GUITARS, INC. re: iGUITAR TM Infringement
OUR FILE NO:  0698 – iGUITAR**

Dear Ms. Demirci,

I have received your response with respect to your client's unlawful infringement upon our client's iGUITAR trademark. However, you have not answered our question as to the number of units shipped to and sold in the United States. Our client takes this matter very seriously, and cannot consider this matter resolved until the scope of your client's conduct has been established.

With respect to the substance of your letter, your arguments denying your client's trademark infringement are simply without merit. They are the kinds of responses we receive in other matters from professional infringers. The fact is that your client filed a trademark application for "i-Guitar@burswood," which was rejected by the USPTO based on a likelihood of confusion with our client's registered "iGUITAR" trademark. Having been made fully aware of our client's senior mark, your client proceeded to engage in willful trademark infringement, creating a remedy under 15 U.S.C. § 1117, which includes actual damages, your client's profits, attorneys fees, and statutory damages.

Unless you disclose by Monday June 23, 2008, the number of units shipped to and sold in the United States bearing the "iGUITAR" mark, our client will take all appropriate action to protect its rights, interests, claims and remedies with respect to its intellectual property rights.

# BIENSTOCK & MICHAEL, P.C.

Aylin Demirci, Esq.
June 16, 2008
Page 2


        This letter is not an exhaustive recitation of the facts, law or circumstances and we
expressly reserve all of our client's rights under all applicable law.


                                        Very truly yours,




                                        Ronald S. Bienstock


RSB/rje
Encl.
cc: Brian Moore Custom Guitars, Inc.

**EXHIBIT K**



MAIN OFFICE
Old Bank of America Building
12 South First Street, 12ᵗʰ Floor
San Jose, California 95113

SAN DIEGO
Emerald Plaza Center
402 West Broadway, Suite 400
San Diego, California 92101

**INTELLECTUAL
PROPERTY
LAW GROUP**

• Patent • Trademark • Copyright •

TEL: 408.286.8933
FAX: 408.286.8932
URL: www.iplg.com

LOS ANGELES
2600 Mission Street
Suite 100
San Marino, California 91108

WASHINGTON D.C.
601 Pennsylvania Avenue Center
South Building Suite 900
Washington. D.C. 20004

June 23, 2008

**Via U.S. First Class Mail
And Fax: (201) 525 – 0133**

Bienstock & Michael, P.C.
Attn: Ronald S. Bienstock, Esq.
Continental Plaza
411 Hackensack Ave., 7ᵗʰ Floor
Hackensack, NJ 07601-6329

    Re:   iGUITAR

          IPLG File No.: KANSAS.CD1 _____

Dear Mr. Bienstock:

We are writing in response to your letter dated June 16, 2008. Our client takes this matter very seriously as well and we strongly disagree that our client is a professional infringer. The fact is that our client used the *i-Guitar@burswood* mark for a very brief period of time and stopped shipping products under this mark on its own due to business and marketing reasons long before your client expressed any concerns about trademark infringement, not because our client thought it might be infringing your client's

iGUITAR mark. Our client has no wrong doing, therefore declines to disclose the number of units shipped to and sold in the United States.

In your letter, you referenced the USPTO's office action rejecting the registration of our client's *i-Guitar@burswood* mark application due to your client's prio iGUITAR registration, and merely based on that you conclude that there is a likelihood of confusion between the two marks. From our office's ten years of extensive trademark prosecution experience we can state that 60 percent of the office actions with a likelihood of confusion refusal can be overcome with a strong legal argument supported by facts and evidence. If Examiners' findings of likelihood of confusion in office actions

Page 2 of 3
KANSAS.CD1
June 23, 2008

were to be conclusive and always accurate, there would be no need for a six-month period to respond to the office actions or opposition or cancellation proceedings. Thus, the mere fact that the Examiner reviewing our client's i-Guitar@burswood mark application raised a likelihood of confusion refusal in his office action does not support your assertions that there indeed is a likelihood of confusion between the marks and that the use of our client's mark after the receipt of the office action constitutes willful infringement.

As noted before, the only commonality between your client's mark and our client's mark is the generic term "GUITAR" and the certain styling of a lower case "i" followed by a wording of which the first letter is capitalized. As you know, if a common portion of the two conflicting marks is a generic name, the emphasis for a likelihood of confusion determination should be upon the confusing similarity of the non-generic portion, with the ultimate issue determined by the confusingly similarity of the total impression of both marks. As mentioned previously, the common word "GUITAR" is generic and the common styling stated above is weak and diluted due to the extensive usage by third parties in the marketplace. See J. THOMAS MCCARTHY, MCCARTHY ON TRADEMARKS AND UNFAIR COMPETITION § 23:49 (4th ed.). Furthermore, the additional elements of our client's mark, namely the font and design of our lettering and the additional wording "@burswood", are distinctive and significant enough to avoid risk of a likelihood of confusion. Therefore, when viewed in their entireties, the overall impression created by the marks is significantly different.

The consumer sophistication surrounding your client's and our client's products as well as the degree of care exercised before buying a guitar is another factor that needs to be considered. Your client sells high-end and custom guitars under the iGUITAR mark. It is obvious that the typical consumers of your client's products are highly trained music professionals, to the very least, music enthusiasts that exercise a higher degree of care in making purchasing decisions and are likely to recognize the clear differences between your client's mark and our client's mark. This is particularly evident where a product is relatively expensive because the process of purchasing it involves a higher level of purchaser engagement that tends to mitigate any likelihood of confusion.

Page 3 of 3
KANSAS.CD1
June 23, 2008

For the foregoing reasons, there is no colorable legal basis for your claims against our
client. We will consider this matter resolved and all allegations in your letters retracted
unless we hear from you otherwise by June 30, 2008.

Sincerely,

INTELLECTUAL PROPERTY LAW GROUP LLP

Aylin Demirci
ademirci@iplg.com

AD/ra

**EXHIBIT L**

# BIENSTOCK & MICHAEL, P.C.
### - COUNSELORS AT LAW -

RONALD S. BIENSTOCK*⁺⁺
JILL A. MICHAEL*
———
BRENT M. DAVIS**
ROBERT J. ENGLISH⁺
JEREMY B. KAPLAN**
LINDSAY D. MOLNAR*
DANIEL A. WEISS*
———
OF COUNSEL:
RANDALL S. D. JACOBS*
TODD B. RUBENSTEIN⁺
———
PARALEGALS:
JAMES E. MOELLER
———
*ADMITTED IN NY
*ADMITTED IN NJ
⁺ADMITTED IN WA
⁺⁺ADMITTED IN CA

CONTINENTAL PLAZA
411 HACKENSACK AVENUE, 7ᵗʰ FLOOR
HACKENSACK, NEW JERSEY 07601-6329
TELEPHONE: (201) 525-0300
FACSIMILE: (201) 525-0133

WWW.MUSICESQ.COM

NEW YORK OFFICE:
250 WEST 57ᵗʰ STREET
SUITE 808
NEW YORK, NEW YORK 10107
TELEPHONE: (212) 247-0848
FACSIMILE: (212) 247-0910

REPLY TO NEW JERSEY

WRITER'S DIRECT EMAIL:
RONALD.BIENSTOCK@MUSICESQ.COM

June 24, 2008

*BY REGULAR MAIL*
*AND EMAIL (ademirci@iplg.com)*

Aylin Demirci, Esq.
Intellectual Property Law Group, LLP
12 South First Street, 12ᵗʰ Floor
San Jose, California 95113

RE:    **BRIAN MOORE CUSTOM GUITARS, INC. re: iGUITAR TM Infringement**
       **OUR FILE NO: 0698 – iGUITAR**

Dear Ms. Demirci,

In response to your letter dated June 23, 2008, we assure you that our client does not consider this matter resolved, but rather, takes your client's actions very seriously.

Your discussion of likelihood of confusion and the trademark examination process is irrelevant. The essential fact is that our client owns the registered and incontestable trademark for "iGUITAR," which gives our client the exclusive right to use the mark in commerce. Your client chose to make technologically-oriented guitars using the "iGUITAR" mark, which creates the false suggestion that it acted under a license or had a business relationship with our client. Your client's actions plainly constitute trademark infringement, and under 15 U.S.C. § 1117, our client may recover, without limitation, actual damages, your client's profits, attorneys fees, and statutory damages.

# BIENSTOCK & MICHAEL, P.C.

Aylin Demirci, Esq.
June 24, 2008
Page 2

Aside from your client's obvious attempt to create source confusion and trade upon our client's goodwill, the undeniable fact is that your client was on notice of our client's mark at the time it chose to engage in willful trademark infringement. Even the most cursory due diligence would have revealed the presence of our client's "iGUITAR" brand, which is used in connection with no fewer than seven guitar models. This combined with the actual notice provided to your client by the USPTO clearly demonstrates willful infringement of our client's registered and incontestable trademark.

Unless you disclose by Friday June 27, 2008, the number of units shipped to the United States bearing the "iGUITAR" mark, the dates on which your client started and stopped shipment of these units, and proof of actual cessation of shipment, we have been instructed by our client to proceed with filing an action against your client.

Please be advised that this will be our final demand made by letter. If your client does not comply with the above, our client may take action to protect its intellectual property rights.

Notwithstanding the above, as an alternative for your client to avoid the additional costs of litigation, our client may be willing to consider a retroactive licensing arrangement for all units. Please bring this option to your client's attention and get back to us by the above date.

This letter is not an exhaustive recitation of the facts, law or circumstances and we expressly reserve all of our client's rights under all applicable law.

Very truly yours,

Ronald S. Bienstock

RSB/rje
cc: Brian Moore Custom Guitars, Inc.

**EXHIBIT M**



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

                                          :       Civil Action No.:
IGUITAR, INC., a Delaware corporation,    :
                                          :
              Plaintiff,                   :
                                          :
        v.                                :
                                          :
KANSAS INTERNATIONAL LTD., a              :
Hong Kong Corporation,                    :
                                          :
              Defendant.                   :
                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

        Plaintiff IGUITAR, Inc. ("IGI") by their attorneys, Bienstock & Michael, P.C., as and for

their Complaint against Defendant Kansas International Ltd. ("Defendant"), alleges as follows:

### JURISDICTION AND VENUE

1.      This is an action for trademark infringement under § 32 of the Lanham Act, 15

U.S.C. § 1114; unfair competition and false designation of origin under § 43(a) of the Lanham

Act, 15 U.S.C. § 1125(a); and trademark infringement and unfair competition under New York

state law.

2.      This Court has original jurisdiction over IGI's federal law claims pursuant to 28

U.S.C. §§ 1331 and 1338 and 15 U.S.C. § 1121.  This Court has supplemental jurisdiction

pursuant to 28 U.S.C. §§ 1338(b) and 1367 with respect to IGI's claims arising under the laws of

the State of New York.

3.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(d) because

Defendant is an alien corporation and IGI has its main office in New York State.

4.      The court has personal jurisdiction over Defendant pursuant to N.Y. C.P.L.R. §

302 because Defendant has established certain minimum contacts with New York such that the

S:\083107\0698\004\Complaint.doc

exercise of personal jurisdiction over Defendant would not offend traditional notions of fair play and substantial justice. Defendant has and continues to conduct business in the State of New York and within the Southern District of New York.

## THE PARTIES

5.      IGI is a corporation organized and existing under the laws of Delaware, having its principal place of business at 290 Main Street, Bldg. 3, Cold Spring, New York 10516. IGI (F/K/A Brian Moore Guitars, Inc.) is engaged, *inter alia*, in the business of manufacturing, distributing, and selling guitars and bass guitars.

6.      Upon information and belief, Defendant is a Hong Kong Corporation, having an official address of L1 Unit 2, Mirror Tower, 61 Mody Road, TST, Kowloon, Hong Kong.

## IGI'S INTELLECTUAL PROPERTY

7.      IGI is an industry leading manufacturer, distributor and seller of guitars and bass guitars that are specifically designed to directly interface via MIDI (Musical Instrument Digital Interface) under, *inter alia*, the federally registered and incontestable "IGUITAR (stylized)" trademark (Reg. No.: 2,319,117) (hereinafter, "IGUITAR ®") in Class 15. IGI also manufactures, distributes and sells traditional guitars and bass guitars without MIDI capability, under different trademarks.

8.      IGI's IGUITAR ® guitars and bass guitars utilize a combination of magnetic and piezo pickups to transmit the vibration of the strings.

9.      Unlike conventional guitars and bass guitars, IGI's IGUITAR ® guitars and bass guitars employ a 13-pin polydrive system to facilitate digital MIDI connectivity with a variety of synthesizers and MIDI capable devices. Thus, IGI's IGUITAR ® guitars and bass guitars are designed to function as MIDI controllers, which can be used to perform music in real time and transmit a MIDI data stream of the performance.

10.     IGI's IGUITAR ® guitars and bass guitars also possess a traditional ¼ inch output signal jack which can be independently connected to: (i) a traditional magnetic amplifier for electric tonality; or (ii) a piezo acoustic amplifier for acoustic guitar tonality.

11.     The foregoing signal output options can be used independently or simultaneously, allowing for limitless sound combinations.

12.     IGI began selling its IGUITAR ® guitars and bass guitars in the United States in approximately August, 1998. IGUITAR ® was registered on February 15, 2000, for stringed musical instruments, namely acoustic and electric guitars and acoustic and electric basses.

13.     Pursuant to Sections 15 and 33 of the Lanham Act, 15 U.S.C. §§ 1065 and 1115, said registration constitutes prima facie evidence of (i) the validity of IGUITAR ®, (ii) IGI's ownership of IGUITAR ®, and (iii) IGI's exclusive right to use IGUITAR ®.

14.     Over the course of the past decade, IGI has continuously sold IGUITAR ® guitars and bass guitars throughout the United States, including within the State of New York, at a variety of retail locations and through direct sales to consumers. IGI has invested substantial time, effort and money to create a strong market and consumer recognition of IGUITAR ® guitars and bass guitars. IGI has widely promoted and advertised its IGUITAR ® guitars and bass guitars via a variety of consumer and trade publications, online marketing at IGI's website, www.iguitar.com, and as an exhibiter at industry trade shows (*i.e.*, the NAMM Show).

15.     IGI's IGUITAR ® guitars and bass guitars are industry-renowned for their excellence and unique features.

16.     As a result of the foregoing continuous usage of IGUITAR ® in United States commerce, IGI has also acquired common-law rights to the term "IGUITAR" in a non-stylized format (the "IGUITAR TM") (hereinafter, IGUITAR ® and IGUITAR TM are collectively referred to as the "IGUITAR Trademarks").

17.    IGI's IGUITAR Trademarks enjoy an extremely high degree of consumer recognition.

## DEFENDANT'S UNLAWFUL CONDUCT

18.    Upon information and belief, Defendant is a foreign manufacturer of musical instruments, including guitars, under the brand "Burswood," which it exports worldwide.

19.    Upon information and belief, on December 12, 2006, Defendant's subsidiary company, Legendary Sound International, Ltd., a British Virgin Island corporation (hereinafter, "Legendary Sound"), filed an application with the United States Patent and Trademark Office (the "USPTO") for registration of the mark "I-GUITAR@BURSWOOD" on the Principal Register, pursuant to Section 1(a) of the Lanham Act, 15 U.S.C. § 1051(a).

20.    According to USPTO records, on February 15, 2007, an office action was issued by the trademark examiner refusing Defendant's trademark application, citing IGUITAR ® as a blocking mark, due to a likelihood of consumer confusion.

21.    On September 14, 2007, the USPTO issued a Notice of Abandonment, indicating that Legendary Sound had failed to timely respond to the office action.

22.    Despite the foregoing office action, specifically notifying Defendant of IGI's ownership of IGUITAR ®, upon information and belief, in approximately 2007, Defendant willfully and knowingly, manufactured, shipped and sold guitars in the United States under the mark "I-GUITAR@BURSWOOD (stylized)" (hereinafter, the "Defendant's Infringing Mark").

23.    In approximately May, 2008, IGI became aware of Defendant's manufacture, distribution and sale of at least two guitar models, the JE-3SD and 42-239, which prominently display Defendant's Infringing Mark on the product packaging (hereinafter, the "Defendant's Infringing Goods.")

S:\083107\0698\004\Complaint.doc                    4

24.    Defendant's Infringing Goods possess an internal SD (Secure Digital) recording device for recording and playback.

25.    Upon information and belief, Defendant's Infringing Goods were offered for sale across the United States at large chain retail locations, including, without limitation, RadioShack Corporation (RadioShack Stores) and Target Corporation (Target Stores).

26.    On May 28, 2008, IGI's counsel sent a "cease and desist letter" to Defendant, notifying Defendant of IGI's superior rights to the mark "IGUITAR," and asserting that Defendant's Infringing Mark constituted infringement of IGI's well-established trademark rights.

27.    On June 4, 2008, Defendant's counsel, Aylin Demirci, Esq., responded indicating that her firm, Intellectual Property Law Group, LLC., represented the Defendant in this matter, and requested additional time to respond to IGI's allegations.

28.    On June 9, 2008, IGI's counsel sent correspondence to Defendant's counsel, reiterating the foregoing demand and requesting disclosure of the number units of Defendant's Infringing Goods shipped and sold in the United States.

29.    On June 13, 2008, Defendant's counsel responded alleging that Defendant had stopped exporting Defendant's Infringing Goods at the end of December, 2007 and denying IGI's allegations.

30.    Despite additional correspondence between the parties dated June 16 and June 23, Defendant continued to refuse to disclose the number of units of Defendant's Infringing Goods shipped and sold in the United States, and failed to sufficiently assure IGI that it had permanently ceased its usage of Defendant's Infringing Mark and sale of Defendant's Infringing Goods.

31.    On June 24, 2008, IGI's counsel sent correspondence to Defendant's counsel advising, inter alia, that if Defendant did not disclose (i) the number of units shipped bearing

Defendant's Infringing Mark; (ii) the dates on which Defendant started and stopped shipment of
Defendant's Infringing Goods; and (iii) proof of actual cessation of shipment, IGI would proceed
to file an action against Defendant (for trademark infringement and unfair competition).

32.     As a result of Defendant's failure to fully comply with IGI's demands, IGI has
brought this action seeking the following relief:

**FIRST CLAIM FOR RELIEF**
**TRADEMARK INFRINGEMENT (15 U.S.C. § 1114)**

33.     IGI hereby repeats and realleges, as if fully set forth herein, the allegations set
forth in paragraphs 1 through 32, above.

34.     Defendant's infringing activities are likely to cause and have caused confusion,
mistake and deception among the general consuming public and trade as to the origin and quality
of Defendant's Infringing Goods.

35.     Said likelihood of consumer confusion is increased by the fact that IGI's
IGUITAR ® guitars and bass guitars and Defendant's Infringing Goods both possess electronic
devices which can be used to digitally record sound.

36.     Defendant's unlawful actions constitute infringement of IGI's IGUITAR ®
trademark in violation of IGI's rights under Section 32 of the Lanham Act, 15 U.S.C. § 1114.

37.     Defendant has been and is infringing IGI's IGUITAR ® trademark with full
knowledge and willful disregard for IGI's exclusive rights and knowing that the IGUITAR®
Mark is associated exclusively with IGI.

38.     Defendant's conduct is intentional, willful, wanton and malicious, and is
undertaken with intent to reap the benefit of IGI's trade identity and goodwill and to give
Defendant's Infringing Goods a market acceptance and salability that they otherwise would not
enjoy.

39.    IGI has no adequate remedy at law, and is suffering irreparable harm and damage as a result of the acts of Defendant as aforesaid in an amount thus far not determined, but believed to be in excess of $1,000,000.

40.    Defendant's unlawful actions have caused IGI irreparable harm for which IGI is entitled to permanent injunctive relief under 15 U.S.C. § 1116.

### SECOND CLAIM FOR RELIEF
### FALSE DESIGNATION OF ORIGIN
### AND UNFAIR COMPETITION (15 U.S.C. § 1125(A))

41.    IGI hereby repeats and realleges, as if fully set forth herein, the allegations set forth in paragraphs 1 through 40, above.

42.    Defendant has affixed, applied, or used in connection with the sale of Defendant's Infringing Goods, false descriptions and representations, which tend falsely to describe or represent that the goods offered by Defendant are sponsored by, authorized by or connected with IGI.

43.    Upon information and belief, the activities of Defendant complained of herein constitute willful and intentional uses, appropriations and infringements of IGI's IGUITAR Trademarks; completely and deliberately disregarding IGI's rights and were commenced and have continued in spite of Defendant's knowledge that the use of Defendant's Infringing Mark was and is in direct contravention of IGI's rights, all in violation of 15 U.S.C. § 1125(a).

44.    IGI has no adequate remedy at law, and is suffering irreparable harm and damage as a result of the acts of Defendant as aforesaid in an amount thus far not determined, but believed to be in excess of $1,000,000.

### THIRD CLAIM FOR RELIEF
### COMMON-LAW TRADEMARK INFRINGEMENT

45.    IGI hereby repeats and realleges, as if fully set forth herein, the allegations set forth in paragraphs 1 through 44, above.

S:\083107\0698\004\Complaint.doc                    7

46.     As a result of the confusing similarity of Defendant's Infringing Mark and Defendant's wrongful conduct described above, the manufacture, advertising, distribution and sale of Defendant's Infringing Goods constitutes infringement of IGI's exclusive common-law rights in that such use is likely to cause and has caused confusion, deception and mistake in the minds of the public with respect to the origin, source and affiliation of Defendant's infringing goods.

47.     Defendant's Infringing Mark is confusingly similar to IGI's IGUITAR Trademarks and has been and continues to violate and infringe IGI's common-law trademark rights. Defendant's unlawful actions constitute common-law trademark infringement under New York law.

48.     IGI has no adequate remedy at law, and is suffering irreparable harm and damage as a result of the acts of Defendant as aforesaid in an amount thus far not determined, but believed to be in excess of $1,000,000.

49.     Defendant's unlawful actions have caused IGI irreparable harm for which IGI is entitled to permanent injunctive relief.

### FOURTH CLAIM FOR RELIEF
### COMMON-LAW UNFAIR COMPETITION

50.     IGI hereby repeats and realleges, as if fully set forth herein, the allegations set forth in paragraphs 1 through 49, above.

51.     Defendant's foregoing wrongful conduct constitutes unfair competition under the common-law of the State of New York.

52.     IGI has no adequate remedy at law, and is suffering irreparable harm and damage as a result of the acts of Defendant as aforesaid in an amount thus far not determined, but believed to be in excess of $1,000,000.

WHEREFORE, Plaintiff, IGUITAR Inc., seeks judgment against Defendant, Kansas International Ltd., as follows:

A.      That Defendant, its officers, agents, servants, employees and attorneys, and those in active concert or participation with Defendant, be permanently enjoined and restrained from:

> 1)      Using in any manner Defendant's Infringing Mark;
>
> 2)      Manufacturing, marketing, advertising, distributing or selling musical instruments bearing Defendant's Infringing Mark, including, without limitation, Defendant's Infringing Goods;
>
> 3)      Representing, suggesting in any fashion to any third party, or performing any act which may give rise to the belief that Defendant, or any of its goods, are authorized or sponsored by IGI;
>
> 4)      Passing off, inducing or enabling others to sell or pass off any goods as products produced by IGI; and
>
> 5)      Otherwise competing unfairly with IGI in any manner.

B.      That Defendant be ordered to deliver up to IGI for destruction, any and all goods in its possession, or under its control, that infringe of IGI's IGUITAR Trademarks.

C.      That IGI be awarded actual damages in an amount to be determined at trial for infringement of IGI's IGUITAR Trademarks as provided by law.

D.      That Defendant account for and pay over to IGI profits realized by Defendant by reason of Defendant's unlawful actions herein alleged and that the amount of disgorgement for infringement of IGI's registered and incontestable trademark be increased by a sum not exceeding three times the amount thereof as provided by law and that the Court impose whatever final equitable relief is necessary to achieve the foregoing, including, without limitation, the imposition of a constructive trust.

S:\083107\0698\004\Complaint.doc                    9

E.    That Defendant be awarded reasonable attorneys' fees and costs, pursuant to 15 U.S.C. § 1117.

F.    Such other and further relief as is just and proper.

G.    A trial by jury as to all appropriate issues.


Dated: Hackensack, New Jersey          BIENSTOCK & MICHAEL, P.C.
       July 15, 2008


                                       By: _____
                                          Ronald S. Bienstock, Esq. [RB-6059]
                                          Continental Plaza
                                          411 Hackensack Avenue, 7th Floor
                                          Hackensack, New Jersey 07601
                                          (201) 525-0300
                                          (201) 525-0133 Fax

                                          or

                                          New York Office
                                          250 West 57th Street, Suite 808
                                          New York, NY 10107
                                          (212) 247-0848
                                          (212) 247-0910 Fax

                                          Please respond to the New Jersey
                                          Office

                                          *Attorney for Plaintiff, IGUITAR, Inc.*

S:\083107\0698\004\Complaint.doc          10