OTTO O. LEE, SBN 173987
olee@iplg.com
JOHN V. MEJIA, SBN 167806
jmejia@iplg.com
MARGAUX A. AVIGUETERO, SBN 244767
maviguetero@iplg.com
KAVYA MOHANKUMAR, SBN 255448
kmohankumar@iplg.com
INTELLECTUAL PROPERTY LAW GROUP LLP
12 South First Street, Twelfth Floor
San Jose, California 95113
Telephone: (408) 286-8933
Facsimile: (408) 286-8932

Attorneys for Plaintiff
KANSAS INTERNATIONAL LTD.

THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KANSAS INTERNATIONAL LTD., a Hong Kong corporation,<br><br>Plaintiff,<br><br>v.<br><br>BRIAN MOORE CUSTOM GUITARS, INC., a corporation form unknown, and IGUITAR, INC., a Delaware corporation,<br><br>Defendants. | Case No.: CV 08-03120-PJH<br><br>**PLAINTIFF KANSAS INTERNATIONAL LTD'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**<br><br>**DATE: September 10, 2008**<br>**TIME: 9:00 a.m.**<br>**DEPT: Courtroom 3, 17th Floor**<br>           450 Golden Gate Avenue, San<br>           Francisco, CA 94102<br>**JUDGE: Hon. Phyllis J. Hamilton** |

**PLAINTIFF KANSAS INTERNATIONAL LTD'S MEMORANDUM OF POINTS AND**

**AUTHORITIES IN OPPOSITION TO DEFENDANT IGUITAR, INC'S MOTION TO DISMISS**

COMES NOW, Plaintiff KANSAS INTERNATIONAL, LTD. ("Kansas"), by and through its

attorneys of record, and offers the following as its opposition to Defendant IGUITAR, INC.'s ("IGI"

and/or "Defendant") motion to dismiss pursuant to F.R.C.P 12(B) and 28 U.S.C. § 1404(a).

- 1 -

**Kansas International, Inc.'s Memorandum of Points And Authorities in Opposition to Defendant's Motion To Dismiss.**

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ………………………………………………………………...………….. 3

I.    INTRODUCTION ………………………………………………………………...……………. 5

II.    STATEMENT OF FACTS…………………………………………..…………………….. 6

III.    ARGUMENT ……………………………………………………………...…… 9

    A.    THE COURT SHOULD PRESERVE PLAINTIFF'S FIRST FILED SUIR IN CALIFORNIA AND ENJOIN DEFENDANT'S SECOND FILED SUIT IN NEW YORK, THEREBY HONORING THE STRONG PRESUMPTION ACROSS FEDERAL COURTS FAVORING THE FORUM OF THE FIRST FILED SUIT………………………………………………………………………………….. 9

    B.    DEFENDANTS HAVE OT MADE ANY SHOWING OF COMPELLING CIRCUMSTANCES AND THE COURT SHOULD NOT THEREFORE DETER FROM THE FIRST-TO-FILE RULE AND SHOULD ALLOW PLAINTIFF TO MAINTAIN SUIT IN CALIFORNIA WHILE ENJOINING THE SECOND FILED SUIT IN NEW YORK…………………………………………………………………. 11

    C.    CALIFORNIA IS THE CHOSEN VENUE OF THE TRUE PLAINTIFF AND THE MOST CONVENIENT VENUE AND THEREFORE THE COURT SHOULD MAINTAIN THE FIRST FILED SUIT IN CALIFORNIA WHILE ENJOINING THE SECOND FILED SUIT IN NEW YORK…………………………………………………………………………. 14

IV    CONCLUSION………………………………………………………………………… 18

CERTIFICATE OF SERVICE …………………………………………...…………………… 19

INTELLECTUAL PROPERTY LAW GROUP LLP
12 South First Street, Twelfth Floor
San Jose, California 95113

**Kansas International, Inc.'s Memorandum of Points And Authorities in Opposition to Defendant's Motion To Dismiss.**

# TABLE OF AUTHORITIES

**Cases**

Aerielle v. Monster Cable Products, Inc.,
   No. 2:06-CV-352 (E.D. Texas, decided March 26, 2007) ..................................14, 18

Alltrade, Inc. v. Uniweld Products, Inc.,
   946 F.2d 625 (9th Cir. Cal. 1991) ................................................................... 8, 10

City of New York v. Exxon Corp.,
   932 F.2d 1020, 1025-26 (2d Cir. 1991) ..................................................... 9

Citigroup Inc. v. City Holding Co.,
   97 F.Supp. 2d 549, (S.D.N.Y. 2000) ........................................................... 9

Church of Scientology of Cal. v. United States Dep't of Defense,
   611 F.2d 738 (9th Cir. 1979) ..................................................................8, 9

Guthy-Renker Fitness LLC v. Icon Health & Fitness, Inc.,
   179 F.R.D. 264 (C.D. Cal. 1998) ................................................................ 13

Manuel v. Convergys Corp., 430
   F.3d 1132 (11th Cir. 2005) ................................................................... 9, 11

Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Haydu,
   675 F.2d 1169 (11th Cir. 1982) ....................................................................... 9

Mohamed v. Mazda Corp.,
   90 F.Supp. 2d 757, 768 (E.D. Tex. 2000) ................................................. 14, 15

National Equip. Rental, Ltd. v. Fowler,
   287 F.2d 43, 45 (2d Cir. 1961) ................................................................. 9

Shoemake v. Union Pac. R.R. Co.,
   233 F. Supp. 2d 828, 829 (E.D. Tex. 2002) ............................................. 14, 15

Time, Inc. v. Manning,
   366 F.2d 690 (5th Cir.1966) .......................................................................... 15

United States Fire Ins. Co. v. Goodyear Tire & Rubber Co.,
   920 F.2d 487, 488 (8th Cir. 1990) ............................................................... 9

Ward v. Follet Corp.,
   158 F.R.D. 645, 648 (N.D. Cal 1994) ......................................................... 10

- 3 -

**Kansas International, Inc.'s Memorandum of Points And Authorities in Opposition to Defendant's Motion To Dismiss.**

Ven-Fuel, Inc. v. Dep't of the Treasury,
     673 F.2d 1194, 1195 (11th Cir. 1982)……………………………………………………… 11

Z-Line Designs, Inc. v. Bell'O Intl'l LLC
     218 F.R.D. 663 (N.D.Cal 2003) ………………………..……………..……. 9, 10, 11, 12

**Statutes**

28 U.S.C. § 1404(a) ………………………………………………...…………………….... 14, 15

INTELLECTUAL PROPERTY LAW GROUP LLP
12 South First Street, Twelfth Floor
San Jose, California 95113

**Kansas International, Inc.'s Memorandum of Points And Authorities in Opposition to Defendant's Motion To Dismiss.**

## **INTRODUCTION**

Plaintiff Kansas International Ltd., ("Kansas"), hereby opposes Defendant IGUITAR Inc.'s ("Defendant" and/or "IGI" ") motion to dismiss pursuant to Fed. R. Civ. P. 12(b) and 28 U.S.C. § 1404(a), in that Kansas first brought suit in California with this District Court before IGI filed suit in New York, and that this District Court in California is the most convenient venue and forum for the parties. As such, this action should proceed and Defendant's action pending in the United States District Court for the Southern District of New York must be dismissed or stayed.

On or about May 28, 2008, Defendant sent a cease and desist letter to Kansas, alleging trademark infringement and unfair competition of Defendant's "IGUITAR" mark based on Kansas' use of its "i-Guitar@burswood" mark. In subsequent correspondences with Defendant, Kansas clearly enunciated its belief that it had not infringed on any of Defendant's trademarks. Further, Kansas reiterated its position that there was no likelihood of confusion between Kansas'"i-Guitar@burswood" mark and Defendant's "IGUITAR" mark because of the presence of the source identifier "@burswood," and the significant differences in the style, font and format of the word "IGUITAR" as used by Kansas and Defendant. At no time during these correspondences did Kansas believe that there was an imminent threat of litigation from Defendant.

In order to adequately protect its business and intellectual property interests, Kansas filed its declaratory suit in this District Court on June 27, 2008. The suit was not filed in bad faith, was not in anticipation of litigation, and was not an act of forum shopping. In the absence of any of the above-mentioned compelling factors, and as will be argued bellow, the first-to-file rule requires that Kansas' first filed suit in California be maintained and that Defendant's second filed suit be stayed or dismissed. Moreover, California is the most convenient forum for Kansas and all of Kansas'

**Kansas International, Inc.'s Memorandum of Points And Authorities in Opposition to Defendant's Motion To Dismiss.**

witnesses. The Plaintiff's forum should therefore be left undisturbed and Defendant's second filed suit should be enjoined.

## STATEMENT OF FACTS

Kansas is a foreign corporation based in Hong Kong. Kansas specializes in the design and manufacture of musical instruments, including guitars under the brand "Burswood." Kansas has been using the "Burswood" mark for guitars in interstate commerce since as early as 1995. By virtue of Kansas' extensive use, advertising, and promotion of the "Burswood" mark, the "Burswood" mark operates as an exclusive designation of origin of goods, and as a symbol of the goodwill and excellent reputation of Kansas' business. Due to Kansas' continuous use of the "Burswood" mark and extensive advertising thereof, the "Burswood" mark has acquired distinctiveness and a secondary meaning to purchasers. Consumers who purchase guitars under the "Burswood" mark understand that those guitars originate exclusively from Kansas.

Defendant Brian Moore Custom Guitar, Inc., ("BMCG") is a dissolved corporation now operating as Defendant IGUITAR, Inc. On information and belief, BMCG existed under the laws of the State of New York, with its principal place of business inNew York. On information and belief, Defendant IGUITAR, Inc., exists under the laws of the State of Delaware, with its principal place of business in New York.

Defendant IGUITAR, Inc. is a manufacturer of guitars, including a series of guitars under the brand "IGUITAR" BMCG claims to be the rightful owner of the IGUITAR mark based on a registration of the mark filed on February 15, 2000. BMCG also filed a Combined declaration of Use and Incontestability under Sections 8 and 15 of the Lanham Act (U.S.C. §§ 1058 and 1065) on February 7, 2006. Contending that it is the prior user of the IGUITARmark (since 1998), BMCG,

**Kansas International, Inc.'s Memorandum of Points And Authorities in Opposition to Defendant's Motion To Dismiss.**

through counsel, sent a cease and desist letter directly to Kansas dated May 28, 2008, demanding that Kansas stop the use of the IGUITAR mark. Defendant contended that Kansas' use of the "i-Guitar@burswood" mark for its guitar products constitutes infringement of BMCG's IGUITAR Mark under 15 U.S.C. § 1114, unfair competition and false designation of origin under 15 U.S.C §1125(a). Defendant also accused Kansas of willfully and intentionally infringing the IGUITAR Mark and the IGUITAR Mark Registration. (*aforementioned letter attached as Exhibit F to the Declaration of Ronald S. Bienstock in support of Defendant's motion to dismiss*).

On June 13, 2008, Kansas, through retained counsel, denied IGUITAR's allegations of trademark infringement, unfair competition, and false designation of origin. Kansas informed Defendant that it had discontinued shipping guitars in the U.S. under the "i-Guitar@burswood" mark due to business and marketing decisions at the end of December 2007, and that Kansas had not intention to resume exporting products under the mark. further informed Defendant that it firmly believes that there is no likelihood of confusion between Kansas' "i-Guitar@burswood" mark and the alleged IGUITAR Mark and IGUITAR Mark Registration. The letter also reiterated that Kansas' "i-Guitar@burswood" mark consists of an entirely different style and font, includes a hyphen between the letter "i" and the word "Guitar," and all letters are in lower case except for the letter "G."

It was also explained that Kansas' "i-Guitar@burswood" mark contains the source identifier "@burswood." The "Burswood" mark is a well-known brand of Kansas' musical instruments, specifically guitars. Kansas' subsidiary company, Legendary Sound International Ltd., owns the BURSWOOD federal trademark registration (Registration No. 2624996) and federal trademark application (Serial No. 77008183). Kansas explained to the Defendant that Kansas has control over the use of the "Burswood" mark and the sale of Burswood guitars by Legendary Sound

**Kansas International, Inc.'s Memorandum of Points And Authorities in Opposition to Defendant's Motion To Dismiss.**

International Ltd. Thus, consumers who are familiar with Kansas' use of the "Burswood" mark would know that the guitars sold under the "i-Guitar@burswood" mark originates from Kansas. (*aforementioned letter attached as Exhibit I to the Declaration of Ronald S. Bienstock in support of Defendant's motion to dismiss*).

In further correspondences with Kansas' counsel on June 9, June 16, and June 24, 2008, BMCG continued to express its alleged belief of trademark infringement and unfair competition by Kansas. Kansas' counsel, Ms. Demirci, through her responses to Defendant's letters, attempted to prove to Defendant that Kansas had not willfully or intentionally infringed on Defendant's mark. Kansas realized that absent a declaration of non-infringement of trademark, a declaration of invalidity and unenforceability of trademark, and an order canceling the IGUITAR Mark Registration, Defendant will continue to wrongly assert rights under the IGUITAR Mark and the IGUITAR Mark Registration against Kansas, and thereby cause Kansas irreparable harm. Kansas decided to take matters into its own hands and in order to protect its business and intellectual property interests, filed a declaratory judgment suit in the federal court in California on June 27, 2008.

## ARGUMENT

**1. The Court should preserve Kansas' first filed suit in California and enjoin Defendant's second filed suit in New York, thereby honoring the strong presumption across federal courts favoring the forum of the first filed suit.**

The "first-to-file" rule was developed to "serve the purpose of promoting efficiency well and should not be disregarded lightly." *Alltrade, Inc. v. Uniweld Products, Inc.,* 946 F.2d at 625, *quoting, Church of Scientology v. United States Dep't of the Army*, 611 F.2d 738, 750 (9th Cir. 1979). It is a

**Kansas International, Inc.'s Memorandum of Points And Authorities in Opposition to Defendant's Motion To Dismiss.**

doctrine of federal comity and should be honored whenever possible. *Citigroup Inc. v. City Holding Co.*, 97 F.Supp. 2d 549, 555 (S.D.N.Y. 2000). The "first-to-file" rule states that "where two actions involving overlapping issues and parties are pending in two federal courts, there is a strong presumption across the federal courts that favors the forum of the first-filed suit…" *Manuel v. Convergys Corp.*, 430 F.3d 1132 (11th Cir. 2005) (citing *United States Fire Ins. Co. v. Goodyear Tire & Rubber Co.*, 920 F.2d 487, 488 (8th Cir. 1990); *Church of Scientology of Cal. v. United States Dep't of Defense*, 611 F.2d 738, 750 (9th Cir. 1979); *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Haydu*, 675 F.2d 1169, 1174 (11th Cir. 1982)). It is important to note that in *Z-Line Designs, Inc. v. Bell'O Int'l LLC*, 218 F.R.D. 663, 665 (N.D.Cal 2003), the court cautioned that the first to file rule carries a strong presumption, and "should not be disregarded" lightly. (citing *Church of Scientology v. U.S. Dept't of the Army*, 611 F.2d 738, 790 (9th Cir. 1979). "In applying the ("first-to-file") rule and in furtherance of its underlying principles, the court of first-filing may enjoin the parties from proceeding in the later-filed action. *Citigroup Inc.*, at 555 (citing *City of New York v. Exxon Corp.*, 932 F.2d 1020, 1025-26 (2d Cir. 1991)*;* N*ational Equip. Rental, Ltd. v. Fowler*, 287 F.2d 43, 45 (2d Cir. 1961). "Staying the later-filed action serves to prevent the inefficiency and wastefulness of allowing duplicative litigation to proceed in two different fora." *Id*.

When applying the first-to-file rule, a court looks at three threshold factors: 1) the chronology of the two actions; 2) the similarity of the parties; and 3) the similarity of the issues. *Id*.

Not only are all three threshold factors met by Plaintiff, the Defendants themselves admit that the three threshold factors to be considered favor Plaintiff in this case. *See IGUITAR's Motion to Dismiss at page 9, lines 1-4.* As explained below, the three factors are readily applied to the facts before the court.

- 9 -

**Kansas International, Inc.'s Memorandum of Points And Authorities in Opposition to Defendant's Motion To Dismiss.**

1. Kansas, the true Plaintiff, filed its complaint first in California on June 27, 2008. Defendant filed its complaint in New York on July 16, 2008. The first factor therefore favors Kansas.

2. Kansas' complaint in California is entitled Kansas International Ltd., v. Brian Moore Custom Guitars Inc., and IGUITAR, Inc. and Defendant's complaint in New York captioned Brian Moore Custom Guitars Inc., and IGUITAR, Inc., v. Kansas International Ltd. Kansas and IGUITAR are the only two parties involved in both actions, so the second factor also favors Kansas.

3. Both parties agree that the central issues involved in the cases relate to trademark infringement, and therefore the third factor also favors Kansas.

When, as in this case, all the requirements for the "first-to-file" rule have been met, the court should honor the presumption across federal courts and allow the true Plaintiff, Kansas, to maintain its first filed suit in California and in the interest of efficiency and prevention of wastefulness, enjoin the second filed action in New York.

**2. Defendant has not made any showing of compelling circumstances and the court should not therefore deter from the first-to-file rule, and should allow Kansas to maintain suit in California while enjoining the second filed suit in New York.**

The court, in *Z-line* held that it may, in its discretion, dispense with the first-to-file rule under certain circumstances. "Circumstances under which the first to file rule will not be applied include bad faith, anticipatory suit, and forum shopping." *Z-Line Designs, Inc. v. Bell'O Intl'l LLC*, 218 F.R.D. 663, 665 (N.D.Cal 2003) (citing *Ward v. Follet Corp.*, 158 F.R.D. 645, 648 (N.D. Cal 1994); *Alltrade, Inc., v. Uniweld Products, Inc.*, 946 F.2d 622, 623, (9th Cir. 1991)). Even if a court finds

**Kansas International, Inc.'s Memorandum of Points And Authorities in Opposition to Defendant's Motion To Dismiss.**

that a filing is anticipatory, this consideration does not transmogrify into an obligatory rule mandating dismissal. *Manuel v. Convergys Corp.*, 430 F.3d 1132 (11th Cir. Ga. 2005) (citing Ven-Fuel, Inc. v. Dep't of the Treasury, 673 F.2d 1194, 1195 (11th Cir. 1982))  "A suit is anticipatory when the plaintiff filed upon receipt of specific, concrete indications that a suit by defendant was imminent." *Z-Line Designs, Inc.*, at 665. "Such anticipatory suits are disfavored because they are examples of forum shopping." *Id*. Furthermore, the party objecting to jurisdiction in the first-filed forum carries the burden of proving one of these "compelling circumstances" to warrant an exception to the first-filed rule. *Manuel*, 430 F.3d at 1135.

Here, Defendant has not proven any compelling circumstances to warrant a shift from the "first-to-file" rule, and therefore not fulfilled its burden of proof. Plaintiff filed the first suit in California in order to protect its business and intellectual property interests. There are no facts to prove that the suit was in bad faith, or anticipatory, or an act of forum shopping.

Defendant relies heavily on *Z-line* to support its claim that Plaintiff's suit was anticipatory. However, *Z-line* presents facts that are disparate and distinguishable from the present case and the holding of *Z-line* does not apply here. In *Z-Line*, the defendant's counsel sent a first cease-and-desist letter to the plaintiff on June 23, 2003, alleging infringement of defendant's patents. *Z-Line Designs, Inc.*, at 664.  Both parties engaged in back-and-forth discussions, and the deadline to respond to the cease-and-desist letter was extended twice to try and facilitate a settlement. *Id*.  In a phone call on July 24, 2003, <u>defendant's counsel specifically and clearly told plaintiff's counsel that they were prepared to file an action in court and gave plaintiff a final deadline of July 30, 2003, after which they would proceed to litigation</u>. (*Emphasis added*.) *Id*.  One day prior to the deadline, Plaintiff's counsel filed a declaratory judgment action in California on July 29, 2003. *Id*. The defendant then filed its own action two (2) days later in New Jersey.  The court in *Z-line* found the plaintiff's suit to be

- 11 -

**Kansas International, Inc.'s Memorandum of Points And Authorities in Opposition to Defendant's Motion To Dismiss.**

anticipatory because "Z-Line had specific, concrete indications that a suit by Bell'O was imminent." *Id*. at 666. There, the defendant's letter stated "unequivocally that 'Bell'O is willing to take all necessary steps to fully protect its intellectual properties, including commencing an action in an appropriate United States District Court if Z-Line did not comply with…our…request." *Id*.

In contrast, the present case is not an anticipatory suit. Kansas, the true Plaintiff, filed suit in order to protect its own interests. Moreover, Defendant never presented to Plaintiff "specific and concrete indications that a suit was imminent." Defendant's first Cease and Desist letter dated May 28, 2008 does not threaten any litigation at all. (*See aforementioned letter attached as Exhibit F to the Declaration of Ronald S. Bienstock in support of Defendant's motion to dismiss*).

Defendant's correspondence dated June 9, 2008 states only that in the absence of a response from Plaintiff, Defendant "will have no choice but to take appropriate action to protect its valuable trademark rights." (*See aforementioned letter attached as Exhibit H to the Declaration of Ronald S. Bienstock in support of Defendant's motion to dismiss*). Defendant's correspondence dated June 16, 2008, also makes a similar statement. (*See aforementioned letter attached as Exhibit J to the Declaration of Ronald S. Bienstock in support of Defendant's motion to dismiss*).

Most importantly, Defendant's letter dated June 24, 2008, makes two contradictory statements. First, the letter states "we have been instructed by our client to proceed with filing an action against you." In the very next paragraph, the letter states, "If your client does not comply with the above, our client may take actions to protect its intellectual property rights." The use of the word "may" is not a specific or concrete indication that a suit by defendant is imminent. Rather, the word "may" indicates a possible action, as opposed to a definitive statement of intent. These letters therefore, do not make it clear in any way that there was an imminent threat that Defendant would file suit. If anything, it is simply a trick to scare Plaintiff with potential litigation in order to arrive at

- 12 -

**Kansas International, Inc.'s Memorandum of Points And Authorities in Opposition to Defendant's Motion To Dismiss.**

a settlement deal favorable to Defendant. (*See aforementioned letter attached as Exhibit L to the Declaration of Ronald S. Bienstock in support of Defendant's motion to dismiss*).

In *Guthy-Renker Fitness LLC v. Icon Health & Fitness, Inc.*, 179 F.R.D. 264, the court found that the defendant's communication to the plaintiff of its litigation experience was not a "concrete indication of imminent suit," but rather a "veiled threat[s] of litigation." *Id*. at 271. Similarly, Defendant's statement that it "may take action" was nothing more than a veiled threat of litigation. As such, it could not be considered a "concrete indication" that a suit by Defendant was imminent.

In *Z-Line* there was an imminent threat of litigation, which is why defendant was able to promptly file its action within two days of plaintiff's first filed anticipatory suit. Here, the Defendant was not expecting to file suit, which is why its suit was filed nineteen (19) days after Kansas first filed its action in California. The nineteen days between the two filings indicates that the defendant was not prepared to file immediately.

In its motion to dismiss, Defendant invokes the *Z-line* court's concern that if the "first-to-file rule were to be applied as a bright line rule, pre-litigation settlement negotiations would be stifled and intellectual property holders would "file suit rather than communicate with alleged infringers." See *IGUITAR's Motion to Dismiss page 9, lines 18-20*. This concern, although a legitimate one in *Z-Line*, does not apply in the present case. As is clear from all of the correspondences exchanged between both Kansas and Defendant, Kansas has never been interested in any settlement negotiations on this matter and like in *Z-Line*, never discussed extending deadlines to discuss settlement. Kansas strongly believes that it does not infringe on Defendant's mark and in order to protect its business and intellectual property interests, decided to take things into its own hands and thereby filed a first suit in California.

- 13 -

**Kansas International, Inc.'s Memorandum of Points And Authorities in Opposition to Defendant's Motion To Dismiss.**

Kansas' first filed suit in California is neither anticipatory nor in bad faith, nor an act of forum shopping. Kansas simply filed the suit to protect its business and intellectual property interests. In the absence of Defendant proving any compelling circumstances, the first filed suit must be maintained.

**3. California is the chosen venue of the true Plaintiff and the most convenient venue and therefore the court should maintain the first filed suit in California while enjoining the second filed suit in New York.**

"For the convenience of the parties, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." *28 U.S.C. § 1404(a)*. It is within the district court's discretion whether to transfer venue under section 1404(a). *Aerielle v. Monster Cable Products, Inc.,* No. 2:06-CV-352 (E.D. Texas 2007) (citing Mohamed v. Mazda Corp., 90 F.Supp. 2d 757, 768 (E.D. Tex. 2000). The goal of section 1404 "is to prevent waste of time, energy, and money and to protect litigants, witnesses, and the public against unnecessary inconvenience and expense. *Shoemake v. Union Pac. R.R. Co.*, 233 F. Supp. 2d 828, 829 (E.D. Tex. 2002). Transfer should be made on an "individualized, case-by-case consideration of convenience and fairness." *Id*. The case-specific factors that a court may apply to a motion to transfer fall into two categories of interests: (1) the convenience of the litigants and (2) the public interests in the fair and efficient administration of justice. *Id*. Some of the private factors that a court may consider include: (1) Plaintiff's choice of the forum, (2) convenience of the parties and material witnesses, (3) the place of the alleged wrong, (4) the cost of obtaining the attendance of witnesses and the availability of the compulsory process, (5) the accessibility and location of sources of proof, and (6) the possibility of delay and prejudice if transfer is granted. The public interest factors involve: (1) the administrative difficulties caused by court congestion, (2) the convenience of the parties and the

**Kansas International, Inc.'s Memorandum of Points And Authorities in Opposition to Defendant's Motion To Dismiss.**

material witnesses, (3) the unfairness of burdening citizens in an unrelated forum with jury duty, and (4) the avoidance of unnecessary problems in conflict of laws. Regardless whether the plaintiff or the defendant moves for transfer under Section 1404(a), the moving litigant seeking transfer bears the burden of demonstrating that a transfer of venue is warranted. *Mohamed v. Mazda Motor Corp.*, 90 F. Supp. 2d 757, 768 (E.D. Tex. 2000) (*citing Time, Inc. v. Manning*, 366 F.2d 690 (5th Cir.1966). To prevail, the litigant must demonstrate that the balance of convenience and justice substantially weighs in favor of transfer. *Mohamed v. Mazda Motor Corp.*, *citing Gundle Lining Construction Corp. v. Fireman's Fund Ins. Co*., 844 F. Supp. 1163, 1165 (S.D.Tex.1994).

Again, Defendant has not met its burden of proof to show that the balance of convenience and justice substantially weighs in favor of transfer from California to New York. Defendant simply states that New York is a better forum because IGUITAR is located in New York while Kansas is a foreign corporation. Defendant does not furnish any analysis on each of the factors listed above to show that a balance of convenience and justice is substantially in favor of New York as the better forum.

1. <u>The Plaintiff's choice of forum</u>: The true Plaintiff's forum of choice is California. As stated by the court in *Mohamed v. Mazda Motor Corp.*, "there is a 'strong presumption in favor of the plaintiff's choice of forum…" *Mohamed v. Mazda Motor Corp.*, *citing Robertson v. Kiamichi R.R. Co.,* 42 F. Supp. 2d 651 (E.D. Tex. 1999). Moreover, as stated in *Shoemake*, the Plaintiff's choice of forum will not be disturbed unless it is clearly outweighed by other factors. *Shoemake v. Union Pac. R.R. Co.*, 233 F. Supp. 2d 828, 830 (E.D. Tex. 2002). Defendant has not shown any factors that clearly outweigh California as the appropriate forum for this case. The court should therefore, preserve the first filed suit in California.

**Kansas International, Inc.'s Memorandum of Points And Authorities in Opposition to Defendant's Motion To Dismiss.**

2. <u>Convenience of the parties and material witnesses</u>: Kansas is a small Hong Kong based company in the business of selling musical instruments. Wilbur Chan is the President of Kansas and he is also solely and personally in charge of all of the finance, operation, sale, marketing, advertising, and other business related activities of Kansas. *See Declaration of Wilbur Chan in Support of Kansas' Opposition to Defendant's motion to dismiss..* There are no other managers, executives, shareholders, directors, or partners who are responsible for the every-day operation and management of Kansas. *Id.* As a result, it is very difficult for Mr. Chan to leave Hong Kong and stay away from his business for extended periods of time. *Id.* In the event that he has to come to the United States to litigate and maintain Kansas' lawsuit against Defendant, it will be more convenient for Mr. Chan to travel to California, than have to travel all the way to New York. From Hong Kong, there are multiple direct flights to California, the duration of the flight is shorter in comparison, and most importantly, the time difference between California and Hong Kong is more conducive for conducting business. *Id.* Mr. Chan is also most familiar with California because of his travels to the State to meet with Kansas' attorneys. Another key witness to this case is Ms. Maggie Chen, an employee of Kansas. In her capacity as Mr. Chan's secretary, Ms. Chen also finds it most convenient to travel to California. Additionally, one of the major vendors for the i-Guitar@burswood guitars is headquartered in Texas and since Texas is closer to California, it is most convenient for all of Kansas' potential witnesses from this vendor company to attend litigation procedures in California.

3. <u>The place of alleged wrong</u>: We are dealing with a trademark infringement case arising under the trademark laws of the United States. As such, California, and specifically, the District Court for the Northern District of California has jurisdiction to adjudicate this matter. See Kansas' Complaint, page 2, lines 22-28. Kansas, being a small business, does not have an office in California. However, Kansas operates by establishing business relationships with U.S. vendors and retail stores

INTELLECTUAL PROPERTY LAW GROUP LLP
12 South First Street, Twelfth Floor
San Jose, California 95113

**Kansas International, Inc.'s Memorandum of Points And Authorities in Opposition to Defendant's Motion To Dismiss.**

and ships its products via shipping companies to vendors and retail stores to distribute Kansas' products in the U.S. See Declaration of Wilbur Chan in Support of Kansas' Opposition to Defendant's motion to dismiss. The port of entry of all of Kansas' shipped products is Long Beach, California, or Oakland, California. *See Exhibit A to the Declaration of Wilbur Chan in Support of Kansas' Opposition to Defendant's motion to dismiss for various Bills of Lading.* Once the products arrive in Long Beach, or Oakland, they are then transported to different locations within the United States. *See Exhibit A to the Declaration of Wilbur Chan.* In the normal course of business, Kansas usually ships its products into the U.S. approximately ten (10) times in a year. Id. Kansas has no such connection with New York. Kansas' distributors and retailers sell Kansas' products worldwide, including California. California is therefore one of the places of alleged wrong.

    4. <u>Cost of obtaining the attendance of witnesses</u>: As explained above, Kansas' key witness, Mr. Wilbur Chan is based in Hong Kong. Another of Kansas' witness, Ms. Chen, is also based in Hong Kong. California, being closer and more accessible from Hong Kong, is the most cost effective place for Kansas to maintain suit. Kansas' major vendor relating to this case is based in Texas and it is definitely cheaper to fly key witnesses to and from Texas to California as compared to New York. Furthermore, Kansas's attorneys are based in California and it will be extremely burdensome for Plaintiff to maintain suit in New York and provide for the travel and maintenance of its litigation team in New York for the length of the suit.

    5. <u>Accessibility and location of sources of proof</u>: As mentioned above, Kansas is based in Hong Kong and at least two of the key witnesses are based in Hong Kong. It is most convenient to transport all documents and other related effects from Hong Kong to California. Since Kansas' attorneys are based in California, all the legal documents and related effects are already in California.

**Kansas International, Inc.'s Memorandum of Points And Authorities in Opposition to Defendant's Motion To Dismiss.**

6. <u>Possibility of delay and prejudice if transfer is granted</u>: Kansas filed this suit to protect its business and intellectual property rights. Kansas is anxious to ensure that the declaratory judgment action proceed as early as possible. In the interest of efficiency, the suit should be allowed to proceed in California where it was first filed.

In addition to these private factors, the public factors are also in Plaintiff's favor.

1. <u>The administrative difficulties caused by court congestion</u>: Any administrative difficulties caused by court congestion is the same regardless of whether the suit is maintained in California or New York and therefore there is no evidence that weighs more in favor of New York.

2. <u>The convenience of the parties and the material witnesses</u>: See above for detailed analysis.

3. <u>The unfairness of burdening citizens in an unrelated forum with jury duty</u>: Similar to the situation in *Aerielle v. Monster Cable Products, Inc.,* Kansas sells its products across the country and especially in California. California is also the first port of entry for all of Kansas' products shipped into the United States. The citizens of California therefore, have an interest in the maintenance and the outcome of this suit.

4. <u>The avoidance of unnecessary problems in conflict of laws</u>: Federal laws governs trademark infringement cases and California is more than adept at handling any and all matters of complex federal law.

As seen above, the public factors and the private factors are in favor of California as the most convenient forum for maintenance of this suit. Moreover, Defendant has not made any showing of evidence to prove that convenience and justice substantially favor New York as the most convenient forum. The Court should therefore allow Plaintiff Kansas to proceed with its first filed suit in California and should enjoin the second filed suit in New York.

**Kansas International, Inc.'s Memorandum of Points And Authorities in Opposition to Defendant's Motion To Dismiss.**

## **CONCLUSION**

Kansas filed the first suit in California to protect its Intellectual property and Business rights. Under the "first-to-file" rule, a court should honor the true Plaintiff's forum of choice, especially when there are no facts to indicate that Plaintiff acted bad faith or indulged in forum shopping. Moreover, since California is the most convenient forum for Plaintiff to maintain suit against Defendants, the lawsuit filed in California must be preserved.

Thus, Defendant Iguitar, Inc.'s motion to dismiss must be summarily denied, and Defendant Iguitar, Inc.'s filed action in New York must be dismissed.

Dated: June 27, 2008

INTELLECTUAL PROPERTY LAW GROUP LLP


By:_____
    Otto O. Lee
    John V. Mejia
    Margaux A. Aviguetero
    Kavya Mohankumar
    Intellectual Property Law Group LLP
    12 S. First St., 12th Floor
    San Jose, California 95113
    Tel: (408) 286-8933
    Fax: (408) 286-8932
    olee@iplg.com
    jmejia@iplg.com
    maviguetero@iplg.com
    kmohankumar@iplg.com

    Attorneys for Plaintiff
    Kansas International Ltd.

INTELLECTUAL PROPERTY LAW GROUP LLP
12 South First Street, Twelfth Floor
San Jose, California 95113

**Kansas International, Inc.'s Memorandum of Points And Authorities in Opposition to Defendant's Motion To Dismiss.**

**CERTIFICATE OF SERVICE**

I certify that on August 20, 2008, the foregoing document was filed electronically in compliance with Civil Local Rule 5-4 and General Order 45.

                                                 /s/ John V. Mejia_____
                                                 John v. Mejia

INTELLECTUAL PROPERTY LAW GROUP LLP
12 South First Street, Twelfth Floor
San Jose, California 95113

**Kansas International, Inc.'s Memorandum of Points And Authorities in Opposition to Defendant's Motion To Dismiss.**