John Karl Buche (SBN 239477)
BUCHE & ASSOCIATES, P.C.
875 Prospect Street, Suite 305
La Jolla, California 92037
Phone: (858) 812-2840
Facsimile: (858) 392-9262
Email: jbuche@westerniplaw.com

Attorneys for Defendant,
IGUITAR, INC.

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| KANSAS INTERNATIONAL LTD, a Hong Kong Corporation, <br><br> Plaintiff, <br><br> v. <br><br> BRIAN MOORSE CUSTOM GUITARS, INC., a corporation form unknown, and IGUITAR, INC., a Delaware Corporation, <br><br> Defendants. | Case No. C 08-03120-PJH <br><br> **DEFENDANT IGUITAR, INC.'S REPLY TO PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT IGUITAR'S MOTION TO DISMISS** <br><br> Judge: Hon. Phyllis J. Hamilton <br> Date: Wednesday, September 10, 2008 <br> Time: 9:00 a.m. <br> Place: 17th Floor, Courtroom 3 <br>         Federal Building <br>         450 Golden Gate Avenue <br>         San Francisco, CA 94102. |

## **INTRODUCTION**

Defendant IGUITAR, Inc. ("IGI"), having moved pursuant to Fed. R. Civ. P. 12(b) and 28 U.S.C. § 1404(a) for an order staying or dismissing the present action so that the natural action pending in the United States District Court for the Southern District of New York (Civil Action No. 08-CV-6365) (the "Natural Action") between the same parties and regarding the same facts and issues can proceed, and in reply to plaintiff Kansas International Ltd.'s ("Kansas") Memorandum of Points and Authorities in Opposition to Defendant's Motion to Dismiss ("Plt. Memo"), submits the following response.

## ARGUMENT & AUTHORITIES

**I. SINCE KANSAS ADMITS THERE WAS NO THREAT OF IMMEDIATE LITIGATION, IT LACKS STANDING TO BRING AN ACTION FOR DECLARATORY RELIEF, AND THUS, THIS COURT LACKS JURISDICTION OVER ALL ISSUES IN THIS CASE**

In addition to the reasons stated in IGI's Motion to Dismiss, this case should be dismissed because, by its own admission, Kansas did not have a real and reasonable apprehension that it was subject to pending litigation. In its opposition, Kansas states, "[a]t no time during these correspondences did Kansas believe that there was an imminent threat of litigation from defendant." Plt. Memo at 5. As a result, Kansas cannot bring an action for declaratory judgment. It follows that without the declaratory judgment cause of action, this Court is without jurisdiction to cancel IGI's trademark. Finally, in the absence of any federal question, this Court cannot assert supplemental jurisdiction as to the common law and state law claims.

**A. Kansas Has No Standing to Bring an Action for Declaratory Relief Because it Admits It Had No Reasonable Apprehension of Litigation with IGI**

Courts may adjudicate only actual cases or controversies. U.S. CONST. art. III, § 2, cl.1. Absent a true case or controversy, a complaint for declaratory relief will fail for lack of jurisdiction. *See Fleck and Assoc., Inc. v. Phoenix, an Arizona Mun. Corp.,* 471 F.3d 1100, 1103-04 (9th Cir. 2006) (Court noting, in a declaratory relief action, that a true "case or controversy" is required to withstand a Rule 12(b)(1) motion for lack of jurisdiction).

The Ninth Circuit has held:

> An action for a declaratory judgment that a patent or trademark is invalid, or that the plaintiff is not infringing, presents a case or controversy *if the plaintiff has a real and reasonable apprehension* that he will be subject to liability if he continues to manufacture his product.

*Rhoades v. Avon Products, Inc.,* 504 F.3d 1151, 1157 (9th Cir. 2007), citing *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.,* 896 F.2d 1542, 1555-56 (9th Cir.1990) (internal quotation marks, alterations, and citations omitted).

Kansas now admits that **"*[a]t no time during these correspondences did Kansas believe***

*that there was an imminent threat of litigation from defendant.*" Plt. Memo at 5 (emphasis added). This statement is in direct contradiction of Kansas' complaint which states that IGI's "conduct has placed Kansas under a reasonable apprehension *that Kansas will be sued* for infringement of trademark rights" by IGI. Complaint at ¶ 34 (emphasis added).

If Kansas' new found position, *i.e.*, of having no apprehension of litigation, is to be believed, then there is no case or controversy[1] under 28 U.S.C. § 2201 and, therefore, this Court lacks jurisdiction in this matter. Rendering a judgment in that circumstance would be an unconstitutional advisory opinion in violation of United States Constitution, Article III, Sec. 2, cl.1. Accordingly, this case should be dismissed pursuant to Federal Rules of Civil Procedure, Rule 12(b)(1).

### B. Absent the Claim for Declaratory Judgment, This Court is Without Jurisdiction to Cancel IGI's Trademark

It is well-settled that a district court cannot maintain jurisdiction on a cancellation of a trademark alone. *Postal Instant Press v. Clark*, 741 F.2d 256, 257 (9th Cir. 1984) ("[t]he mere existence of the protected trade name and attendant symbol herein does not provide a basis for federal jurisdiction.); *Windsurfing Intern. Inc. v. AMF Inc.*, 828 F.2d 755, (Fed.Cir. 1987) (district court was without jurisdiction to cancel trademark where declaratory judgment claim was dismissed for failure to present a case or controversy). As this Court would not have jurisdiction under the declaratory judgment claims, it cannot assert jurisdiction pursuant to 15 U.S.C. §§1119, 1121 or 28 U.S.C. §§1331, 1338, and must therefore dismiss the action in its entirety.

### C. In the Absence of Any Federal Question, This Court Lacks Supplemental Jurisdiction as to the Common Law and State Law Claims, and Must Dismiss the Action in its Entirety

Finally, absent jurisdiction pursuant to 28 U.S.C. §§2201-2202 or the Lanham Act, this Court does not have supplemental jurisdiction over the remaining state and common law claims pursuant to 28 U.S.C. §1367. Accordingly, Kansas' complaint should be dismissed in its

---

[1] IGI believes that Kansas has committed trademark infringement, and other related claims, and has accordingly filed the Natural Action in the Southern District of New York.

- 3 -

*Case No. C 08-03120-BZ*
**DEFENDANT'S REPLY TO PLAINTIFF'S MEMORANDUM OPPOSING DEFENDANT'S MOTION TO DISMISS**

entirety. Conversely, ¶34 of the Complaint, in which Kansas claims it did fear a lawsuit, only further proves that Kansas' filing was anticipatory and should be also dismissed as such.

## II. THE TIME BETWEEN THE FILING OF KANSAS' ACTION FOR DECLARATORY JUDGMENT AND IGI'S LAWSUIT IN NEW YORK IS REASONABLE

The nineteen day gap between Kansas' filing of this case and IGI's filing of the Natural Action is irrelevant to the finding that Kansas' filing was anticipatory. Kansas argues that the nineteen days that passed between the filing of Kansas' complaint and the filing of IGI's "indicates that [IGI] was not prepared to file immediately." Plt. Memo at 13. Immediate filing is not a requirement under the anticipatory filing exception and a nineteen day gap is well within the timing allowed for the exception.

"A suit is anticipatory when the plaintiff filed upon receipt of specific, concrete indications that a suit by defendant was *imminent*." *Z-Line Designs, Inc. v. Bell'O Intern., LLC*, 218 F.R.D. 663, 665 (N.D. Cal. 2003) (emphasis added, internal citations omitted). There is no requirement, nor has Kansas presented one case that states otherwise, that the true plaintiff's complaint must be *immediately* filed. Contrary to Kansas' argument, in *Xoxide, Inc. v. Ford Motor Co*., 448 F.Supp.2d 1188 (C.D. Cal. 2006), plaintiff, in response to a cease and desist letter sent by the defendant, filed a declaratory judgment complaint on April 3, 2006. *Id*. at 1189. After being served with plaintiff's complaint, the defendant filed its complaint in a different district court on May 16, 2006, a full *forty-three day gap*. *Id*. The *Xoxide* court ignored the gap and dismissed plaintiff's complaint as an anticipatory filing, allowing the second filed case to continue. *Id*. Clearly where as in this case, the delay was less than *half* of the time allowed in *Xoxide*, a similar result should follow and the court should dismiss the declaratory judgment action in California to let the New York action proceed.

Federal courts have declined jurisdiction when considerably more time has passed than in this case after the filing of a declaratory relief action. *See, e.g., Transamerica Occidental Life Ins. Co. v. DiGregorio*, 811 F.2d 1249, 1251 (9th Cir. 1987) (suit filed approximately one month later). In fact, at least one court has dismissed a declaratory relief action when the true plaintiff's suit had not yet been filed. *Gribin v. Hammer Galleries*, 793 F.Supp. 233, 234 (C.D.

Cal. 1992). Accordingly, this case should likewise be dismissed as an improper anticipatory filing.

### III. KANSAS' ARGUMENT IN OPPOSITION TO IGI'S MOTION TO DISMISS DEMONSTRATES THAT KANSAS WAS ENGAGED IN FORUM SHOPPING

Kansas, in its opposition to IGI's motion, demonstrates that its filing in this Court was pure forum shopping. Kansas argues that California is a more convenient venue for Kansas. Plt. Memo at 14 – 18. In support of this assertion, Kansas provides the following reasons:

1. "It will be more convenient for Mr. Chan[2] to travel to California, than have to travel all the way to New York." *Id*. at 16;
2. "From Hong Kong, there are more direct flights to California, the duration of the flight is shorter in comparison, and, most importantly, the time difference between California and Hong Kong is more conductive for conducting business." *Id*.;
3. Maggie Chen, "[i]n her capacity as Mr. Chan's secretary, also finds it more convenient to travel to California." *Id*.;
4. It is more convenient for witnesses from a Texas vendor of Kansas to travel to California. *Id*.;
5. It would be cheaper for Kansas to fly these witnesses to California. *Id*. at 17;
6. "Kansas' attorneys are based in California and it will be extremely burdensome for [Kansas] to maintain suit in New York and provide for the travel and maintenance of its litigation team in New York for the length of the suit." *Id*.

These statements by Kansas clearly demonstrate that Kansas' anticipatory filing is nothing but forum shopping motivated by its own convenience. Accordingly, the Court should dismiss this case

---

[2] "Wilbur Chan is the President of Kansas and he is solely and personally in charge of all of the finance, operation, sale, marketing, advertising and other business related activities of Kansas." Plt. Memo at 16.

## IV. KANSAS' BRIEF IN OPPOSITION TO IGI'S MOTION TO DISMISS SHOULD BE STRICKEN FOR FAILURE TO COMPLY WITH FED. R. CIV P. 11(A)

Finally, counsel for Kansas failed to sign Plt. Memo, and thus, pursuant to Federal Rules of Civil Procedure, Rule 11(a), it should be stricken. Under Federal Rules of Civil Procedure, Rule 11(a), "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name." Rule 11(a) further states that "[t]*he court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention.*" (Emphasis added).

Although four separate attorneys are listed as submitting Plaintiff's Memo[3], no one signed the document. Accordingly, the Court should strike Plaintiff's Memo.

## **CONCLUSION**

For the foregoing reasons, and the reasons stated in IGI's Motion to Dismiss Pursuant to F.R.C.P. 12(B) and 28 U.S.C. §1404(a), the instant case should be dismissed so that the Natural Action pending in the Southern District of New York can proceed.

Respectfully submitted,

/s/ John Karl Buche
John Karl Buche (SBN 239477)
BUCHE & ASSOCIATES, P.C.

and

Ronald S. Bienstock (*Pro Hac Vice Applicant*)
BIENSTOCK & MICHAEL, P.C.
250 West 57th Street
Suite 808
New York, New York 10107
Tel 212.247.0848
Fax 212.247.0910
Ronald.Bienstock@musicesq.com

Attorneys for Plaintiff
IGUITAR, INC.

---

[3] Plaintiff's Memo is dated June 27, 2008, *a full 21 days before IGI even filed its Motion to Dismis*s.

- 6 -

*Case No. C 08-03120-BZ*
**DEFENDANT'S REPLY TO PLAINTIFF'S MEMORANDUM OPPOSSING DEFENDANT'S MOTION TO DISMISS**

**CERTIFICATE OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF SAN DIEGO

I am employed in the County of San Diego, State of California. I am over the age of 18 and not a party to the within action; my business address is 875 Prospect Street, Suite 305, La Jolla, CA 92037.

On Wednesday, August 27, 2008, I served the foregoing document described as: **DEFENDANT IGUITAR, INC.'S REPLY TO PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT IGUITAR'S MOTION TO DISMISS** on the parties in this action by serving:

**(X) By Envelope** - by placing ( ) the original (**X**) a true copy thereof enclosed in sealed envelopes addressed as above and delivering such envelopes:

> OTTO O. LEE
> JOHN V. MEJIA
> MARGAUX A. AVIGUETERO
> KAVYA MOHANKUMAR
> INTELLECTUAL PROPERTY LAW GROUP LLP
> 12 South First Street, Twelfth Floor
> San Jose, California 95113
> Telephone: (408) 286-8933
> Facsimile: (408) 286-8932

**(X) By Mail**: As follows: I am "readily familiar" with this firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at La Jolla, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

**(X) BY ECF** in the United States District Court for the Northern District of California

Executed on August 27, 2008 at La Jolla, California.

**(X) FEDERAL** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

*/s/ John K. Buche*