UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KANSAS INTERNATIONAL LTD,

    Plaintiff,

    v.

BRIAN MOORE CUSTOM GUITARS, INC., and IGUITAR, INC.

    Defendants.
_____/

No. C 08-3120 PJH

**ORDER DENYING MOTION TO DISMISS AND TRANSFERRING CASE**

    Defendant's motion to dismiss the declaratory judgment action against it came on for hearing before this court on September 10, 2008. Plaintiff Kansas International ("plaintiff") appeared through its counsel, John Mejia and Margaux Aviguetero. Defendants Brian Moore Custom Guitars, Inc. and Iguitar Inc. ("Defendants") appeared through their counsel, John Karl Buche. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby DENIES defendant's motion to dismiss but transfers the case to the district court in the Southern District of New York for the reasons stated at the hearing, and summarized as follows.

    1.    When applying the first-to-file rule, the court has broad discretion to "transfer, stay or dismiss an action" when another complaint has been filed in another federal court involving the same parties and related issues. Z-Line Designs, Inc. v. Bell'O Int'l LLC, 218 F.R.D. 663, 665 (N.D.Cal. 2003). See also Alltrade, Inc. v. Uniweld Products, Inc., 946 F.2d 622, 628 (9th Cir. 1991). The first-to-file rule generally favors the forum of the first-filed action. In this case, that forum is California, and the rule would normally dictate that this court exercise jurisdiction. However, the court may depart from this rule when the first-filed action is an anticipatory suit. See Alltrade, 946 F.2d at 628; Z-Line, 218 F.R.D. at 665 (A suit is anticipatory if it is "filed upon receipt of specific, concrete indications that a suit by defendant is imminent."). Here, and after considering all of the circumstances and the

totality of the correspondence between the parties, the court finds that this declaratory judgment action was filed in anticipation of the lawsuit filed several weeks later in New York, justifying a departure from the first-to-file rule.

2.  Notwithstanding this finding, the court is not persuaded that the instant action should be dismissed as requested by defendant. For although there are now two actions pending in the district courts in the Northern District of California and the Southern District of New York, neither action will dispose of all claims in the other. Accordingly, the court DENIES defendant's motion to dismiss. However, as both actions arise out of the same relationship between the same parties and are based on the same facts, both should be before the same court. Accordingly, the court finds that transfer is more appropriate than either dismissal or stay of the California action, and in the interest of judicial efficiency, ORDERS that this action be TRANSFERRED to the Southern District of New York. See 28 U.S.C. § 1404 (In the interest of justice, district courts have discretion to transfer any civil action to any other district where the action might have been brought.).

**IT IS SO ORDERED.**

Dated: September 12, 2008

_____
PHYLLIS J. HAMILTON
United States District Judge